LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
DAVID L. NEALE (DN 1948/CA State Bar No. 141225)
BETH ANN R. YOUNG (CA State Bar No. 143945)
MICHELLE S. GRIMBERG (CA State Bar No. 217327)
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:    (310) 229-1234
Facsimile:    (310) 229-1244

Attorneys for Defendant Sidney B. Dunmore

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | :  08 CV 1817 [JSR] |
| | : |
| Plaintiff, | **NOTICE       OF        COURT** |
| | :  **CONFERENCE,    CIVIL    CASE** |
| - against - | **MANAGEMENT    PLAN    AND** |
| | :  **INDIVIDUAL       RULES       OF** |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, | **PRACTICE   OF   HON.   JED   S.** |
| and DHI DEVELOPMENT f/k/a DUNMORE | :  **RAKOFF** |
| HOMES, LLC, | |
| | : |
| Defendants. | |
| | : |

**TO ALL PARTIES OR THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on or about February 29, 2008, the above-referenced Court issued and filed a Notice of Court Conference, Civil Case Management Plan and Individual Rules of Practice of Hon. Jed. S. Rakoff, true and correct copies of which are attached hereto as Exhibit "A".

Respectfully submitted,

Dated: February 29, 2008

LEVENE, NEALE, BENDER, RANKIN &
BRILL L.L.P.

By: _____ /s/ David L. Neale _____
David L. Neale
Beth Ann R. Young
Michelle Sharoni Grimberg
Attorneys for Defendant Sidney B. Dunmore

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Effective May 22, 2006

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Taberna Capital Management, L.L.C.

Plaintiff(s),

**NOTICE OF COURT CONFERENCE**

-v-

**08 Civ. 1817 (JSR)**

Sidney B. Dunmore
Michael Kane
DHI Development

Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: _2 - 29-08_

To:  The Attorney(s) for Defendant **Sidney B. Dunmore**:

The Honorable Jed S. Rakoff, U.S.D.J. has ordered that counsel for all parties attend a conference, at the time and place fixed below, for the purpose of case management and scheduling pursuant to Fed. R. Civ. P. 16. You are directed to furnish all attorneys in this action with copies of this notice and enclosures, and to furnish Chambers with a copy of any transmittal letter(s). If you are unaware of the identity of counsel for any of the parties, you should send a copy of the notice and rules to that party personally, informing the party that any unrepresented party is required to appear at the conference in person. **Finally, upon receipt of this notice, please immediately furnish Chambers with a courtesy copy of your complaint and F.R.C.P. Rule 7.1 Statement, if applicable.**

        **DATE AND PLACE OF CONFERENCE: MARCH 14, 2008**, AT THE UNITED STATES COURTHOUSE, 500 PEARL STREET, NEW YORK, N.Y. IN COURTROOM 14-B AT **3:30 p.m.**

        **No application for adjournment will be considered unless made within one week of the date of this notice. The fact that any party has not answered the complaint does not excuse attendance by that party or warrant any adjournment of the conference.**

        No later than one week prior to the conference, the parties shall furnish the Court with a written report of their agreements or disagreements regarding planning of discovery pursuant to Fed. R. Civ. P. 26(f). Enclosed is a form (Form D) for a Case Management Plan that the parties may utilize in making this report. In the absence of agreement, the Court, after hearing from counsel, will order a Case Management Plan and schedule at the conference. Absent extraordinary circumstances, the Plan shall provide that the case be ready for trial within five months of the date of the conference.

        In addition to the matters covered in Form D, counsel should also be prepared to address at the conference the factual and legal bases for their claims or defenses, any issue as to subject matter jurisdiction, and any other issue relevant to case management.

        SO ORDERED.

_Jed S. Rakoff_
JED S. RAKOFF
U.S.D.J.

DATED:   New York, New York
        _2- 29-08_            .

Revised Form D—For cases assigned to Judge Rakoff          Effective March 29, 2004
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
**Taberna Capital Management, L.L.C.**
　　　　　　　　　Plaintiff(s),　　　　　　　　　CIVIL CASE MANAGEMENT PLAN
　　　　　　　　　　　　　　　　　　　　　　　　　　(JUDGE RAKOFF)

　　　　-v-
　　　　　　　　　　　　　　　　　　　　　　　　**08 Civ. 1817 (JSR)**

**Sidney B. Dunmore**
**Michael Kane**
**DHI Development**
　　　　　　　　　Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**This Court requires that this case shall be <u>ready for trial</u> on
<u>AUGUST 14, 2008</u>.**

　　　　After consultation with counsel for the parties, the following Case Management Plan is adopted.
This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.　　The case (<u>is</u>) (is not) to be tried to a jury. [Circle as appropriate]

B.　　Joinder of additional parties must be accomplished by _____.

C.　　Amended pleadings may be filed without leave of Court until _____.

D.　　Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

　　　　1.　<u>Documents.</u>  First request for production of documents, if any, must be served by
_____. Further document requests may be served as required, but no document
request may be served later than 30 days prior to the date of the close of discovery as set forth in item
6 below.

