UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,      :

                Plaintiff,      :      08 Civ. 1817 (JSR)

       - against -      :

SIDNEY B. DUNMORE, MICHAEL A. KANE,    :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,      :

               Defendants.      :

-----------------------------------------------------------------x

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT DHI DEVELOPMENT**

Plaintiff, Taberna Capital Management, LLC, respectfully submits this memorandum of law in support of its motion for a default judgment against defendant DHI Development f/k/a Dunmore Homes, LLC ("DHI").

## I.   STATEMENT OF FACTS

Plaintiff commenced this action by filing a summons and complaint bearing Index No. 600155/08 in the Supreme Court of New York, County of New York, on January 18, 2008. (Declaration of Kenneth G. Roberts ("Roberts Decl."), March 5, 2008, ¶ 3 and Ex. A).

Plaintiff caused DHI to be served with process on January 24, 2008. Roberts. Decl. ¶ 4 and Ex. B.

On February 21, 2008, defendants Sidney B. Dunmore and Michael A. Kane removed the action to this Court. DHI, without formally making an appearance, signed a consent to the removal. Roberts Decl. ¶ 5 and Ex. C.

DHI's time to answer expired on February 28, 2008. To date, the docket does not indicate that DHI has filed an answer. Roberts Decl. ¶ 5.

NYC:760010.2

This action seeks judgment for the liquidated amount of $20,619,000.00 (the principal amount of the Note annexed as Exhibit B to the complaint), plus contractual interest under the Note of $726,222.36 through December 31, 2007 and $4,777.78 per diem thereafter through the date of judgment. This sum, on information and belief, is justly due and owing and unpaid. Roberts Decl. ¶ 6.

## II. ARGUMENT

Since DHI has failed to deny the allegations raised in plaintiff's complaint, these allegations have been admitted, pursuant to Rule 8(b)(6), and default judgment should be entered against DHI in the amount of $ 21,864,147.17.

### A. Defendant Has Failed To Answer Within The Time Required By Rule 81(c).

Since DHI did not answer prior to removal, Fed. R. Civ. P. 81(c) governs the time to answer. Rule 81(c)(2) provides, in material part:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A)  20 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>
> (B)  20 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C)  5 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2).

Since DHI was served with the complaint on January 24, 2008, the due date calculated through applying Rule 81(c)(2)(A) would have been February 13, 2008—prior to the filing of the notice of removal. Accordingly, DHI's due date, calculated using Rules 6 and 81(c)(2)(C), was February 28, 2008.

## III.   CONCLUSION

For the foregoing reasons, default judgment should be entered against defendant DHI.

Dated: New York, New York
March 5, 2008

                                            WOLFBLOCK LLP

                                            By: _____
                                               Kenneth G. Roberts (kroberts@wolfblock.com)
                                               Attorneys for Plaintiff
                                               250 Park Avenue
                                               New York, New York 10177
                                               Direct Dial: (212) 883-4914