UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TABERNA CAPITAL MANAGEMENT, LLC,

              Plaintiff,

     - against -

SIDNEY B. DUNMORE, MICHAEL A. KANE,
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,

             Defendants.

:
:
:
:
:   08 CV 1817 (JSR)
:
:
:   **ORAL ARGUMENT REQUESTED**
:
:
:
:
:

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL A. KANE'S
MOTION TO (1) DISMISS FOR LACK OF PERSONAL JURISDICTION;
OR IN THE ALTERNATIVE (2) TO DISMISS OR TRANSFER FOR
IMPROPER VENUE; OR IN THE ALTERNATIVE (3) TRANSFER FOR
CONVENIENCE TO THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

COHEN TAUBER SPIEVACK & WAGNER P.C.
420 Lexington Ave. Suite 2400
New York, NY 10170
Phone: (212) 586-5800
Fax: (212) 586-5095
*Attorneys for Defendant Michael A. Kane*

Of Counsel:  Stephen Wagner, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF ARGUMENT ........................................................................... 1

FACTUAL BACKGROUND ............................................................................. 3

ARGUMENT .................................................................................................... 5

  I.  THERE IS NO PERSONAL JURISDICTION OVER KANE IN NEW YORK .......... 5

      A.  There Is No General Jurisdiction Over Kane ........................................... 6

      B.  There Is No Specific Jurisdiction Over Kane ......................................... 7

      C.  Exercising Jurisdiction Over Kane
          Offends Traditional Notions of Fair Play ............................................ 10

  II.  THE CASE SHOULD BE DISMISSED OR TRANSFERRED
      TO CALIFORNIA .................................................................................... 11

  III.  THE ACTION SHOULD BE TRANSFERRED TO CALIFORNIA FOR
       CONVENIENCE ..................................................................................... 15

      A.  The Action Could Have Been Brought In The Transferee Court .......................... 15

      B.  Transfer to the District Court For The Eastern District of California,
          Sacramento Division Would Serve The Interests of Justice ................... 16

CONCLUSION ............................................................................................... 20

# TABLE OF AUTHORITIES

<span style="text-transform: uppercase;">Cases</span>

*American Steamship Owners Mutual Protection and Indemnity*
    *Assoc, Inc. v. LaFarge North America, Inc.*,
      474 F. Supp. 2nd 474 (S.D.N.Y. 2007)----------------------------- 17

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*,
    49 F. Supp. 2d 664 (S.D.N.Y. 1999)---------------------------------- 19

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    305 F.3d 120 (2d Cir. 2002) ----------------------------------------10, 11

*Cliffstar Corp. v. Cal. Foods Corp.*,
    254 A.D. 2d 760 (4th Dep't 1998) ------------------------------------ 9

*Collins & Aikman Corp. Securities Litigation*,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006) ------------------------------- 19

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006) --------------------------------------------15, 16

*Dusen v. Barrack*,
    376 U.S. 612 (1964)------------------------------------------------------ 16

*Estate of Ungar v. Palestinian Authority*,
    451 F. Supp. 2d 607 (S.D.N.Y. 2006) ------------------------------- 14

*Fantis Foods v. Standard Importing Co.*,
    49 N.Y. 2d 317 (1980) -------------------------------------------------- 9

*Filmline (Cross-Country) Prod., Inc. v. United Artists Corp.*,
    865 F.2d 513 (2d Cir. 1989) ------------------------------------------ 16

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006) ------------------------------- 19

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
    763 F.2d 55 (2d Cir. 1985) ------------------------------------------5, 8

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ---------------------- 5, 10

*Karvelis v. Constellation Lines S.A.*,
    608 F. Supp. 966 (S.D.N.Y. 1985)----------------------------------- 16

*King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)----------------------------------------------------- 10

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
    918 F.2d 1039 (2d Cir. 1990) ----------------------------------------- 6

*McGowan v. Smith*,
   52 N.Y. 2d 268 (1981) ------------------------------------------------------------ 8

*Milliken v. Meyer*,
   311 U.S. 457, 61 S.Ct. 339, 85 L.Ed., 278 (1940) ------------------------------ 5

*Mills v. Colgate-Palmolive Co.*,
   232 F. Supp. 577 (S.D.N.Y. 1964) -------------------------------------------- 15

*Newbro v. Freed*,
   337 F. Supp. 2d 428 (S.D.N.Y. 2004) ------------------------------------------ 8

*Nieves v. American Airlines*,
   700 F. Supp. 769 (S.D.N.Y. 1998) -------------------------------------------- 18

*Norwood v. Kirpatrick*,
   349 U.S. 29 (1955) -------------------------------------------------------- 15

