UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC,<br><br>Defendants. | : District Court Case No.:<br>: 08 CV 1817 [JSR]<br>:<br>:<br>:<br>: **ORAL ARGUMENT REQUESTED**<br>:<br>:<br>:<br>: |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SIDNEY B. DUNMORE'S MOTION (1) TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE, (2) TO DISMISS OR TRANSFER FOR IMPROPER VENUE, OR IN THE ALTERNATIVE (3) TO TRANSFER FOR CONVENIENCE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, <u>SACRAMENTO DIVISION</u>**

Defendant Sidney B. Dunmore ("Defendant" or "Dunmore"), by his attorneys, hereby replies to the Plaintiff's Memorandum of Law In Opposition to Defendants' Motions To Dismiss or Transfer and supporting documents (collectively referred to as the "Opposition") filed by Taberna Capital Management, LLC ("Plaintiff") to the Motion (1) To Dismiss For Lack Of Personal Jurisdiction; Or In The Alternative; (2) To Dismiss Or Transfer For Improper Venue; Or In The Alternative, (3) To Transfer For Convenience To The United States District Court for the Eastern District of California, Sacramento Division (the "Motion"):

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ................................................................................... 1

II. THIS COURT LACKS PERSONAL JURISDICTION OVER DUNMORE .................. 2

    1. There Is No General Jurisdiction Over Dunmore in New York .......................... 2

    2. There Is No Specific Jurisdiction Over Dunmore in New York .......................... 3

    3. Dunmore Cannot Be Bound by Dunmore CA's Alleged Conduct ...................... 6

III. DUNMORE'S MOTION TO DISMISS SHOULD BE GRANTED ............................... 7

IV. IF NOT DISMISSED, TRANSFER TO CALIFORNIA IS WARRANTED ................... 8

V. CONCLUSION ........................................................................................................ 10

**TABLE OF AUTHORITIES**

<u>CASES</u>

*American Steamship Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc.*,
   474 F. Supp. 2nd 474 (S.D.N.Y. 2007) -------------------------------------------------------------------- 9

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir.), <u>cert.</u> <u>denied</u>, 498 U.S. 854 (1990) ---------------------------------------- 1, 2

*Burger King Corp. v. Rudzewich*,
   471 U.S. 462 (1985) --------------------------------------------------------------------------------------- 5

*Cent. Nat'l Gottensman, Inc. v. M.V. Gertrude Oldendorff*,
   204 F. Supp. 2d 675 (S.D.N.Y. 2002) ---------------------------------------------------------------------- 6

*Gulf Ins. Co. v. Glassbrener*,
   417 F.3d 353 (2d S.D.N.Y. 2005) --------------------------------------------------------------------------- 8

*Greenberg v. Giannini*,
   140 F.2d 550 (2d Cir. 1944) ------------------------------------------------------------------------------- 8

*International Shoe Co. v. Washington*,
   326 U.S. 310 S.Ct. 154, 90 L.Ed. 95 (1945) ---------------------------------------------------------------- 5

*Kamakazi Music Corp. v. Robbins Music Corp.*,
   534 F. Supp. 57 (S.D.N.Y. 1981.) -------------------------------------------------------------------------- 7

*Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*,
   918 F.2d 1039 (2d Cir. 1990) ------------------------------------------------------------------------------ 3

*Lawrence v. Vaman Trading Co., Inc.*,
   1993 WL 190266 (S.D.N.Y. 1993) ------------------------------------------------------------------------- 2, 6

*Longwood Resources Corp. v. C.M. Exploration Co., Inc.*,
   988 F. Supp. 750 (S.D.N.Y. 1997) -------------------------------------------------------------------------- 4

*Maritime Venture Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd*,
   689 F. Supp. 1340 (S.D.N.Y. 1988) ------------------------------------------------------------------------- 6

*Moss v. Coast Line R.R. Co.*,
   157 F.2d 1005 (2d Cir. 1946) ------------------------------------------------------------------------------ 8

