UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : |
| Plaintiff, | : |
| - against - | : 08 CV 1817 (JSR) |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : |
| Defendants. | : **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT MICHAEL A. KANE'S MOTION TO (1) DISMISS FOR
LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE
(2) TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR IN
THE ALTERNATIVE (3) TRANSFER FOR CONVENIENCE TO THE
UNITED STATES DISTRICT COURT FOR THE EASTERN
<u>DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION</u>**

COHEN TAUBER SPIEVACK & WAGNER P.C.
Stephen Wagner, Esq.
Ginnine Fried, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
(212) 586-5800

*Attorneys for Defendant Michael Kane*

**TABLE OF CONTENTS**

**Page**

**SUMMARY OF ARGUMENT** ............................................................................................... 1

**ARGUMENT** ............................................................................................................................ 2

    **I.**    **THIS COURT LACKS PERSONAL JURISDICTION OVER KANE** ................................................................ 2

        A.    Burden of Proof ............................................................................................. 2

        B.    Plaintiff Failed to Make a Showing that Kane Transacted Business in New York ............................................................ 3

        C.    Exercising New York Jurisdiction Over Kane Would Violate Due Process .............................................................. 5

    **II.**    **THE CASE SHOULD BE TRANSFERRED TO CALIFORNIA FOR CONVENIENCE** .............................................. 6

**CONCLUSION** ........................................................................................................................ 8

i

# TABLE OF AUTHORITIES

**Page**

Cases

*American Steamship Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc.*, 474 F. Supp. 2nd 474 (S.D.N.Y. 2007) ---- 7

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ---- 5, 6

*D.H. Blair & Co. v. Gottidiener*, 462 F.3d 95 (2d Cir. 2006) ---- 7

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55 (2d Cir. 1985) ---- 5

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ---- 6

*Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d. Cir. 1999) ---- 2, 6

*McGowan v. Smith*, 52 N.Y.2d 268 (1981) ---- 5

*Powerdsine, Inc. v. Broadcom Corp.*, 2008 WL 268808 at *4 (E.D.N.Y. 2008) ---- 8

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d. Cir. 1994) ---- 3

*United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998) ---- 6

Other Authorities

28 U.S.C. § 1404 ---- 6, 7

28 U.S.C. 1441(a) ---- 2, 6

CPLR § 301(a) ---- 3

{00025721.DOC:2}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : |
| Plaintiff, | : |
| - against - | : 08 CV 1817 (JSR) |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : |
| Defendants. | : **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT MICHAEL A. KANE'S MOTION  TO (1) DISMISS FOR
LACK OF PERSONAL JURISDICTION; OR IN THE ALTERNATIVE
(2) TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR IN
THE ALTERNATIVE (3) TRANSFER FOR CONVENIENCE TO THE
UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

Defendant Michael A. Kane ("Kane"), by his attorneys, respectfully submits this memorandum of law in further support of his motion to dismiss this action against him for lack of personal jurisdiction; or in the alternative (2) to dismiss or transfer this action to the United States District Court for the Eastern District of California, Sacramento Division (the "California Court") for improper venue; or in the alternative (3) to transfer venue of this action to the California Court for the convenience of the parties (the "Motion").

**SUMMARY OF ARGUMENT**

There is no basis for personal jurisdiction over Kane in this Court.  Taberna's attempts to establish jurisdiction over Kane, a California resident who has never stepped foot in New York, by arguing that his actions in forming Dunmore NY and his status as its sole shareholder

{00025721.DOC; 2}

establishes personal jurisdiction under a non-alleged alter-ego theory, borders on the absurd.[1]
Kane does not have sufficient contacts with this State for this Court to exercise jurisdiction over him. Further, the hundreds of pages produced by Defendants Kane and Sidney Dunmore in jurisdictional discovery reflect the overwhelming lack of any connection between the subject transaction and New York.[2]

In the alternative, Kane respectfully requests that the Court exercise its discretion to transfer this case in the interest of justice to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. 1441(a) because the totality of the circumstances, including the convenience of the parties, the witnesses, and the general public, weighs heavily in favor of transfer.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER KANE

#### A. Burden of Proof

As an initial matter, Plaintiff misstates its burden. To defeat a motion to dismiss on jurisdictional grounds where the parties have conducted jurisdictional discovery, a prima facie case alone is not sufficient. Rather, Plaintiff must satisfy an elevated burden that "must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171

---

[1] Plaintiff appears to forget that it did not allege any alter-ego theory against Kane. Perhaps Plaintiff should have reread its Complaint instead of watching "Animal House" reruns.

[2] With regard to the documents produced, Plaintiff inaccurately states that Kane produced only a few hundred pages of multiple copies of the same documents. 413 pages were sent by email on March 21, 2008, to Kenneth Roberts, counsel for Plaintiff, with an accompanying letter stating that Kane was continuing to look for responsive documents. A supplemental production of documents containing 942 pages was made by email on March 26, 2008, to Mr. Roberts, which included email correspondence. Kane has not received any indication that the second document production was not received by Plaintiff's counsel.