　　　　2.　<u>Interrogatories.</u>  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern
District of New York must be served by _____. No other interrogatories are
permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories
need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

　　　　3.　<u>Experts.</u>  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-
party claim) that intends to offer expert testimony in respect of such claim must make the disclosures
required by Fed. R. Civ. P. 26(a)(2) by _____. Every party-opponent of such
claim that intends to offer expert testimony in opposition to such claim must make the disclosures
required by Fed. R. Civ. P. 26(a)(2) by _____. No expert testimony (whether
designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the
opinions covered by the aforesaid disclosures except upon prior express permission of the Court,
application for which must be made no later than 10 days after the date specified in the immediately
preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time
limit for all depositions set forth below</u>.

4.  <u>Depositions.</u>  All depositions (<u>including any expert depositions, see item 3 above</u>) must be completed by _____.  Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.  <u>Requests to Admit.</u>  Requests to Admit, if any, must be served by _____ [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6.  All discovery is to be completed by _____.  Interim deadlines for items 1–5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.  Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed <u>no later than one week following the close-of-discovery date (item D-6 above)</u> and provided that the moving papers are served by _____, answering papers by _____, and reply papers by _____ [the last of these days being no later than six weeks following the close of discovery].  Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served.  Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F.  A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date.  The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.  All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:  New York, New York

_____.

Effective 2/8/05

**INDIVIDUAL RULES OF PRACTICE**
**HON. JED S. RAKOFF**

Chambers
Room 1340
United States Courthouse
500 Pearl Street
New York, NY 10007
(212) 805-0401

Courtroom
Room 14-B
United States Courthouse
500 Pearl Street
New York, NY 10007
(212) 805-0129

1. **Written Communication**

Correspondence with the Court, and copying the Court on correspondence with others, is strictly forbidden, except as specifically authorized by these rules or expressly requested by the Court. All communications with Chambers must be by means of joint telephone calls, as described in Rule 2, infra.

2. **Oral Communication; Motions and Applications**

(a) No ex parte communication with Chambers is permitted except for those limited applications in criminal cases expressly permitted by statute to be made ex parte. Counsel for all affected parties must be on the line whenever a telephone call to Chambers is placed; however, all similarly situated parties may, if they wish, designate a "lead" counsel to represent them on any such call. The Judge and/or his clerks are normally available to receive telephone calls between 8:00 a.m. and 9:00 p.m. If all lines are busy, an answering machine will pick up the call. Any message left on the Chambers answering machine or with Chambers staff must include the docket number of the case and the names and telephone numbers of all participating counsel.

(b) In order to bring on any contemplated motion or application of any kind whatever, excepting only a motion for admission pro hac vice (which may be filed without prior authorization) or the ex parte criminal applications referred to

1

in the preceding paragraph, counsel for all affected parties must
jointly call Chambers in the manner prescribed above. No party
will ever be denied the right to make a motion permitted by law;
but if the Court determines that the matter can be resolved
telephonically, it will hear the application or motion
immediately and issue a ruling then or shortly thereafter
(orally, or, if so requested by counsel, in writing). If,
conversely, the matter requires motion papers and/or in-court
argument, a schedule for same will be determined at the time of
the call. In criminal cases, telephonic conferences will be
limited to scheduling except upon prior consent of defendants.

(c) If counsel for any party seeks to convene a call to
Chambers, counsel for all other affected parties are expected to
make themselves available for such a call within 24 hours of the
request. If, after successive attempts, counsel for any affected
party is unavailable for the call, or if one of the parties is an
incarcerated person proceeding pro se, the initiating party may
then send Chambers and all affected counsel a letter, not to
exceed two double-spaced pages, describing the efforts made to
convene a conference call and briefly describing the proposed
motion or application. In such a case, per Rule 1, supra, no
reply or other correspondence is permitted, but a conference with
the Court will be promptly arranged.