*Parker v. Saturdays Group*,
   1992 U.S. Dist. LEXIS 19114 *6 (N.D. Cal. 1992) --------------------------- 14

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ------------------------------------------------------ 16

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) -------------------------------------------- 5, 6

*Robinson v. Overseas Military Sales Corp.*,
   21 F.3d 502 (2d Cir. 1994) -------------------------------------------------- 5

*Saferstein v. Paul, Mardinly, Durham, Janes, Falndreau & Roger, P.C.*,
   927 F. Supp. 731 (S.D.N.Y. 1996) -------------------------------------------- 12

*Storch v. Vigneau*,
   162 A.D. 2d, 241 (1st Dep't 1990) ------------------------------------------- 9

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ------------------------------------------- 19

*Syed v. Housel*,
   106 F. Supp. 2d 397 (D. Conn. 2000) -------------------------------------- 12

*Xedit Corp. v. Harvel Indus. Corp. Fiddelpac*,
   456 F. Supp. 725 (S.D.N.Y. 1978) -------------------------------------------- 9

*Zurich Insur. Co. v. Prime, Inc.*,
   419 F. Supp. 2d 384 (S.D.N.Y. 2005) ------------------------------------- 12

iii

STATUTES

28 U.S.C. § 1391(a)(1) and (2) -------------------------------------------------------------------16

28 U.S.C. § 1391(a) -------------------------------------------------------------------------- 12, 13

28 U.S.C. § 1404(a) -------------------------------------------------------------------------- 15, 20

28 U.S.C. § 1406(a) ---------------------------------------------------------------------- 12, 13, 20

CPLR § 302(a) --------------------------------------------------------------------------------- 9

Fed. R. Civ. P. 12(b)(3)-----------------------------------------------------------------------12

Fed. R. Civ. P. 45(e)--------------------------------------------------------------------------14

Fed. R. Civ. P. 12(b)(2)-----------------------------------------------------------------------20

Fed. R. Civ. P. 12(b)(3)-----------------------------------------------------------------------20

{00024033.DOC; 1}

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

SUMMARY OF ARGUMENT .............................................................................1

FACTUAL BACKGROUND ................................................................................3

ARGUMENT .........................................................................................................5

  I.  THERE IS NO PERSONAL JURISDICTION OVER KANE IN NEW YORK ..........5

    A.  There Is No General Jurisdiction Over Kane.........................................6

    B.  There is No Specific Jurisdiction Over Kane.........................................7

    C.  Exercising Jurisdiction Over Kane
        Offends Traditional Notions of Fair Play ...........................................10

  II.  THE CASE SHOULD BE DISMISSED OR TRANSFERRED
     TO CALIFORNIA ...............................................................................11

  III.  THE ACTION SHOULD BE TRANSFERRED TO CALIFORNIA FOR
      CONVENIENCE .................................................................................15

    A.  The Action Could Have Been Brought In The Transferee Court .........15

    B.  Transfer to the District Court For The Eastern District of California,
        Sacramento Division Would Serve The Interests of Justice.................16

CONCLUSION ....................................................................................................20

{00024033.DOC; 1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : |
| Plaintiff, | : |
| - against - | : 08 CV 1817 (JSR) |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : __ORAL ARGUMENT REQUESTED__ |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL A. KANE'S
MOTION TO (1) DISMISS FOR LACK OF PERSONAL JURISDICTION;
OR IN THE ALTERNATIVE (2) TO DISMISS OR TRANSFER FOR
IMPROPER VENUE; OR IN THE ALTERNATIVE (3) TRANSFER FOR
CONVENIENCE TO THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

Defendant Michael A. Kane ("Defendant" or "Kane"), by his attorneys, respectfully

submits this memorandum of law in support of his motion, pursuant to Rules 12(b)(2) and (3) of

the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) and § 1404(a): (1) to dismiss this

action against Kane for lack of personal jurisdiction; or in the alternative (2) to dismiss or

transfer this action to the United States District Court for the Eastern District of California,

Sacramento Division (the "California Court") for improper venue; or in the alternative (3) to

transfer venue of this action to the California Court for the convenience of the parties (the

"Motion").