*Newbro v. Freed*,
   337 F. Supp. 2d 428 (S.D.N.Y. 2004) ----------------------------------------------------------------------- 5

*Orix Credit Alliance v. Brown*,
   1994 WL 392240 -------------------------------------------------------------------------------------------- 7

*Parke-Bernet Galleries, Inc. v. Franklin*,
   26 N.Y. 2d 13 (Ct. App. 1970) ----------------------------------------------------------------------------- 4

*Powerdsine, Inc. v. Broadcom Corp.,*
  2008 WL 268808 (E.D.N.Y. 2008) ------------------------------------------------------------- 7

*PT United Cn Co. LTD v. Crown Corck & Seal Co., Inc.,*
  138 F.3d 65 (2d Cir. 1998) ------------------------------------------------------------------- 8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
  148 F.3d 1355 (Fed. Cir. 1998). ------------------------------------------------------------- 3

*SST Globgal Tech. LLC v. Chapman,*
  270 F. Supp. 2d 444 (S.D.N.Y. 2003) ------------------------------------------------------- 7

*Syed v. Housel,*
  106 F. Supp. 2d 397 (D. Conn. 2000) ------------------------------------------------------ 7

*Viacom Int'l, Inc. v. Melvin Simon Prods.,*
  774 F. Supp. 858 (S.D.N.Y. 1991) ------------------------------------------------------- 4, 5

*Weiss v. Columbia Pictures Television, Inc.,*
  801 F. Supp. 1276 (S.D.N.Y. 1992) --------------------------------------------------------- 7

*Wilhelmshaven Acquisition Corp. v. Asher,*
  810 F. Supp. 108 (S.D.N.Y. 1993) ---------------------------------------------------------- 4

STATUTES

28 U.S.C. § 1404 ------------------------------------------------------------------------------------ 9
28 U.S.C. § 1404(a) ---------------------------------------------------------------------------- 9, 10
28 U.S.C. § 1406(a) ---------------------------------------------------------------------------- 7, 10
28 U.S.C. § 1441(a) --------------------------------------------------------------------------------- 7
CPLR §301 ------------------------------------------------------------------------------------------ 2
CPLR §302(a) --------------------------------------------------------------------------------------- 4
CPLR §302(a)(1) ----------------------------------------------------------------------------------- 4
CPLR §302(a)(2) ----------------------------------------------------------------------------------- 4
CPLR §302(a)(3) ----------------------------------------------------------------------------------- 4
Fed. R. Civ. P 12(b)(2) -------------------------------------------------------------------------- 10
Fed. R. Civ. P 12(b)(3) ----------------------------------------------------------------------- 7, 10

# I.

## SUMMARY OF ARGUMENT

Plaintiff's Opposition to the Motion is not responsive to the single issue: whether this Court can exercise personal jurisdiction over Dunmore (or any of the other defendants named in the Complaint). Instead of addressing this issue, Plaintiff asserts conclusions of law, none of which are supported by any evidence before the Court. Indeed, the documents produced by Dunmore in response to the jurisdictional discovery conducted by Plaintiff underscores the fact that this Court lacks personal jurisdiction as a matter of law. Ignoring the content of the affidavit presented with the Motion, and failing to produce any evidence to contradict the sworn statements therein, Plaintiff cannot establish any basis for this Court's exercise of personal jurisdiction in this case.

Having propounded discovery, Plaintiff's burden to defeat a motion challenging personal jurisdiction **dramatically increases** and requires a prima facie showing, including an averment of facts which must be factually supported. See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), cert. denied, 498 U.S. 854 (1990). Plaintiff has failed to meet its burden of proof, instead, repeating as its mantra that, having formed a New York corporation, defendants have submitted to jurisdiction in New York. Beyond this single statement, Plaintiff's Opposition fails to present any evidence which connects three California defendants to New York.[1] Dunmore and Michael A. Kane ("Kane") have cumulatively produced hundreds of pages of documents which confirm the attenuated nature of Dunmore's contacts with New York, and Plaintiff has failed to refute this truism.