F.3d 779 (2d Cir. 1999) (citations omitted).  As discussed below, Plaintiff failed to provide any facts that would support personal jurisdiction over Kane.

    B.    Plaintiff Failed to Make a Showing that
            Kane Transacted Business in New York

To establish personal jurisdiction over defendants, Plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that jurisdiction does not offend the Due Process clause of the Fourteenth Amendment.  *See, e.g., Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994).  Plaintiff concedes that there is no basis for general jurisdiction over Kane, and attempts to establish specific jurisdiction under New York law pursuant to CPLR § 301(a).  Although the gravamen of Plaintiff's allegations are grounded in the alleged tortious conduct of Dunmore and Kane,[3] Plaintiff cites to CPLR 301(a)(1) for the basis of jurisdiction, which requires the transaction of business *within* the state.

In its opposition to the Motion, Plaintiff does not, and cannot provide any evidence that Kane has any personal contacts with New York, other than having formed Dunmore NY while in California.[4]  Plaintiff's assertions that (1) Dunmore and Kane sent emails to each other, signed in their individual names, while outside of New York, (2) the parties executed a Confidentiality Agreement, dated August 27, 2007, that has no connection to New York, (3) Dunmore and Kane discussed the formation of a New York corporation outside of New York, and (4) Dunmore allegedly made a payment to Kane outside of New York, are not relevant to this jurisdictional inquiry.  Every action listed by Plaintiff that purportedly supports jurisdiction over the defendants in New York took place <u>in California</u>.  Plaintiff also fails to support its implicit

---

[3]   It is telling that although Plaintiff alleges that Kane committed a tort within New York (Complaint at ¶ 4), Plaintiff did not attempt to establish jurisdiction pursuant to either CPLR 301(a)(2) (committing a tortious act within the state) or 301(a)(3)(committing a tortious act without the state causing injury within the state.

3

{00025721.DOC:2}

argument that the mere formation of a New York corporation can be defined as "transacting" business in New York that would subject the shareholder to jurisdiction here.

Moreover, Plaintiff's focus on a purported conspiracy between defendants Dunmore and Kane to defraud Plaintiff by transferring assets from Dunmore CA to Dunmore NY, is not only irrelevant, but is also unsupported by the facts. We will address only selected mischaracterizations here. First, the documents demonstrate the parties' intent to protect the rights of creditors, and to continue Dunmore NY's operations.[5] The September 10, 2007 transaction transferred not only the assets, but also the considerable liabilities of Dunmore CA to Dunmore NY.[6] And while attorneys forming Dunmore NY expressed a preference for incorporation in New York, there was no discussion between them and Kane as to the basis of this preference.[7] Dunmore NY, which purchased the assets and liabilities of a company in serious financial trouble, worked for several months to keep operations going.[8] Approximately two months following the sale, Dunmore NY filed for bankruptcy protection.[9] That action has been transferred to the Eastern District of California, over Dunmore NY's objection. Dunmore NY is not a party to this action. Also, contrary to Plaintiff's assertion, there is no evidence that

---

[4]   *Id.* at ¶ 6.

[5]   See Declaration of Jill L. Mandell filed in support of Plaintiff's opposition ("Mandell Decl."), Exhs. A, E.

[6]   Mandell Decl., Exh. C.

[7]   *Id.*, Exh. D.

[8]   Mandell Decl., Exh. A pp.3-5, 12-15.

[9]   It is strange that Plaintiff asserts that filing for bankruptcy in this District constitutes fraudulent behavior. The absence of case law supporting this novel theory is telling.

Dunmore or Kane appeared in their personal capacities to cause Dunmore NY to oppose the motion to transfer venue in that action.[10]

It is well-settled that to establish jurisdiction on the basis of having transacted business in New York, the cause of action must arise from the *same* transaction that occurred in New York. *See McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985). Plaintiff conveniently glosses over the disconnect between the alleged business activity transacted in New York (establishment of the New York corporation) and the transaction that predicates its claims (the transfer of funds from Dunmore CA to Dunmore NY). The alleged transaction for which Plaintiffs seek relief -- the transfer of Dunmore CA's assets and liabilities to Dunmore NY -- occurred when Dunmore NY was already established, and Kane did not participate in his individual capacity. Accordingly, Kane did not engage in even a single act that would support New York jurisdiction. *See Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Notably, the Bankruptcy Court in this district already issued an Order which provides, *inter alia*, that the formation of a New York corporation, which has its principal place of business, employees, officers and directors, in California, is insufficient to maintain a case in New York.[11]

    C.    Exercising New York Jurisdiction
           Over Kane Would Violate Due Process

Assuming *arguendo* that this Court could find that Kane has the required minimum contacts with New York to permit the exercise of New York jurisdiction, Plaintiff has failed to

---

[10] Mandell Decl., Exh. J.