(d) Where motion papers are necessary, counsel for the
moving party, following the scheduling of the motion, shall file
a short Notice of Motion setting forth a one-sentence
description of the motion, the schedule for service and filing
of the various parties' papers, and the date and time of oral
argument as set by the Court. Motion papers shall consist of
moving papers, answering papers, and the moving party's reply
papers. Any legal memoranda must include a table of
authorities, arranged alphabetically, with case citations
including accurate pin or jump citations. Each party must file
its respective papers with the Clerk of the Court on the same

2

date that such papers are served.  Additionally, on the same
date that reply papers are served and filed, counsel for the
parties must arrange to deliver a courtesy non-electronic hard
copy of the complete set of papers to the Courthouse for
delivery to Chambers.

(e) Unless otherwise specified by the Court, any memorandum
of law submitted with the moving papers or the answering papers
on any motion is limited to 25 double-spaced pages, and the
reply memorandum is limited to 10 double-spaced pages.  Both the
text and footnotes in such memoranda of law must be in 12 point
type on 8½ by 11 inch paper (or the electronic equivalent).
<u>With respect to motions for summary judgment, Local Civil Rule
56.1 will be strictly enforced</u>.

3.    **Initial Conferences and Civil Discovery**

(a)  <u>In civil cases</u>, an initial conference will be held no
later than six weeks after filing of the Complaint (and often
earlier) regardless of whether issue has been joined.
Immediately upon receipt of the Notice of Court Conference,
plaintiff's counsel must furnish the Court with a courtesy copy
of the Complaint.

(b)  No later than one week prior to the initial
conference, the parties to a civil case must furnish the Court
with a written report of their agreements or disagreements
regarding case management and discovery, in a form corresponding
to the Court's Case Management Order Form (Form D).  In
formulating their case management plan, the parties should bear
in mind that all discovery and post-discovery motion practice
must be completed prior to the trial-ready date set by the
Court, which will appear on the Form D furnished to the parties
along with the notice of the initial conference.
Interrogatories are limited to those authorized by Local Civil
Rule 33.3(a), and no deposition may extend beyond one business
day without prior leave of the Court.  At the initial

3

conference, the Court will issue a binding Case Management Order
that, in most cases, will require the case to be ready for trial
within five months of the date thereof.

      (c)  <u>In criminal cases</u>, an initial conference will be held
promptly after arraignment.  At this conference, the Court will
set a schedule for the completion of discovery and the filing of
any motions.  Where motions are permitted, the length and format
of any memoranda of law must be in accordance with Rule 2(e),
<u>supra</u>.

**4.    <u>Trial-Pending Exchanges and Pretrial Orders in Civil Cases</u>**

      The trial-pending exchanges among the parties mandated by
Fed. R. Civ. P. 26(a)(3) shall be strictly enforced, except that
the disclosures prescribed therein may be made 21 (instead of
30) days before trial.  In addition, in <u>all</u> civil cases, the
parties shall jointly file with the Court, <u>no later than one</u>
<u>week prior to trial</u>, a proposed <u>Pretrial Consent Order</u>  (plus a
courtesy non-electronic hard copy of same for submission to
Chambers) consisting of the following items:

      (a)  A statement of the facts and other matters on which
the parties agree.

      (b)  A particularized description of each party's remaining
claims, counterclaims, cross-claims, or third-party
claims (failure to specify which will be deemed a
waiver).

      (c)  In a jury case, each party's specific contentions as
to the facts that are disputed.  In a non-jury case,
each party's proposed findings of fact and conclusions
of law.

      (d)  A particularized statement of the damages claimed,
including amounts, for each claim, counterclaim,
cross-claim, or third-party claim.

      (e)  A list of the names of the witnesses (both fact
witnesses and expert witnesses) that each party

intends to call, in the likely order of appearance.
This should be a final and binding list, without
qualifications or reservations.  A witness whose name
appears on the list of more than one party will
testify only once but may be examined at that time by
all parties on all relevant matters.

(f)    A list of all exhibits to be offered by each party,
and particularized objections thereto noted in
accordance with Fed. R. Civ. P. 26(a)(3).

(g)    A final estimate of the length of trial (assuming a
typical trial day of 9:00 a.m. to 5:00 p.m., Monday
through Friday).

**5.    Pretrial Exchanges In Criminal Cases**

Each of the parties in a criminal case must deliver to the
Courthouse mailroom for delivery directly to Chambers <u>at least
three business days before trial</u>: (a) a list of the witnesses
that the party expects to call, in the likely order of
appearance, and (b) a courtesy copy of the exhibits that the
party expects to offer on its direct case.  Except for good
cause shown, these same materials must also be served on all
other parties at least two business days before trial.