## SUMMARY OF ARGUMENT

There is no basis for either personal jurisdiction or venue in this Court.  While this

Motion addresses only procedural defects and does not move on any substantive defects of the

Complaint,[1] the fact remains that Plaintiff Taberna Capital Management, LLC ("Plaintiff") is trying to take advantage of the fact that Defendant DHI Development, formerly known as Dunmore Homes, a California corporation ("Dunmore CA"), sold 100% of its assets to Dunmore Homes, a New York corporation ("Dunmore NY"). However, this sale alone does not create a basis for jurisdiction or venue here for at least three reasons: (1) Dunmore NY is not a party to this action; (2) Dunmore NY filed for protection pursuant to chapter 11 of title 11 of the United States Code; thus, any action against Dunmore NY is prohibited without obtaining relief from the automatic stay; and, in any event, (3) on January 14, 2008, Judge Martin Glenn, United States Bankruptcy Court Judge, ordered the removal of that bankruptcy case (*In re Dunmore Homes, Inc.*) from New York to the Eastern District of California, Sacramento Division.[2]

Remarkably, on January 17, 2008, just three days after the bankruptcy case was removed to California, Plaintiff filed this action in the Supreme Court of New York, seeking to recover against three California defendants for (1) breach of the contract; (2) tortious interference with contract; (3) breach of fiduciary duty; (4) fraudulent conveyance; (5) alter ego; and (6) unjust enrichment (the "Complaint" or the "State Court Action"). Significantly, neither of the individual defendants (Dunmore and Kane) are parties to the contract which is the subject of the first claim for relief; and Dunmore CA is not a party to the other claims for relief directed against the two individual defendants. Defendants timely removed the State Court Action to this Court on or about February 22, 2008, on diversity grounds. To date, Plaintiff has not objected to removal.

---

[1]  Kane reserves all rights to file a motion related to the substantive pleadings when appropriate.

[2]  *See* published Memorandum Opinion And Order Granting Motion For Transfer of Venue To The Eastern District of California, Sacramento Division, attached as Exhibit "A" to Request for Judicial Notice, filed herewith ("RJN").

2

This motion should be granted for any or all of the following reasons: (1) none of the parties to this action, including the Plaintiff, is domiciled in, or created under the laws of, New York; (2) as a matter of law, there is no personal jurisdiction over Kane, a California resident, or over the two other California defendants; (3) the breach of contract claim is <u>not</u> alleged against Kane, nor is Kane a party to the contract; as such, the jurisdiction provision in the contract, albeit discretionary, is irrelevant as to Kane; (4) as a matter of law, venue in New York is improper as to Kane; and finally, (5) assuming *arguendo* that Plaintiff could somehow overcome all of these critical impediments to proceeding in New York, the fact remains that venue in Sacramento, California, is more appropriate, in light of the fact that all of the defendants, and most of the witnesses and documents, are located there.

## FACTUAL BACKGROUND

<u>None</u> of the parties to this action are New York individuals or entities. Of the three Defendants, the two individuals are California residents, and the corporate defendant is a California corporation.[3]  Plaintiff is a Delaware limited liability company.[4]  In light of these facts, it is evident that this action has no nexus whatsoever with the State of New York, and should be dismissed or transferred.

More specifically, Sidney Dunmore is a resident of Granite Bay, California.[5]  Kane is a resident of Gold River, California.[6]  DHI Development LLC, formerly known as Dunmore Homes, a California corporation, is a California corporation with its principal place of business

---

3 *See* Notice to Federal Court of Removal of Civil Action From State Court ("Notice of Removal") RJN Ex. B; *see also* Declaration of Michael A. Kane, filed concurrently herewith in support of the Motion ("Kane Dec.") at ¶¶ 2-3; *see also* California Secretary of State Records of DHI Development, RJN Ex. C.

4 RJN Exs. D and E.

5 *Id.* Ex. B, at 3; *see also* Kane Dec. at ¶ 3.

6 RJN Ex. B; *see also* Kane Dec. at ¶ 2.

in Granite Bay, California.[7]  Plaintiff Taberna Capital Management, LLC, is a Delaware LLC, and a wholly owned subsidiary of RAIT Financial Trust, a publicly traded real estate investment trust incorporated in the State of Maryland, with its principal place of business in Philadelphia, Pennsylvania.[8]  Given the obvious lack of connection with New York, it is a mystery why Plaintiff filed the case here in the first place.

Beyond California residency, additional relevant facts are that Kane (a) does not conduct systematic and continuous activity in New York; (b) is not a party to the contract sued upon in the Complaint; and (c) has not purposefully directed his business or personal activities in New York.  Moreover, the sole extent of any business contact with New York is limited to the fact that he is the sole shareholder of non-party Dunmore NY.  As stated, however, all business of that corporation is conducted outside of New York, and its sole connection to New York is its incorporation in New York and subsequent bankruptcy petition filed in New York.

Kane has virtually no personal contacts with New York, other than his involvement with Dunmore NY.[9]  Significantly, Kane has never visited New York, nor does he have any property, real or personal, in New York.[10]  Furthermore, Kane did not contract anywhere to supply goods or services in New York.[11]  Furthermore, the claims alleged against Kane, including the alleged tortious acts committed, do not arise out of or relate to any activities directed at residents of New York.  Finally, Plaintiff's assertion of personal jurisdiction as to Kane (or, for that matter, as to the other two California defendants) is neither reasonable nor fair.