---

[1] The numerous and inaccurate "conclusions of law" in the Opposition do not serve as a substitute for evidence sufficient to establish jurisdiction.

1

Plaintiff also erroneously asserts that Dunmore is bound by the default of DHI Development, formerly known as Dunmore Homes, a California corporation ("Dunmore CA"), and the ramifications thereof. However, Plaintiff's argument fails because Dunmore CA's default has no impact on any other party. See Lawrence v. Vaman Trading Co., Inc., 1993 WL 190266 at *2 (S.D.N.Y. 1993).

Recognizing the jurisdictional defects identified in the Motion, Plaintiff attempts to preserve its action in New York by making new allegations regarding Plaintiff's connection to New York in its Opposition which are not contained in the Complaint.[2] However, the litmus test is not Plaintiff's connection to New York, but Defendants' connection, if any, so these arguments entirely miss the mark.

## II.

## THIS COURT LACKS PERSONAL JURISDICTION OVER DUNMORE

Plaintiff applies the wrong legal standard, but more problematic, Plaintiff has not met its burden of proof in any event. Whereas prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction,[3] after discovery, plaintiff's burden dramatically increases: plaintiff's prima facie showing **must include** an averment of facts that establish jurisdiction over defendant. See Ball at 197.

### 1. There Is No General Jurisdiction Over Dunmore in New York

General jurisdiction, as set forth in the New York Civil Practice Law & Rules ("CPLR") § 301, requires plaintiff to show that defendant is engaged in such a continuous and systematic course of doing business in New York as to warrant a finding of its "presence" in this

---

[2] See Opposition at 4.
[3] See Ball at 197.

jurisdiction. See Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). This standard requires that a defendant be present in New York, "not occasionally or casually, but with a fair measure of permanence and continuity." Id. The test is fact-sensitive and pragmatic. To reach a determination about whether a defendant is "doing business" in New York, courts focus on specifics, including the existence of an office, the solicitation of business, the presence of bank accounts or other property and the presence of employees or agents **in New York**. Id. Random, fortuitous or attenuated contacts do not count in the minimum contacts equation. See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998). Plaintiff fails to address the absence of these factors.

Plaintiff's only arguments in support of general jurisdiction over Dunmore involve melodramatic hyperbole and rhetoric legal conclusions, none of which are supported by any evidence. Plaintiff points to a one-sentence e-mail between Dunmore and Kane wherein buyer's counsel has determined to form a New York corporation to buy Dunmore CA's assets and liabilities. Yet, even this does not create personal jurisdiction over Dunmore, and there is no legal basis for any such result. Moreover, it bears repeating that Dunmore and Kane were in California at the time of this single communication, which is critical to the analysis. The undisputed evidence confirms that the totality of Dunmore's relationship to New York is the sale of Dunmore CA's assets and liabilities to a New York corporation. However this single event is not sufficient to establish "substantial, continuous nor systematic" contacts with New York.

### 2. There Is No Specific Jurisdiction Over Dunmore in New York

This Court also lacks specific jurisdiction over Dunmore, and holding otherwise would be unreasonable and unfair under the circumstances. Plaintiff's argument is that because Dunmore CA sold a 100% of its assets (and liabilities) to Dunmore NY, that alone is sufficient to

3

extend specific jurisdiction over Dunmore in New York.[4]  Yet, New York law is clear: a sale to a New York entity, alone, is an insufficient business transaction for purposes of personal jurisdiction in New York courts.  See Parke-Bernet Galleries v. Franklin, 26 N.Y. 2d 13, 15-19 (Ct. App. 1970).  Merely communicating and negotiating with a buyer in New York is insufficient to demonstrate that a defendant transacted business in New York.  See Longwood Resources Corp. v. C.M. Exploration Co., Inc., 988 F. Supp. 750, 752 (S.D.N.Y. 1997).  The law requires a defendant to project himself into this jurisdiction, such as a buyer who participated by phone at a live auction **in New York** in such a way that he "'purposefully' availed himself 'of the privilege of conducting activities' **within New York**."  See Parke-Bernet at 17-19; see also Wilhelmshaven Acquisition Corp. v. Asher, 810 F. Supp. 108, 113-15 (S.D.N.Y. 1993).