[11] See Memorandum Opinion and Order Granting Motion for Transfer of Venue to the Eastern District of California, Sacramento Division, United States Bankruptcy Judge Martin Glen, dated January 14, 2008, attached as Exhibit A to Kane's Notice of Request for Judicial Notice in Support of the Motion.

{00025721.DOC:2}

satisfy its burden of demonstrating that jurisdiction over Kane would not violate the Due Process clause of the Fourteenth Amendment by "offend[ing] traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Plaintiff neglects to address why a balance of the multiple factors established by the Second Circuit weighs in favor of New York jurisdiction. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Plaintiff merely notes that since Kane has access to Dunmore NY's corporate documents, it would be fair to maintain the action in New York. Although Plaintiff erroneously asserts that Kane has made a similar argument regarding its lack of access to DHI's documents,[12] the reality is that Kane never made such an argument -- Dunmore NY did. Plaintiff wholly fails to demonstrate how jurisdiction in New York would either satisfy Due Process or accord with social policy. Accordingly, this Court should dismiss this action against Kane for lack of personal jurisdiction over him.

## II.     THE CASE SHOULD BE TRANSFERRED TO CALIFORNIA FOR CONVENIENCE

While Plaintiff correctly states that the removal statute, 28 U.S.C. 1441(a), determines the proper venue in a removed case, it remains within the court's discretion to transfer a case to a more convenient forum under 28 U.S.C. § 1404. *See United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998). The fact remains that "a party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action." *Id.*

Assuming *arguendo* that there is personal jurisdiction over Kane in New York, this Court should transfer this case to California in the interest of justice based on the convenience of the

---

[12] Plaintiff's Reply Brief, at p.8 n.4.

parties and the witnesses. To transfer an action pursuant to 28 U.S.C. § 1404(a), the court must find that (a) the action could have been brought in the transferee court, and (b) transfer serves the interest of justice and the convenience of the witnesses and the parties. *See, e.g., D.H. Blair & Co. v. Gottidiener*, 462 F.3d 95 (2d Cir. 2006).

Both prongs of this test are more than satisfied here. It is undisputed that this action could have been brought in the United States District Court for the Eastern District of California because all of the defendants reside in or around Sacramento, California. Moreover, while the Plaintiff's choice of forum is considered in a motion to change venue pursuant to 28 U.S.C. § 1404(a), as discussed in the Motion, the balance of convenience and justice weigh heavily in favor of a California forum due to: the convenience of the witnesses; the location of relevant documents and relative ease of access to sources of proof; the convenience of the parties; the locus of operative facts; the availability of process to compel the attendance of unwilling witnesses; and the relative means of the parties, based on a totality of the circumstances. *See American Steamship Owners Mutual Protection and Indemnity Assoc, Inc. v. LaFarge North America, Inc.*, 474 F. Supp. 2nd 474, 482 (S.D.N.Y. 2007); *D.H. Blair & Co. v. Gottidiener*, 462 F.3d at 107 (citations omitted). It bears repeating that Kane is being sued in his individual capacity by the Plaintiff, based on activities that occurred entirely within California.

In support of its argument that New York is the most appropriate forum, Plaintiff avers that a factor that adds weight to its argument is that the "operative document" here, the Indenture contract, contains a forum selection clause providing that any proceeding *may* be brought in New York.[13] See Exhibit A to the Complaint. However, it strains credulity that Kane, who was not a

---

[13] We note that, with all of Plaintiff's "emphasis added" to that paragraph in the Reply Brief, the word "may" remains unadorned.

7

{00025721.DOC:2}

party to the Indenture contract and did not benefit in any way from such contract, can be bound by the contract. Secondly, this forum selection clause is permissive, providing that either party *may* (emphasis added) remove an action to the Southern District of New York. The majority of cases Plaintiff cites in support involved mandatory forum selection clauses, and the one case that addressed a permissive forum selection clause held that the clause was not binding. *Powerdsine, Inc. v. Broadcom Corp*., 2008 WL 268808, at *4 (E.D.N.Y. 2008).

## CONCLUSION

Plaintiff has failed to establish that this Court has personal jurisdiction over Kane. Furthermore, even if this Court has jurisdiction over Kane, the matter should nevertheless be transferred to California because it will promote justice and efficiency to litigate in the venue where the defendants, and virtually all of the witnesses and documents are located.

Dated: April 4, 2008

        Respectfully submitted,

        COHEN TAUBER SPIEVACK & WAGNER P.C.

        By: ___/s/ Stephen Wagner_____
            Stephen Wagner
        420 Lexington Ave., Suite 2400
        New York, NY 10170
        Phone: (212) 586-5800
        Fax: (212) 586-5095

        *Attorneys for Defendant Michael A. Kane*