**6.    Trial Exhibits and Deposition Transcripts In Civil Cases**

In all civil cases, a courtesy copy of each party's pre-
marked trial exhibits (with plaintiff's exhibits marked by
<u>numbers</u> and defendant's exhibits maked by <u>letters</u>) must be
delivered to the Courthouse mailroom for delivery directly to
Chambers <u>at least three business days before trial</u>.  At the same
time, the parties shall deliver to the Courthouse mailroom for
delivery directly to Chambers marked-up copies of the portions
of transcripts of depositions intended to be read into evidence,
with particularized objections noted thereon in accordance with
Fed. R. Civ. P. 26(a)(3).

7.    **Proposed Jury Charges**

In all jury cases, <u>whether civil or criminal</u>, proposed jury charges must be submitted to the Court <u>at least one week prior to trial</u>.  Any proposed jury charges submitted thereafter will not be considered by the Court, except upon a showing that the proposed charge relates to an issue that could not reasonably have been expected to arise at trial.

8.    **Proposed Voir Dire Requests**

In all jury cases, <u>whether civil or criminal</u>, proposed voir dire requests must be submitted to the Court <u>at least three business days before the start of jury selection</u>.  In both civil and criminal cases, the jury will be selected by the traditional "jury box" method.

9.    **Motions in Limine**

After a trial date is set, any party may, without further leave of Court, serve a motion directed at limiting the proof at trial, provided the motion is served upon all parties by <u>no later than two weeks prior to trial</u>.  All such motions in limine, and any opposition thereto, must be submitted to the Court <u>at least one week prior to trial</u>.  Such motions will normally be resolved by the Court on the morning of the first day of trial.

10.    **Stipulations of Settlement and Discontinuance**

No adjournments will be granted on the grounds of settlement unless the parties have submitted to Chambers a stipulation or letter on behalf of all parties affirming that the case has been finally settled and that the Court may dismiss the case with prejudice.  Except for good cause shown, no such stipulation shall be accepted that provides for re-opening of the case more than 30 days after dismissal or that provides for the Court to retain jurisdiction for more than 30 days following

dismissal except to enforce injunctive relief.

## 11.  Summations in Civil Cases

In all civil trials, plaintiff's counsel will sum up first, followed by defendant's counsel.  No rebuttal will be allowed unless defendant's counsel makes an argument that plaintiff's counsel could not reasonably have anticipated and dealt with in plaintiff's summation.

## 12.  Sentencing

Sentencing will normally take place within 90 days of the entry of a guilty plea or finding of guilt at trial, except in the case of defendants who have entered into "cooperation agreements" with the Government.  With respect to cooperating defendants, counsel will be required at the time of plea to propose a sentencing date that will give the defendant adequate opportunity to demonstrate substantial assistance and provide the Court with adequate opportunity to assess such assistance. If adopted by the Court, such sentencing date will not be further extended except upon a showing of unusual circumstances, and in no event will sentencing be adjourned beyond three years from the date of plea.  Any written submission relating to any sentence must be submitted to the Court at least one week before the date of sentencing, and any response thereto must be submitted to the Court at least two business days before the date of sentencing.

<u>PROOF OF SERVICE</u>
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

On February 29, 2008 I served the document(s) described as:

**NOTICE OF COURT CONFERENCE, CIVIL CASE MANAGEMENT PLAN**

**AND INDIVIDUAL RULES OF PRACTICE OF HON. JED S. RAKOFF**

On the interested parties in this action by placing a true copy(ies) thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

Kenneth G. Roberts                          DHI DEVELOPMENT
James L. Simpson                            f/k/a DUNMORE HOMES, LLC
WOLF, BLOCK, SCHORR AND                     8781 Sierra College Blvd., Suite 100
SOLIS-COHEN LLP                             Granite Bay, CA 95746
250 Park Avenue
New York, NY  10177

Krista J. Dunzweiler
DIEPENBROCK HARRISON
400 Capitol Mall, Suite 1800
Sacramento, CA  95814

  __X__ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on February 29, 2008, at Los Angeles, California.

  _____ (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressee so designated on the attached list. Executed on _____ __, 2008, at Los Angeles, California.

  _____ (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business day delivery to the offices of the addressees. Executed on _____, 2008, at Los Angeles, California.

  __X__ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Angela Antonio