---

[7]  RJN Ex. B at 2; *Id.* Ex. C.
[8]  *Id.* Ex. B at 3; Kane Dec. at ¶ 5.
[9]  *Id.* at ¶ 6.
[10] *Id.*
[11] *Id.*

## ARGUMENT

## I.    THERE IS NO PERSONAL JURISDICTION OVER KANE IN NEW YORK

Plaintiff filed this Complaint in New York against Kane based only upon the tenuous assertion on "information and belief" as to the jurisdictional allegations.  Specifically, Plaintiff alleges, on information and belief, that Kane "is an individual who transacted business in the State of New York in connection with the causes of action herein and committed a tort within the State of New York…, " and that Kane and Dunmore sought to impede Plaintiff's rights and business interests (without connecting those interests to New York) by forming a corporation under New York law.[12]  The New York corporation is not a party to this action.  The Complaint asserts no further allegations regarding Kane's purported contacts to New York, and the evidence is absolutely to the contrary.

Plaintiff carries the burden of proof in establishing personal jurisdiction over a defendant.  *See, e.g., Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).  To defeat a motion to dismiss on jurisdictional grounds, a plaintiff must show both that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.  *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d at 1355, 1359 (Fed. Cir. 1998) (*citing* Fed. R. Civ. P. 4(k)(1)(A)).  *See also International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed., 278 (1940).  Plaintiff cannot meet this two-pronged burden.

---

[12] *See* Complaint p. 2 ¶ 3; pp.3-4 ¶17.

{00024033.DOC; 1}

Plaintiff fails on both prongs because (a) Plaintiff is unable to show sufficient minimum contacts between Kane (a California resident) and New York to establish either general jurisdiction or specific jurisdiction over Kane in this Court; and (b) proceeding with the action in New York would offend traditional notions of fair play and substantial justice. Accordingly, the Complaint against Kane should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P.12(b)(2).

### A.    There Is No General Jurisdiction Over Kane

For general jurisdiction to exist over a defendant in New York, a plaintiff must show that the defendant is "doing business" in New York, that is, that it is engaged in such a continuous and systematic course of doing business in New York as to warrant a finding of its "presence" in this jurisdiction. *See Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990); CPLR 301. This standard requires that a defendant be present in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* The test is fact-sensitive and pragmatic, and to reach a determination about whether a defendant is "doing business" in New York courts focus on "the existence of an office in New York, the solicitation of business in New York, the presence of bank accounts or other property in New York, and the presence of employees or agents in New York." *Id.* at 1043. Importantly, random, fortuitous, or attenuated contacts do not count in the minimum contacts calculus. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d at 1360.

None of the above-factors apply to Kane; indeed, none are even alleged in the Complaint. Kane lives and works in California;[13] Kane does and did not engage in any continuous or

---

[13] Kane Dec. at ¶ 2.

systematic business in New York;[14] Kane was never present in New York;[15] Kane never maintained an office in New York, and never solicited business in New York; nor did Kane employ employees or agents in New York.[16]  Further, Kane has neither bank accounts nor real property in New York.[17]

Kane's only New York contact, however attenuated, is his ownership of the stock of a non-party New York corporation, which conducts all of its business outside of New York.  The sale of Dunmore CA's assets to Dunmore NY in California does not rise to the level of nexus required for a finding of sufficient minimum contacts for general jurisdiction.  Clearly, this "random, fortuitous, or attenuated" contact with New York, standing alone, is insufficient to establish minimum contacts necessary for general personal jurisdiction over Kane, especially when Dunmore NY is not a party to this action, and Plaintiff has not asserted that Kane is the alter-ego of Dunmore NY.

**B.**    **There Is No Specific Jurisdiction Over Kane**

To establish specific jurisdiction, CPLR 302(a) requires that a plaintiff demonstrate that defendant:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or 4. owns, uses or possesses any real property situated within the state.

---

[14] *Id.* at ¶ 7.

[15] *Id.*

[16] *Id.*

[17] *Id.*

{00024033.DOC; 1}

As set forth above, Kane's only alleged contact with the state of New York relates to the formation of Dunmore NY. However, Dunmore NY does not conduct business in New York.[18] Furthermore, the alleged tortious conduct (transferring the assets of Dunmore CA to Dunmore NY) occurred in California, not New York.[19] This extraordinarily limited contact with the State of New York is insufficient to establish jurisdiction over Kane.