    Noticeably absent is any evidence that Dunmore projected himself into events taking place in New York or attended any meetings there.  Plaintiff cites to Viacom Int'l, Inc. v. Melvin Simon Prods., 774 F. Supp. 858, 862 (S.D.N.Y. 1991) for the proposition that even a single New York business transaction may be sufficient, provided the cause of action arises out of the subject matter of the transaction.[5]  Yet, this is a short-sighted conclusion in the context of the entire case which provides that the jurisdictional net of CPLR §302(a) reaches only a defendant that (a) purposefully avails itself of the privilege of conducting activities in New York; (b) transacted business with New York or done other acts; **and** (c) the cause of action sued on "arises from" that activity.  See Viacom at 862-63.  None of these elements are present here.  In

---

[4] Plaintiff only addresses specific jurisdiction under CPLR §302(a)(1), relating to transactions of a person within the state, but not the commission of torts within the state which Plaintiff claims Dunmore committed.  However, Plaintiff ignores §302(a)(2) and (3) which address the commission of torts either in or outside of New York.  Application of these sections underscore the lack of jurisdiction over Dunmore.

[5] See Opposition at 7.

4

fact, **nowhere in <u>Viacom</u> does the court state or imply that a <u>single</u> business transaction is sufficient for exercising personal jurisdiction**. Although in <u>Burger King Corp. v. Rudzewich</u>, 471 U.S. 462, 476 (1985), (also cited by Plaintiff) the court stated that so long as it creates **<u>a substantial connection with the forum</u>**, a single act can support jurisdiction, it went on to note that single or occasional acts related to the forum <u>may not be sufficient to establish jurisdiction</u> if their nature and quality and the circumstances of their commission create only an "attenuated" affiliation with the forum. <u>Id.</u>

Here, the gravamen of the Complaint arises out of Dunmore CA's alleged breach of the indenture agreement, not Dunmore CA's sale of its assets and liabilities to Dunmore NY. Plaintiff has not identified a single fact to support a finding that Dunmore purposefully availed himself of the privilege of conducting activities in New York, nor that he has transacted business with New York. Plaintiff also does not deny that Dunmore's contact with New York was random, attenuated and fortuitous.[6] Indeed, the claims alleged against Dunmore, including the alleged tortuous acts committed, do not arise out of or relate to any activities directed at residents of New York.

The exercise of jurisdiction over Dunmore would be improper unless it satisfies due process requirements. See <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due process is satisfied where the defendant "purposefully and sufficiently availed [itself] of the privileges of conducting business" in New York, so that it would be reasonable to anticipate being subject to suit in New York. See <u>Newbro v. Freed</u>, 337 F. Supp. 2d 428, 431 (S.D.N.Y. 2004). Clearly this is not the case here, and no facts are alleged which would even support such an extreme finding.

---

[6] <u>See</u> Opposition at 7.