Indeed, Plaintiff has not alleged facts that relate to or support the existence of specific jurisdiction over Kane. Essential to the maintenance of a suit against a nondomicillary under CPLR 302(a) is the existence of some articulable nexus between the business transacted and the cause of action sued upon. *See McGowan v. Smith*, 52 N.Y. 2d 268, 272 (1981); *see also Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d at 59-60 (requiring a "substantial nexus" between the business and cause of action). Merely transacting business in New York is not enough to create jurisdiction. *See Newbro v. Freed*, 337 F. Supp. 2d 428, 431 (S.D.N.Y. 2004). The only allegations of Kane's purported tortious conduct are that he and Dunmore formed a corporation. The formation of the corporation is not the action upon which Plaintiff's claims are made. Instead, Plaintiff's claims are based on the alleged fraudulent transfer of assets, which occurred in California, not New York.

Application of these fundamental considerations outlined in CPLR 302(a) confirms that there is no basis for specific jurisdiction over Kane. **First,** Kane does not transact business within New York, does not maintain bank accounts in New York, and did not and does not contract in New York.[20] **Second,** Kane has no direct connection to New York whether

---

[18] Kane Dec. at ¶4.
[19] *Id.*
[20] *Id.* at ¶¶ 6-7.

personally or business related.[21]  Certainly the sale of the assets and liabilities of Dunmore CA to

Dunmore NY falls short of the requisite nexus to New York, or a basis to allege that Kane

conducts business in New York, especially when Dunmore NY is not named as a party.  **Third,**

the Bankruptcy Court has already issued an Order which provides, *inter alia*, that the formation

of a New York corporation, which has its principal place of business in California, as well as its

employees, officers and directors in California, is insufficient to maintain a case in New York.[22]

      In addition to the foregoing factors, the Kane Declaration establishes that Kane did not

contract in New York to supply goods or services, nor did Kane commit any tort in New York

that caused injury to any New York person or property.[23]  Even if Kane committed a tort, which

he denies, that tort did not occur in New York.  Instead, the alleged wrongful transfer of assets

took place in California and did not result in any New York injury that would support a finding

of jurisdiction in New York.  The putative monetary loss alleged as a result of Kane's conduct is

not, as a matter of law, a sufficient predicate for jurisdiction under CPLR 302.  *See Fantis Foods*

*v. Standard Importing Co.*, 49 N.Y. 2d 317, 326-27 (1980); *Cliffstar Corp. v. Cal. Foods Corp.*,

254 A.D. 2d 760 (4th Dep't 1998).

      As clearly stated in a pivotal New York case, "an injury does not occur in New York

within the meaning of CPLR § 302(a) merely because a plaintiff is domiciled in New York

(which is not even the case here) and suffers a loss of income there." *Storch v. Vigneau*, 162

A.D. 2d, 241, 242 (1st Dep't 1990); *see also Xedit Corp. v. Harvel Indus. Corp. Fiddelpac*, 456

F. Supp. 725, 728 (S.D.N.Y. 1978).  Even if it were the case, Plaintiff is a Delaware corporation

---

[21] *Id.* at ¶¶ 4, 6-7.
[22] RJN Ex. A.
[23] Kane Dec. ¶ 6.

{00024033.DOC; 1}

with its principle place of business in Pennsylvania, and it has not made any showing that the

loss occurred in New York, rather than Delaware or Pennsylvania.

    **C.**    <u>**Exercising Jurisdiction Over Kane Offends Traditional Notions of Fair Play**</u>

    A court's exercise of personal jurisdiction on the basis of minimum contacts also requires

that the maintenance of the suit not offend traditional notions of fair play and substantial justice.

*International Shoe Co. v. Washington*, 326 U.S. at 316. In determining whether the exercise of

jurisdiction is reasonable, and thus not offensive to traditional notions of fair play and substantial

justice, courts must consider: (1) the burden that the exercise of jurisdiction will impose on the

defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest

in obtaining convenient and effective relief; (4) the interstate judicial system's interest in

obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states

in furthering substantive social policies. *Bank Brussels Lambert v. Fiddler Gonzalez &*

*Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002); *see also Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 476-477 (1985).

    Mr. Kane will be substantially burdened in presenting a defense to this action in New

York. All three defendants, and non-party Dunmore NY, are all located in California.

Furthermore, the agents and employees of Dunmore CA and Dunmore NY are located in

California, and many are beyond the subpoena powers of this Court. Finally, Mr. Kane will incur

substantial monetary expense in producing witnesses and documents for trial in New York, and a

significant amount of time will have to be spent in coordinating the travel of those witnesses to

ensure their availability for trial.