### 3.   Dunmore Cannot Be Bound by Dunmore CA's Alleged Conduct

Plaintiff contends that because the Complaint alleges that Dunmore and Dunmore CA are "alter egos" (a finding not made by this Court) and because Dunmore CA defaulted on the Complaint, that all of the allegations in the Complaint are admitted as to Dunmore, and Dunmore is bound by the jurisdiction provision in the indenture agreement.  This giant leap is wrong!  A default against one defendant has absolutely no impact upon the rights or defenses of any other parties to the action.  See Lawrence v. Vaman Trading Co., Inc., 1993 WL 190266 at * 2 (S.D.N.Y. 1993).  Moreover, incorporation shields shareholders, officers, managers and agents from liability arising out of corporate activities.  See Maritime Ventures at 1348.  Finally, in the Complaint, Plaintiff failed to sufficiently allege or submit any evidence establishing a *prima facie* case for piercing the corporate veil or holding Dunmore bound by Dunmore CA's consent (if any).  Rather, Plaintiff's statement in the Complaint merely constitutes unsupported legal conclusions and do not meet the high hurdle of establishing a *prima facie* alter ego action to bind Dunmore with Dunmore CA's alleged consent to jurisdiction.

It bears repeating that only Dunmore CA signed the indenture agreement, not Dunmore individually.[7]  Furthermore, the language of the submission to jurisdiction is permissive and not mandatory, and therefore not enforceable, because it fails to specify venue with mandatory or exclusive language.  See Cent. Nat'l Gottensman at 678 ("For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language.") (citation omitted).  Further, all of the cases cited by Plaintiff in support of its position contain **mandatory** forum selection clause language **not permissive** – as is the case herein.  In the one case that involved a permissive forum selection clause, **the court refused to**

---

[7] See Exhibit A to Complaint.

6

**enforce it**.[8] Therefore, cases cited by Plaintiff are not dispositive.[9] Here, the forum selection clause uses permissive language in that it states that "[a]ny legal action or proceeding by or against any party hereto or with respect to or arising out of this indenture **may be** brought in or removed to the courts of the state of New York . . ..".[10] Therefore, this forum selection clause is not dispositive.[11] Therefore, Dunmore cannot be bound by the jurisdiction provision in the indenture agreement and he is not bound by the allegations in the Complaint alleged against Dunmore CA.

### III.

### DUNMORE'S MOTION TO DISMISS SHOULD BE GRANTED

When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), "[t]he threshold inquiry ... is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute."  See SST Globgal Tech. LLC v. Chapman, 270 F. Supp. 2d 444, 452 (S.D.N.Y. 2003). Plaintiff must carry the burden to show that venue is proper in the chosen court. See Syed v. Housel, 106 F. Supp. 2d 397, 400 (D. Conn. 2000). Plaintiff has failed to meet its burden of proof on this point.

Plaintiff contends that venue in diversity cases is determined by 28 U.S.C. §1441(a) which provides that venue is proper in the district court of the United States for the district and

---

[8] See e.g., Powerdsine, Inc. v. Broadcom corp., 2008 WL 268808 at *4 (E.D.N.Y. 2008) (court **refused** to enforce a **permissive** forum selection clause) (emphasis added).

[9] See Weiss v. Columbia Pictures Television, Inc., 801 F. Supp. 1276, 1278-79 (S.D.N.Y. 1992) (court enforced a **mandatory** forum selection clause) (emphasis added); see also Orix Credit Alliance, Inc. v. Brown, 1994 WL 392240 at * 6 (court enforced a **mandatory** forum selection clause) (emphasis added).

[10] See Exhibit A to Complaint (emphasis added).

[11] Even when venue is proper, a court may determine that, in the interest of justice, an action between multiple defendants should be severed and certain claims transferred to a more convenient forum; see Kamakazi Music Corp. v. Robbins Music Corp., 534 F. Supp. 57, 65 (S.D.N.Y. 1981.) (Court's power to sever claims is discretionary).

division embracing the place where such action is pending.  New York has long held that the civil venue statute permits venue in multiple judicial districts as long as "a substantial part" of the underlying events took place in those districts.  See Gulf Ins. Co. v. Glassbrener, 417 F.3d 353, 356 (2d S.D.N.Y. 2005).  Plaintiff does not argue that the substantial part of the underlying events took place in New York.  Instead, Plaintiff only argues that venue is proper because the action was removed from the state court in this District.[12]  That alone, does not, however, render venue in New York proper or end the analysis.  The Second Circuit has long recognized that a defendant who has removed a case may still challenge the propriety of venue *in the state court from which the case was removed.*  See PT United Cn Co. LTD v. Crown Corck & Seal Co., Inc., 138 F.3d 65, 72  (2d Cir. 1998) (A party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action (citations omitted); see also, Moss v. Coast Line R.R. Co., 157 F.2d 1005, 1006 (2d Cir. 1946). (A "defendant is not precluded from having the suit dismissed because its motion to remove was in any sense the waiver of a right, for it has waived nothing by taking that action"); see also Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1944) (When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver').