    Second, New York does not have a substantial interest in adjudicating the case. None of

the parties, including Plaintiff, reside in New York. The alleged wrongful conduct took place in

{00024033.DOC; 1}

California. Most significantly, the people and property affected by the outcome of the litigation are located in California, not New York. Therefore, the matters do not involve people or property within New York, and New York does not have a substantial interest adjudicating the claims.

The third and fourth factors both implicate the ease of access to evidence and the convenience of the witnesses. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d at 130. As noted above, Plaintiff is not a resident of New York, therefore it is difficult to fathom how obtaining relief in New York is somehow more convenient and effective than obtaining relief in another, proper court. Kane has been unable to identify any reasons why Plaintiff could not obtain convenient and effective relief in a court where the defendants can be properly sued, such as the Eastern District of California. In fact, it is seemingly in Plaintiff's interest to bring the action where the documents are located, and where more witnesses will be subject to the Court's subpoena power.

Finally, the action involves a breach of contract against Dunmore CA, and a variety of causes of action against the defendants arising out of the business transaction that allegedly resulted in the breach. It does not appear that this Court's exercise of jurisdiction, or decision not to, will erode any shared social policies. Because (i) none of the parties are residents of New York, (ii) Mr. Kane is a resident of California, (iii) the conduct at issue in the complaint took place in California, and (iv) the defendants' evidence is located in California, it is unreasonable to require Kane to defend the case here.

## II.    THE CASE SHOULD BE DISMISSED OR TRANSFERRED TO CALIFORNIA

As a threshold matter, a court can first decide the issue of personal jurisdiction and then proceed to consider the issue of venue, even if the Court finds that it has personal jurisdiction

{00024033.DOC; 1}

over the defendant. *See Saferstein v. Paul, Mardinly, Durham, Janes, Falndreau & Roger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996) (citations omitted). However, the Supreme Court has suggested that personal jurisdiction is not fundamentally preliminary in the same way that subject matter jurisdiction is, and a court may consider venue first, before it considers the issue of personal jurisdiction where there are sound reasons for doing so. *Id.* Although Kane has argued extensively that there is no personal jurisdiction in New York over Kane and that for this reason alone the case should be dismissed as to him, Kane also contends that venue in New York is improper and also requires dismissal of the case, or, alternatively, transfer to California.

Venue serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred. *Id.* Once a challenge properly has been made as to venue, it becomes the plaintiff's burden to show that venue is proper in the chosen court. *See Syed v. Housel*, 106 F. Supp. 2d 397, 400 (D. Conn. 2000). Here, Kane contends that Plaintiff cannot meet its burden of proof and that the case should be dismissed for improper venue.

Fed R. Civ. P. 12(b)(3) provides for the dismissal of an action based on improper venue. *See also Zurich Insur. Co. v. Prime, Inc.*, 419 F. Supp. 2d 384 (S.D.N.Y. 2005) (dismissing third-party complaint pursuant to Fed. R. Civ. P. 12(b)(3) on the ground of improper venue based on a forum selection clause). Additionally, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

To determine if venue is proper, 28 U.S.C. § 1391(a) provides that:

{00024033.DOC; 1}

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Based upon a plain reading of §1391(a), it is readily evident that venue is not proper in New York. First, none of the Defendants reside in New York; they all reside in California. Second, although a Plaintiff's residence is not even considered in determining venue, it bears repeating that Plaintiff is not a resident of New York. Thus, Plaintiff fails to meet this prong, even under the most lenient of guidelines.

The second prong of § 1391(a) looks to where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Here, the claims alleged against Kane involve acts that occurred in California, not New York. In fact, the contract which is the essence of the Complaint was negotiated and executed in California.[24] Further, the Complaint does not involve any cause of action pertaining to any real property, and therefore there is no property that is the subject of the action situated in New York for purposes of this analysis. Moreover, the alleged events or omissions, if any, emanated from California where Kane (and the other defendants) reside and conduct their business, and not New York. Plaintiff cannot refute any of this.

Additionally, in assessing the interest of justice requirement of § 1406(a), and whether there are grounds to transfer a case initiated in an improper forum, the court may consider, *inter alia*, "(1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of

---

[24] Kane Dec. at ¶ 4.

access to sources of proof and the locus of operative facts; and (4) the cost of obtaining willing witnesses."[25]  Here, application of all of these factors confirms that Sacramento, California is the proper venue for this action.  Although the better result is to dismiss the case for improper venue, at a minimum, this Court should transfer venue to Sacramento, California.