### IV.

### **IF NOT DISMISSED, TRANSFER TO CALIFORNIA IS WARRANTED**

Although dismissal is appropriate, alternatively, this Court also has the discretion to transfer the Complaint, for the convenience of the parties, to another district "where it might

---

[12] See Opposition at 11-12.

have been brought." 28 U.S.C. § 1404(a). Courts have found the convenience of witnesses to be the most important factor in a motion to transfer under Section 1404. See American Steamship Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc., 474 F. Supp. 2nd 474, 482 (S.D.N.Y. 2007). As clearly evidenced by the Affirmations of Dunmore and Kane in support of the Motion, Dunmore does not have a single witness located in New York. Dunmore also does not have a single document related to this case located in New York. All of his witnesses and documents are located in California – most, if not all, in Sacramento. If called to testify, they would testify as to the matters set forth in Dunmore's Affirmation filed in support of the Motion and refute the allegations in the Complaint relative to the nature of the sale transaction.

Plaintiff's choice of forum is also negated by New York's absence of an interest in this action since all of the defendants reside and work in California; Dunmore does not maintain any offices, employees or professionals outside of California nor does he maintain any files, documents and bank accounts in New York.[13] The location of any prospective witnesses[14] and documents, as indicated above, are all in California, and most if not all are in Sacramento.[15] Litigating the action in New York would expose Dunmore and his witnesses to the extreme burden, expense and inconvenience of being hauled to New York, as detailed more fully in the Motion. Moreover, at the time of trial it would be burdensome and oppressive to defendants to have all of their witnesses travel to New York for a lengthy trial and would be unfair to only have deposition transcripts instead of live testimony. Since the inconvenience to Plaintiff, in

---

[13] See Dunmore Affirmation filed concurrently with the Motion ("Dunmore Affir.") at ¶7.

[14] Plaintiff argues that convenience of employees of non party, Bank of New York is more important than convenience of all of the other California defendants, their California witnesses and California based documents. See Opposition at 14.

[15] See Dunmore Affir. at ¶10.

9

contrast, would be minimal, this Court should exercise its discretion to transfer the action to California.[16]

V.

**CONCLUSION**

Defendant respectfully requests that the Court: (1) Dismiss the Complaint filed by Plaintiff for lack of personal jurisdiction pursuant to FRCP 12(b)(2), or in the alternative; (2) Dismiss the Complaint filed by Plaintiffs for improper venue, pursuant to FRCP 12(b)(3), 28 U.S.C. § 1406(a); or (3) Transfer venue of the action to Sacramento, California for the convenience of the Dunmore and his witnesses pursuant to 28 U.S.C. §1404(a).

Dated: April 4, 2008         LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.


By:    /s/Beth Ann R. Young
       Beth Ann R. Young (CA State Bar No. 143945)
       (Pro Hac Vice)
       Michelle Sharoni Grimberg (CA State Bar No. 217327) (Pro Hac Vice)

       10250 Constellation Boulevard, Suite 1700
       Los Angeles, California  90067
       Telephone:    (310) 229-1234
       Facsimile:    (310) 229-1244

       Attorneys for Defendant Sidney B. Dunmore

---

[16] Despite the fact that Plaintiff asserts that the Dunmore NY bankruptcy pending in California is not related to this case, it *repeatedly* makes reference to this action and attaches pleadings from that action. See e.g. exh. A, J and K to Mandell's Decl.

10