First, Kane and the other defendants are residents of California.  Thus, venue in New York is statutorily improper.  Certainly it would be burdensome and oppressive to require Kane (along with the other two California defendants) to litigate an action in New York, where none of them reside, where none of their witnesses reside, and where none of the documents relative to the subject transactions are maintained.  However, in addition to the convenience of the witnesses, the court must also consider the effect of a transfer on the availability of witnesses, particularly where witnesses who do not live within the judicial district or within 100 miles of the place of trial may not be compelled by subpoena to attend.  *See Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 609 (S.D.N.Y. 2006); and Fed. R. Civ. P. 45(e).  Third, it is axiomatic that if all of the defendants reside in California, and Dunmore CA's offices are located in or around Sacramento, California, the witnesses and bulky documents are all housed in California as well, and that the "relative ease of access to sources of proof and the locus of operative facts" are similarly in or around Sacramento, California, and not New York.  Finally, although deposition testimony can be used for witnesses who are beyond 100 miles of the place of trial, the fact remains that if this case is going to be tried before a jury in New York, Kane (as well as the other defendants) will most likely want to have as many witnesses present as possible, which will naturally be hampered by the excessive costs associated with having witnesses travel

---

[25] *See French Transit, Ltd. v. Modern Coupon Systems, Inc.*, 858 F. Supp. 22, 27 (S.D.N.Y. 1994.)

{00024033.DOC; 1}

from California to New York for a trial of at least five days' duration, and will require substantial

coordination and travel and lodging costs. Therefore, venue in New York is improper and this

case should either be dismissed for improper venue or transferred to the California Court.

## III.    THE ACTION SHOULD BE TRANSFERRED TO CALIFORNIA FOR CONVENIENCE

Even if jurisdiction over Kane in New York is proper (and it is not), this Court

nevertheless should transfer this case to the California Court based on the convenience of the

parties and witnesses. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought."

Specifically, to transfer an action pursuant to 28 U.S.C § 1404(a), the Court must find

that: (a) the action could have been brought in the transferee district court, and (b) a transfer

serves the interest of justice and the convenience of the witnesses and parties. *See, e.g., D.H.

Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006); *see also* 28 U.S.C. §1404(a). The

provisions of 28 U.S.C. § 1404(a) permit district courts to exercise broader discretion in

transferring a case under this statute than would be permitted under the common law *forum non

conveniens* doctrine. *See Norwood v. Kirpatrick*, 349 U.S. 29 (1955). Courts are permitted to

adjudicate motions for transfer venue according to an individualized, case-by-case consideration

of convenience and interest of justice. *See Mills v. Colgate-Palmolive Co.*, 232 F. Supp. 577,

579 (S.D.N.Y. 1964).

### A.    The Action Could Have Been Brought In The Transferee Court

There is no question that this action could have been brought in the United States District

Court for the Eastern District of California because all of the defendants reside in or around

15

Sacramento, California, and the alleged events or omissions giving rise to the causes of action set forth in the Complaint occurred in Sacramento, California, as fully set forth above. *See* 28 U.S.C. § 1391(a)(1) and (2).

**B.      Transfer To The District Court For The Eastern District Of California, Sacramento Division Would Serve The Interests of Justice**

In determining whether transfer is warranted for the convenience of the parties and witnesses and in the interest of justice under § 1404(a), courts consider several factors which include: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant bulky documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d at 107 (citations omitted). The entire purpose of a transfer is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). Further, transfer decisions under § 1404(a) must be made on the unique facts of each case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981). Such determination rests within the sound exercise of the district court's discretion. *See Filmline (Cross-Country) Prod., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989). Plaintiff fails on all of the factors above.

**First**, the strong presumption in favor of a plaintiff's choice of forum is negated by private and public interest considerations that clearly point to trial in an alternate forum. *See Karvelis v. Constellation Lines S.A.*, 608 F. Supp. 966, 971 (S.D.N.Y. 1985), aff'd, 806 F.2d 49 (2d Cir. 1986), *cert. den.* 481 U.S. 1015 (1987). In this case, a New York company purchased

16

the assets of a California company. Importantly, the Complaint names the seller - California

company, but not the New York buyer. But for the sale of assets in California to a New York

debtor this case would have absolutely no connection to New York. Therefore, New York has

little, if any, interest in resolving this dispute. Indeed, no residents, or corporations formed under

the laws, of New York, are parties to this action.

Conversely, California has a significant interest in the outcome of this case that involves

three of its residents, and most likely will have to interpret California law in resolving this

dispute. Therefore, there are clearly private and public considerations for removing this case to

the California Court despite Plaintiff's choice of forum.

**Second,** there is no question that the convenience of the witnesses, parties and location of

the documents weigh in favor of transferring this case to the California Court. Kane resides and

works in California, as do the other two defendants. Kane does not maintain any offices,

employees or professionals outside of California, nor does he maintain any files, documents or

bank accounts in New York.[26] Therefore, the location of any prospective witnesses and

documents are in California, and most, if not all, are in Sacramento.[27] Therefore, if forced to

litigate this case in New York, Kane will be forced to incur significant expense for document

production, witness, party and counsel travel that can easily be avoided by transferring this case

to the California Court. Importantly, courts have found the convenience of witnesses to be the

most important factor in a motion to transfer under § 1404. *See, e.g., American Steamship*

*Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc.*, 474 F.

Supp. 2nd 474, 482 (S.D.N.Y. 2007).

---

[26] Kane Dec. at ¶¶ 6-7.
[27] Id.

**Third**, all of the relevant events occurred in or around Sacramento, California, as discussed above. The Court must consider the effect of a transfer on the availability of witnesses, particularly where witnesses who do not live within the judicial district or within 100 miles of the place of trial may not be compelled by subpoena to attend. Although deposition testimony can be used for witnesses who are beyond 100 miles of the place of trial, the fact remains that if this case is going to be tried before a jury in New York, Kane's (as well as the other California defendants') ability to bring witnesses to trial will naturally be hampered by the excessive costs associated with having witnesses travel from California to New York. Therefore, the burden and expense mentioned above will hinder Kane's ability to properly defend himself in this action.

**Fourth**, it is abundantly clear that transferring this case to the California Court comports with the interest of justice and will promote the efficient administration of this case and judicial economy. To hold otherwise will condone Plaintiff for its blatant forum shopping in selecting this venue.

**Fifth**, it is well known that the presence of related litigation in the transferred forum weighs heavily in favor of transfer. *See, e.g., Nieves v. American Airlines*, 700 F. Supp. 769, 773 (S.D.N.Y. 1998) ("Transfer is particularly appropriate where there is a pending lawsuit in the transferred district involving the same facts, transactions, or occurrences"). As set forth above, Dunmore NY initially filed its chapter 11 bankruptcy case in the United States Bankruptcy Court for the Southern District of New York. That case was transferred to the United States Bankruptcy Court for the Eastern District of California on or about January 14, 2008.[28] The

---

[28] *See* Exhibit A to RJN.

Dunmore NY bankruptcy case is directly related to this lawsuit because it involves some if not all of the same parties, certain shared facts and documents, as well as witnesses.

To have an action take place in two separate venues would be highly inefficient and wasteful. "Litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids [duplicative] litigation, prevents inconsistent results, and saves time[ ] and expense for both parties and witnesses." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006); *see also APA Excelsior III L.P. v. Premiere Technologies, Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999).

New York case law reflects this District's preference to transfer cases such as the case herein. For example, in *In re Collins & Aikman Corp. Securities Litigation*, 438 F. Supp. 2d 392 (S.D.N.Y. 2006), investors brought a securities fraud class action suit against the defendant corporation, its officers and directors. Defendants moved for transfer the action to the Eastern District of Michigan. The Court held that the balance of the relevant factors favored transfer from New York to another district. *Id.* The grounds for the transfer, in relevant part, where that the witnesses were located in Michigan and thus beyond subpoena range of a court situated in New York, many important defendant officers of the corporation were in Michigan, most facts emanated from Michigan, most relevant documents were in Michigan, and two related suits were already underway in Michigan. *Id.* at 395-99. Also, in *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100 (S.D.N.Y. 2007), the court granted defendants' motion to change venue from New York to Ohio for the convenience of the parties and the witnesses and in the interest of justice because, like in our case, the majority of the witnesses, availability of process to compel attendance of unwilling witnesses, locus of operative facts, convenience of witnesses, trial efficiency and interests of justice supported transfer to Ohio.

{00024033.DOC; 1}

## CONCLUSION

For all of the foregoing reasons, Kane respectfully requests that this Court grant his Motion and

(1)    Dismiss the Complaint filed by Plaintiff for lack of personal jurisdiction over Defendant Kane, pursuant to Fed. R. Civ. P. 12(b)(2); or in the alternative,

(2)    Dismiss the Complaint filed by Plaintiff for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative to transfer venue to Sacramento, California; or in the alternative,

(3)    Transfer venue of the action to Sacramento, California for the convenience of Defendant Kane pursuant to 28 U.S.C. §1404(a); and

(4)    For such other relief as this Court deems appropriate.

Respectfully submitted,

Dated: March 10 , 2008    COHEN TAUBER SPIEVACK & WAGNER P.C.

By: _____
    Stephen Wagner

420 Lexington Ave., Suite 2400
New York, NY 10170
Phone: (212) 586-5800
Fax: (212) 586-5095

Attorneys for Defendant Michael A. Kane

20

{00024033.DOC; 1}