UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | District Court Case No.: |
| TABERNA CAPITAL MANAGEMENT, LLC, | | 08 CV 1817 [JSR] |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, | | **ORAL ARGUMENT REQUESTED** |
| and DHI DEVELOPMENT f/k/a DUNMORE | : | |
| HOMES, LLC, | | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIDNEY B. DUNMORE'S
MOTION TO: (1) DISMISS THE COMPLAINT DUE TO THE AUTOMATIC STAY
OR DUE TO PLAINTIFF'S LACK OF STANDING; (2) DISMISS THE COMPLAINT
PURSUANT TO F.R.C.P. 12(b)(6); OR IN THE ALTERNATIVE, (3) FOR A MORE
<u>DEFINITE STATEMENT OF FACTS PURSUANT TO F.R.C.P. 12(e)</u>**

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ....................................................................................... 2

II.     FACTUAL BACKGROUND ........................................................................................ 3

III.    PLAINTIFF HAS NO STANDING TO PURSUE ANY CLAIMS AGAINST
        DUNMORE ............................................................................................................... 4

IV.     ALL CLAIMS AGAINST DUNMORE ARE GENERALIZED AND CAN ONLY BE
        ASSERTED BY THE TRUSTEE ................................................................................ 6

V.      THE ALTER EGO CLAIM AGAINST DUNMORE IS PROPERTY OF THE
        BANKRUPTCY ESTATE ........................................................................................... 7

VI.     THE OTHER CLAIMS AGAINST DUNMORE ARE PROPERTY OF THE
        BANKRUPTCY ESTATE ........................................................................................... 9

VII.    PLAINTIFF'S CONTINUED PROSECUTION OF THE ACTION AGAINST
        DUNMORE CONSTITUTES A VIOLATION OF THE AUTOMATIC STAY .......... 11

VIII.   PLAINTIFF FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF CAN BE
        GRANTED ............................................................................................................... 13

        A.   Plaintiff Fails to State A Claim Against Dunmore For Alter Ego ...................... 14
        B.   Plaintiff Fails to State A Claim Against Dunmore For Tortious Interference .... 16
        C.   Plaintiff Fails to State A Claim Against Dunmore For Breach of Fiduciary
             Duty ............................................................................................................... 17
        D.   Plaintiff Fails to State A Claim Against Dunmore For Fraudulent
             Conveyance .................................................................................................... 18
        E.   Plaintiff Fails to State A Claim Against Dunmore For Unjust Enrichment ....... 20

IX.     THERE ARE INSUFFICIENT FACTS ALLEGED IN THE COMPLAINT ............... 20

X.      CONCLUSION ......................................................................................................... 21

## TABLE OF AUTHORITIES

### CASES

In re 10th Ave. Record Distributors, Inc.,
    97 B.R. 163 (S.D.N.Y. 1989) -------------------------------------------------------------------- 8

In re Albion Disposal, Inc.,
    217 B.R. 394 (W.D.N.Y. 1997) ----------------------------------------------------------------- 5

In re AP Industries, Inc.,
    117 B.R. 789 (Bankr. S.D.N.Y. 1990) ------------------------------------------------------- 9

Balistreri v. Pacifica Police Dept.,
    901 F. 2d 696 (9th Cir. 1990) ---------------------------------------------------------------- 14

In re Brilliant Glass, Inc.,
    99 B.R. 16 (C.D.C.A. 1988) ------------------------------------------------------------------ 12

Butner v. United States,
    440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) -------------------------------------- 6

CarrAmerica Realty Corp. v. nVidia Corp.
    (Not Reported in F.Supp.2d), 2006 WL 2868979, *3 (N.D. Cal. 2006)------------------------------ 9

Chase Manhattan Bank v. Banque Intra, S.A.,
    274 F. Supp. 496 (S.D.N.Y.1967) ---------------------------------------------------------- 20

In re Chateaugay Corp.,
    920 F.2d 183 (2d Cir. 1990) ----------------------------------------------------------------- 11

Conley v. Gibson,
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)---------------------------------------------- 14

Cortez v. Vogt,
    52 Cal.App.4th 917 (1997)------------------------------------------------------------------- 18

Crysen/Montenay Energy Co.,
    902 F.2d 1098 (2nd Cir. 1990) -------------------------------------------------------------- 11

In re Davey Roofing, Inc.,
    167 B.R. 604 (C.D. Cal. 1994) -------------------------------------------------------- 5, 7, 8

In re Delta Air Lines, Inc.,
    2007 WL 3166776, *4 (S.D.N.Y. 2007) -------------------------------------------------- 13

Cases (cont.)

Dolco Inv., Ltd. v. Moonriver Development, Ltd.,
    486 F.Supp.2d 261 (S.D.N.Y. 2007) -------------------------------------------------------------------- 16

Drywall Tapers, Local 1974 v. Local 530,
    889 F.2d 389 (2d Cir. 1989) ------------------------------------------------------------------------ 12

In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,
    536 F.Supp.2d 1129 (N.D. Cal. 2008)------------------------------------------------------------- 19

Eddleman v. Thomas,
    2007 WL 3051261, *1 (D. Nev. 2007)------------------------------------------------------------- 10

Elgin Sweeper Co. v. Melson Inc.,
    884 F. Supp. 641 (N.D.N.Y. 1995) ---------------------------------------------------------------- 14

Fidelity Mortg. Investors v. Camelia Builders, Inc.,
    550 F.2d 47 (2d Cir. 1976)------------------------------------------------------------------------- 11

Finkelstein v. Mardkha,
    495 F.Supp.2d 329 (S.D.N.Y. 2007) -------------------------------------------------------------- 20

First Nationwide Sav. v. Perry,
    11 Cal. App. 4th 1657, 15 Cal. Rptr. 2d 173 (1992) -------------------------------------------- 20

Flores v. Hagobian,
    2007 WL 1792257, *2 (E.D. Cal. 2007) --------------------------------------------------------- 13

In re Folks,
    211 B.R. 378 (B.A.P. 9th Cir. 1997) ------------------------------------------------------ passim

Gosconcert v. Hillyer,
    158 B.R. 24 (S.D.N.Y. 1993)------------------------------------------------------------------------ 6

Heffernan v. Bennett & Armour,
    110 Cal.App.2d 564 (1952) ------------------------------------------------------------------------ 19

Hennessey's Tavern, Inc. v. American Air Filter Company, Inc.,
    204 Cal. App. 3d 1351 (1988)--------------------------------------------------------------------- 14

Ito v. Brighton/Shaw, Inc.,
    2008 WL 686128 (E.D. Cal. 2008) --------------------------------------------------------------- 17

Cases (cont.)

Jie Yu v. Southland Taste Restaurant Inc., et al.,
    2007 WL 3306631 *2 (N.D. Cal.) ------------------------------------------------------------------------ 18

Kalb, Voorhis & Co. v. American Financial Corporation,
    8 F.3d 130 (2nd Cir. 1993)-------------------------------------------------------------------------- 6, 7, 8

In re Keene Corp. v. D. Coleman, et al.,
    164 B.R. 844 (Bankr. S.D.N.Y. 1994) ------------------------------------------------------------ passim

Kirk v. Heppt,
    532 F.Supp.2d 586 (S.D.N.Y. 2008) ------------------------------------------------------------------ 17

Kirkeby v. Superior Court of Orange County,
    33 Cal. 4th 642(2004)------------------------------------------------------------------------------------ 18

Koch Refining v. Farmers Union Cent. Exch.,
    831 F.2d 1339 (7th Cir. 1987) ------------------------------------------------------------------------------ 8

Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.,
    79 B.R. 534 (S.D.N.Y. 1987)--------------------------------------------------------------------------- 13

Levinson v. Primedia Inc.,
    2007 WL 2298406, *9 (S.D.N.Y. 2007) ------------------------------------------------------------- 16

Loblaw, Inc. v. Wylie,
    50 A.D.2d 4, 375 N.Y.S.2d 706 (App. Div. 4th Dep't 1975)----------------------------------------- 19

Lovesy v. Armed Forces Ben Ass'n,
    2008 WL 696991 at *4 (N.D. Cal. 2008) ----------------------------------------------------------- 15

Mahmud v. Kaufmann,
    454 F.Supp.2d 150 (S.D.N.Y. 2006) ----------------------------------------------------------------- 14

Manhattan King David Restaurant Inc. v. Levine,
    163 B.R. 36 (S.D.N.Y. 1993)--------------------------------------------------------------------------- 12

Marcelos v. Dominguez,
    2008 WL 1820683, *9, 11 (N.D. Cal. 2008) ------------------------------------------------------- 19

In re McGrath,
    2008 WL 859152, *12 (Bankr. E.D.Cal. 2008) --------------------------------------------------- 12

Miller v. Schloss,
    218 N.Y. 400, 113 N.E. 337 (1916) -------------------------------------------------------------------- 20

Cases (cont.)

Milne Employees Ass'n v. Sun Carriers., Inc.,
   960 F.2d 1401 (9th Cir. 1991) ------------------------------------------------------------------------ 16

Morris v. New York State Dept. of Taxation and Finance,
   82 N.Y. 2d 135 (N.Y. 1993) -------------------------------------------------------------------------- 14

Murray v. Miner,
   876 F. Supp. 512 (S.D.N.Y. 1995)-----------------------------------------------------------------4, 5

Natural Resources Media & Technology Group v. Snoop Youth Football League Foundation,
   2008 WL 728650, *2 (S.D.N.Y. 2008)--------------------------------------------------------------- 17

Nielson v. Union Bank of Cal. N.A.,
   290 F.Supp.2d 1101 (C.D. Cal. 2003)--------------------------------------------------------------- 16

In re Pacific Gas & Elec. Co.,
   281 B.R. 1, *14 (Bankr. N.D. Cal. 2002) ---------------------------------------------------------- 10

In re Park South Securities, LLC,
   326 B.R. 505 (Bankr. S.D.N.Y. 2005) -------------------------------------------------------------- 10

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007) ------------------------------------------------------------------------- 13

Pelman ex rel. Pelman v. McDonald's Corp.,
   396 F.Supp.2d 439 (S.D.N.Y. 2005)---------------------------------------------------------------- 21

Pepper v. Litton,
   308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939)-------------------------------------------------- 7

Qwest Communications Corporation V. Herakles, LLC,
   2007 WL 2288299, *3 (E.D.Cal.)-------------------------------------------------------------------- 15

SEC v. Hickey,
   2003 U.S. App. Lexis 13563 at *11 (9th Cir.2003) ----------------------------------------------- 15

In re Serrato,
   214 B.R. 219 (Bankr. N.D. Cal. 1997) --------------------------------------------------------------- 9

Smith v. Arthur Andersen LLP,
   421 F.3d 989 (9th Cir. 2005) ------------------------------------------------------------------------ 10

In re Snyder,
   61 B.R. 268 (Bankr. S.D.Ohio 1986)----------------------------------------------------------------- 9

Cases (cont.)

Sonora Diamond Corp. v. Superior Ct.,
  83 Cal. App. 4th 523 (2000) ---------------------------------------------------------------------- 15

Soviet Pan Am Travel Effort v. Travel Committee, Inc.,
  756 F. Supp. 126 (S.D.N.Y. 1991)--------------------------------------------------------------- 8

St. Paul Fire and Marine Ins. Co. v. PepsiCo Inc.,
  884 F.2d 688 (2d Cir.1989) ----------------------------------------------------------------------- 8

Stuart Silver Associates, Inc. v. Baco Development,
  245 A.D.2d 96 (N.Y.A.D. 1997) --------------------------------------------------------------- 19

United States v. Whiting Pools, Inc.,
  462 U.S. 198 n. 9, 103 S.Ct. 2309 n. 9, 76 L.Ed.2d 515 n. 9 (1983)---------------------------- 6

Whirlpool Corp. v. CIT Group/Business Credit, Inc.,
  258 F.Supp.2d 1140 (D.Hawaii 2003)----------------------------------------------------------- 9

In re White,
  186 B.R. 700 (9th Cir. BAP 1995)-------------------------------------------------------------- 13

Wynn v. Nat'l Broadcasting Co., Inc.,
  234 F.Supp.2d 1067 (C.D. Cal. 2002)---------------------------------------------------------- 16

Yaesu Electronics Corp. v. Tamura,
  28 Cal. App. 4th 8 (1994) --------------------------------------------------------------------- 18

STATUTES

11 U.S.C. § 101(5)------------------------------------------------------------------------ 6
11 U.S.C. § 362 -------------------------------------------------------------- 2, 4, 11, 12
11 U.S.C. § 362(a)(1) ---------------------------------------------------------------- 11
11 U.S.C. § 362(a)(2) ---------------------------------------------------------------- 12
11 U.S.C. § 362(a)(3) ------------------------------------------------------------ 2, 12, 13
11 U.S.C. § 362(h)-------------------------------------------------------------------- 12
11 U.S.C. § 541 -------------------------------------------------------------------- 2, 4, 7
11 U.S.C. § 541(a)(1) ---------------------------------------------------------------- 6
11 U.S.C. § 541(a)(3) ---------------------------------------------------------------- 11
11 U.S.C. § 704(1)-------------------------------------------------------------------- 7
California Civil Code § 3439.01 ------------------------------------------------------ 18
California Civil Code § 3439.04 ------------------------------------------------------ 18
FRCP 9(b) -------------------------------------------------------------------------- 19
FRCP 12(b)(6) ------------------------------------------------------------------ 2, 13, 14
FRCP 12(e) ---------------------------------------------------------------------- 2, 3, 21
FRCP 19(a) ---------------------------------------------------------------------- 19, 20

OTHER AUTHORITIES

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307 (1971)------------------------------------ 8

Defendant Sidney B. Dunmore ("Defendant" or "Dunmore"), by his attorneys, hereby moves this Court to: Dismiss the Complaint filed by Taberna Capital Management, LLC ("Plaintiff" or "Taberna") pursuant to (1) 11 U.S.C. § 362 (based upon application of the automatic stay) and 11 U.S.C. § 541 (based upon Plaintiff's lack of standing to pursue property of the Debtor's bankruptcy estate); (2) pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6); and/or in the alternative; (3) for a more definite statement of facts pursuant to FRCP 12(e) (the "Motion").

In support of this Motion, Dunmore respectfully states as follows:

## I.

## SUMMARY OF ARGUMENT

On April 8, 2008, DHI Development, formerly known as Dunmore Homes, LLC, a California corporation ("Dunmore CA") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court of California, Eastern District, Sacramento Division (the "Bankruptcy Case"). It is axiomatic that upon the commencement of the Bankruptcy Case, certain rights and interests were vested in Dunmore CA as the Chapter 7 debtor and/or the Chapter 7 Trustee of the Dunmore CA Bankruptcy Case.

Continuation of this Action by Plaintiff is a direct affront to the Bankruptcy Code, and specifically, 11 U.S.C. § 362(a)(3) and § 541. This is particularly so given the nature of the claims alleged against Dunmore, and the Plaintiff's reliance upon the theory of alter ego liability. Accordingly, as a direct consequence of the commencement of the Bankruptcy Case, Plaintiff no longer has standing to pursue any causes of action against Dunmore for any of the claims alleged in the Complaint for: (1) tortious interference, (2) breach of fiduciary duty, (3) fraudulent conveyance, (4) alter ego and (5) unjust enrichment.

In addition and unrelated to the lack of standing issue, there is yet another reason to dismiss the Complaint: Pursuant to FRCP 12(b)(6), the Complaint fails to state a claim upon which relief can be granted and fails to allege the required elements in any of the causes of action against Dunmore. Where Plaintiff fails to meet at least one element of each cause of

action alleged in the Complaint, it is evident that no claims are properly stated against Dunmore. Finally, the Complaint also fails pursuant to FRCP 12(e) in that it does not state facts with specificity sufficient to notify Dunmore of the claims pending against him.

While some of the pleading defects potentially may be cured through further amended pleadings, this is a secondary issue to the lack of standing, which cannot be cured. Thus, dismissal of the Complaint as to Dunmore is necessary and appropriate.

## II.

## FACTUAL BACKGROUND

On or about January 17, 2008, Plaintiff filed its Complaint in New York state court against Dunmore, Michael A. Kane ("Kane"), and Dunmore CA (the "Complaint").[1] Dunmore Homes, a New York corporation ("Dunmore NY"), the buyer of all rights, liabilities, title and interests of Dunmore CA, was not named as a party to this Action.

The general allegations in the Complaint filed by Plaintiff[2] on or about January 17, 2008, are that, JP Morgan Chase Bank, N.A., as Trustee, *inter alia*, entered into a contract in or about June 28, 2005 with, not Dunmore individually, but rather, Dunmore CA (the "Contract").[3] Significantly, neither of the individually named defendants, Dunmore, nor Kane, are parties to the Contract which is the subject of the first claim for relief; and Dunmore CA is not a party to the other five claims for relief against the two individuals.[4] Notwithstanding, Plaintiff seeks to hold Dunmore individually liable on a vaguely articulated alter ego theory and related causes of action simply because he was the president of Dunmore CA at the time of the Contract.

---

[1] The Action was removed by Dunmore to federal court on or about February 22, 2008. See Notice to Federal Court of Removal of Civil Action from State Court filed by Dunmore on or about February 22, 2008.

[2] According to the Complaint, Plaintiff is the collateral manager of the holder of the securities issued pursuant to the Contract, but is not a party to the Contract itself. See Complaint at 1: ¶ 2.

[3] See Complaint at 1: ¶ 1.

[4] There is no question that the first claim for relief against Dunmore CA for breach of contract is stayed as a consequence of the Bankruptcy Case.

Plaintiff's allegations all arise from the alleged breach of Contract by Dunmore CA. However, there are no facts provided in the Complaint, only legal conclusions.

Dunmore CA did not file a response to this Action and instead, on April 8, 2008, Dunmore CA filed its Bankruptcy Case. Thomas A. Aceituno was appointed to serve as the Chapter 7 Trustee (the "Chapter 7 Trustee") in the Bankruptcy Case. As a consequence of this bankruptcy filing, all causes of action in the Complaint are now stayed by operation of law (11 U.S.C. § 362) and/or are assets of the bankruptcy estate (11 U.S.C. § 541).

### III.

### PLAINTIFF HAS NO STANDING

### TO PURSUE ANY CLAIMS AGAINST DUNMORE

In light of Dunmore CA's Bankruptcy Case, Plaintiff cannot pursue any of the claims for relief set forth in the Complaint against Dunmore CA and Dunmore because it would violate the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362) and in any event, Plaintiff has no standing to pursue any claims against Dunmore because those putative claims as articulated in the Complaint are all assets of the bankruptcy estate, as set forth more fully below (11 U.S.C. § 541).

The claims alleged against Dunmore are all based on an alleged breach of the Contract by Dunmore CA, *vis-s-vis* a variety of "alter ego" theories. However, as a matter of law, only the trustee has standing to assert claims based upon piercing the corporate veil or alter ego liability, and creditors, such as Plaintiff, are precluded from pursing those claims unless and until they have been abandoned. See Murray v. Miner, 876 F. Supp. 512, 516-17 (S.D.N.Y. 1995); In re Keene Corp. v. Coleman, 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994). The Bankruptcy Code specifically vests in the trustee the right to assert claims which belong to the debtor both directly and under the trustee's "strong arm" or avoiding powers. Id. at 851, 854. The Bankruptcy Code also authorizes the trustee to prosecute such claims *for the benefit of all creditors*, and necessarily deprives individual creditors of any standing to pursue the same claims for their sole benefit, such as the claims for relief by Taberna herein. Id. at 851.

4

New York cases on point are clear: once a bankruptcy case has been commenced, alter ego claims, like fraudulent transfer claims, must be asserted by the trustee. Id. at 852. In such situations, the creditor's claim is only general and indirect because it is the *sine qua non* for asserting a remedy against the alleged alter ego and the successful invocation of the remedy will increase the assets available for distribution for all creditors. Id. Accordingly, the automatic stay protects creditors from distribution to the few on a first come, first serve basis, and limits standing to the trustee who can assert the claim on behalf of all creditors. Id. at 852; Murray, 876 F. Supp. at 517.

Similarly, putative claims against officers and directors for breach of fiduciary duty, as well as claims against the knowing recipients of the fruits of their disloyalty (*i.e.*, putative unjust enrichment claims), are also property of the estate[5] within the meaning of Section 541 of the Bankruptcy Code. Keene Corp., 164 B.R. at 853. The trustee, therefore, is the *only* person with standing to bring each of the claims against Dunmore as alleged in Plaintiff's Complaint, absent abandonment and relief from the automatic stay.[6] Id. at 853-54 (emphasis added).

As set forth below, and given the foregoing, it is clear that all of the claims for relief asserted by Plaintiff in the Complaint are property of the bankruptcy estate, and accordingly, Plaintiff has no standing to pursue them.

---

[5] Property of the estate has been broadly defined to include "all interests, such as interests in real or personal property, tangible and intangible property, choses in action, causes of action, rights such as copyrights, trade-marks, patents, and processes, contingent interests and future interests, whether or not transferable by the debtor." In re Albion Disposal, Inc., 217 B.R. 394, 402 (W.D.N.Y. 1997).

[6] California cases are also in accord: only the trustee has standing to assert the alter ego claim where injury to the corporation is alleged. The trustee's exclusivity to assert the claim follows from the conclusion that alter ego claims are property of the bankrupt estate. In Re Davey Roofing, Inc., 167 B.R. 604, 608 (C.D. Cal. 1994).

## IV.

## ALL CLAIMS AGAINST DUNMORE ARE GENERALIZED AND CAN ONLY BE ASSERTED BY THE TRUSTEE

A claim is defined in the Bankruptcy Code as a right to payment or the right to an equitable remedy for a breach of performance that gives rise to a right to payment. 11 U.S.C. §101(5).[7] A *generalized* claim is defined as one in which all creditors are affected and no particularized injury arises from it. Kalb, Voorhis & Co. v. American Financial Corporation, 8 F.3d 130, 132 (2nd Cir. 1993); In re Folks, 211 B.R. 378, 385 (B.A.P. 9th Cir. 1997); Gosconcert v. Hillyer, 158 B.R. 24, 29-30 (S.D.N.Y. 1993). Conversely, a particularized injury is defined as a personal claim belonging to an individual creditor. See Folks, 211 B.R. at 383; Kalb, 8 F.3d at 132.

Section 541 of the Bankruptcy Code defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). The scope of § 541 is broadly defined and includes causes of action such as those alleged by Taberna in the Complaint. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n. 9, 76 L.Ed.2d 515 n. 9 (1983) (citations omitted). Bankruptcy law looks to state law to determine the property rights of the debtor. Butner v. United States, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Once the bankruptcy petition is filed, property rights which belong to the debtor become assets of the estate. 11 U.S.C. § 541(a)(1); Folks, 211 B.R. at 384. Thus, a right of action which is property of the debtor becomes property of the estate. Folks, 211 B.R. at 387.

A bankruptcy court has broad equitable powers and has the power to prevent injustice or unfairness in the administration of the bankruptcy estate. Fair administration of the estate

---

[7] Section 101(5) of the Bankruptcy Code provides: "claim" means--"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]"

6

requires claims which are assets of the bankruptcy estate to be pursued by the bankruptcy trustee. Pepper v. Litton, 308 U.S. 295, 307-08, 60 S.Ct. 238, 245-46, 84 L.Ed. 281 (1939). As property of the estate, the right to assert the claim is vested in the trustee. Id. at 306-07; § 704(1).[8] This includes a right of action for breach of fiduciary duty that is enforceable by the corporation or by a shareholder's derivative action before the bankruptcy petition is filed. Pepper v. Litton, 308 U.S. at 307. It follows that this also includes a right of action for tortious interference, fraudulent conveyance, and unjust enrichment, because such claims are generalized and could be asserted by a debtor against a third party for the benefit of all of its creditors. See e.g., Kalb, 8 F.3d at 132. Because all of Plaintiff's putative claims are general in nature and not particular. Plaintiff has no standing whatsoever to pursue them. Folks, 211 B.R. at 387.

## V.

## THE ALTER EGO CLAIM AGAINST DUNMORE IS PROPERTY OF THE BANKRUPTCY ESTATE

The putative alter ego claim alleged against Dunmore is an asset of the bankruptcy estate.[9] The Bankruptcy Code vests a trustee with the right to assert all of the Debtor's legal and equitable interests and to "collect and reduce to money the property of the estate." See 11 U.S.C. § 704(1); In Re Davey Roofing, Inc., 167 B.R. 604, 606 (C.D. Cal. 1994). Pursuant to 11 U.S.C. § 541, the property of the estate includes all legal and equitable interests of the debtor at the commencement of the case.

The question of whether the alter ego claim against Dunmore is property of the Dunmore CA estate or belongs to an individual creditor, for the purpose of determining standing to assert the claim, depends upon which state law permits an attempt to pierce the corporate veil. Kalb, 8 F.3d at 132. The law of the state of incorporation (in this case, California) determines when the corporate form will be disregarded and liability will be imposed on shareholders: "[b]ecause a

---

[8] 11 U.S.C. § 704(1) provides: "The trustee shall--(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest."

[9] Dunmore disputes that such a claim even has any merit. However, putting that issue aside, such a claim, if it exists at all, is an asset of Dunmore CA's Bankruptcy Case in any event.

7

corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away." Soviet Pan Am Travel Effort v. Travel Committee, Inc., 756 F. Supp. 126, 131 (S.D.N.Y. 1991) (applying New York choice of law principles). See also RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307 (1971) ("The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation ... and to its creditors for corporate debts."). Accordingly, California substantive law applies to this alter ego claim because California is the place of Dunmore CA's incorporation and Dunmore CA has its principal place of business in California. See Notice to Federal Court of Removal of Civil Action from State Court filed by Dunmore on or about February 22, 2008; Kalb, 8 F.3d at 132.

Both Ninth Circuit law and California law permit a debtor to assert an alter ego claim to pierce its own corporate veil if equity demands, and therefore that claim becomes property of the estate. Davey Roofing, Inc., 167 B.R. at 608; Folks, 211 B.R. at 385. Since alter ego claims constitute property of the bankruptcy estate, those claims cannot belong to any individual creditor, and thus may not be asserted by individual creditors. Id. at 384-85 (citations omitted); Kalb, 8 F.3d at 132. "If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." Kalb, 8 F.3d at 132 (citing St. Paul Fire and Marine Ins. Co. v. PepsiCo Inc., 884 F.2d 688, 700-01 (2d Cir.1989) (citations omitted)).[10] Folks, 211 B.R. at 387 (citing Kalb, 8 F.3d at 132); Davey Roofing, 167 B.R. at 606; In re 10th Ave. Record Distributors, Inc., 97 B.R. 163, 166 (S.D.N.Y. 1989).

Here, the alter ego claim of Plaintiff against Dunmore reflects liability to all creditors of

---

[10] A cause of action is "personal" if the claimant himself is harmed and no other claimant or creditor has an interest in the cause. Folks, 211 B.R. at 387, citing Koch Refining v. Farmers Union Cent. Exch., 831 F.2d 1339, 1348-49 (7th Cir. 1987). A general claim exists "[i]f the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors." Id., citing Koch Refining, 831 F.2d at 1349.

the corporation without regard to the personal dealings between Dunmore and Plaintiff. Nowhere in the Complaint has Plaintiff illustrated that it has a particularized injury. In fact, in its Complaint, Plaintiff alleges that Dunmore treated Dunmore CA as its alter ego. Specifically, Plaintiff alleges that Dunmore was the sole owner, chief executive officer and a director of Dunmore CA and "as such, owed creditors of Dunmore [CA] fiduciary duties to preserve the assets of Dunmore [CA]". See Complaint at 4-5: ¶ 24. These generic alter ego allegations constitute a general claim, which if proven, although disputed by Dunmore, would establish a basis for holding Dunmore liable for all of the corporate debts of Dunmore CA. Accordingly, it then follows that this alter ego claim can only be asserted by the Dunmore CA trustee and does not belong to Plaintiff, or any individual creditor of Dunmore CA for that matter. In re Keene Corp., 164 B.R. at 852.

## VI.

## THE OTHER CLAIMS AGAINST DUNMORE
## ARE PROPERTY OF THE BANKRUPTCY ESTATE

The other claims alleged against Dunmore (and Kane) are directly reliant upon an alter ego theory, because they seek to hold the principal of the corporation responsible for actions of the corporation. To establish these other claims, the corporate veil still must be pierced. Therefore, under the analysis above and well settled law, these other claims against Dunmore for (1) tortious interference, (2) breach of fiduciary duty, (3) fraudulent conveyance, and (4) unjust enrichment are also property of the estate.[11] Therefore, Dunmore CA's trustee is the only party with standing to bring the claims. In re Keene Corp., 164 B.R. at 854.

---

[11] Folks, 211 B.R. at 387 (alter ego is a general claim and is property of the estate); Keene Corp. v. D. Coleman, et al., 164 B.R. 844, 851-52 (Bankr. S.D.N.Y. 1994) (alter ego action is property of the estate); CarrAmerica Realty Corp. v. nVidia Corp. (Not Reported in F. Supp. 2d), 2006 WL 2868979, *3-*4 (N.D. Cal. 2006) (claim for **intentional interference** with a contract states a claim of harm to the corporation which affects all creditors and is a general claim); In re Snyder, 61 B.R. 268, 270 (Bankr. S.D. Ohio 1986) (trustee has standing to bring **tortious interference** action on behalf of estate); In re AP Industries, Inc., 117 B.R. 789, 801 (Bankr. S.D.N.Y. 1990) (**fraudulent conveyance** action is property of the estate); In re Serrato, 214 B.R. 219, 226-27 (Bankr. N.D. Cal. 1997) (trustee has standing to bring **fraudulent conveyance** action because property belongs to estate; Whirlpool Corp. v. CIT Group/Business Credit, Inc.,

To determine whether an action is personalized to an individual creditor or accrues generally to Plaintiff, the Court must look to the claim and the injury for which relief is sought. Folks, 211 B.R. at 387. Here, Plaintiff alleges that it was injured by the alleged transfer of assets from Dunmore CA to Dunmore NY, allegedly caused by Dunmore's "tortious interference" with Dunmore CA's performance under the terms of the Indenture between Plaintiff and Dunmore CA. See Complaint at 4: ¶¶ 19-20. Such alleged tortious interference is however, nothing more than a generalized claim because it only alleges harm to Dunmore CA, not Plaintiff. Plaintiff's artful pleading does not alter this consequence. Accordingly, the trustee has standing to bring a tortious interference claim on behalf of the estate.

Plaintiff also alleges that it was somehow injured because Dunmore did not preserve the assets of Dunmore CA, (Complaint at 4-5: ¶ 24), as the gravemen of its alleged breach of fiduciary duty claim. However, breach of fiduciary duty is also a generalized claim because, as the Complaint states, if Dunmore owed fiduciary duties to Plaintiff, he owed them to all creditors of Dunmore CA, not only Plaintiff. See Complaint at 4-5: ¶ 24. Therefore, any alleged breach of such duty (which Dunmore disputes) is not a particularized injury to Plaintiff, and only the trustee has standing to assert the claim on behalf of the estate.

Plaintiff further alleges that it was somehow injured in that assets of Dunmore CA were transferred, and as a result, Plaintiff's rights were somehow "hindered and delayed". See Complaint at 5: ¶¶ 25, 30. Such a claim is clearly generalized because if property of Dunmore

---

258 F. Supp. 2d 1140, 1146-47 (D. Hawaii 2003) (**fraudulent conveyance** not particularized injury, but general, so is property of the estate); Smith v. Arthur Andersen LLP, 421 F.3d 989, 1005-06 (9th Cir. 2005) (Because **fiduciary duty** claims involve injury to the debtor, a bankruptcy trustee has standing to pursue them); Keene Corp. v. D. Coleman, et al., 164 B.R. 844, 853-54 (Bankr. S.D.N.Y. 1994) (**fiduciary duty** action is property of the estate); In re Pacific Gas & Elec. Co., 281 B.R. 1, *14-*15 (Bankr. N.D. Cal. 2002) (**unjust enrichment** claim belongs to the estate and only trustee has standing to assert the claim); In re Park South Securities, LLC, 326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) (trustee has standing to bring **unjust enrichment** action on behalf of estate under section 544 of the Bankruptcy Code, and unjust enrichment claim is not a particularized injury); Eddleman v. Thomas, 2007 WL 3051261, *1-*2 (D. Nev. 2007) (**unjust enrichment** claim is not personal to creditor).

CA was fraudulently conveyed, it would injure all creditors and not just Plaintiff, and only the trustee would have standing to assert the claim on behalf of the estate.[12]

Finally, Plaintiff alleges that Dunmore was somehow unjustly enriched at the expense of Dunmore CA. See Complaint at 7: ¶ 39. Once again, unjust enrichment is a generalized claim because if a third party becomes enriched at the expense of the Debtor then it stands to reason that all creditors of the Debtor are equally injured through the putative diminution of collateral. Again, only the trustee would have standing to assert the claim on behalf of the estate in the first instance. Accordingly, every single claim that Plaintiff has asserted against Dunmore is a generalized claim which only the trustee has standing to assert. Folks, 211 B.R. at 387-88.

Even if the claims were not, themselves, property of the estate, they represent attempts by a creditor to collect claims against Debtor from third parties which only the trustee is authorized to recover under his or her "strong arm" or avoiding powers. See, e.g., Keene Corp., 164 B.R. at 853-54. Any property recovered by the trustee, therefore, would be property of the estate, 11 U.S.C. § 541(a)(3), and the commencement or continuation of creditor action is stayed by section 362(a)(1) of the Bankruptcy Code. Id.

## VII.

## PLAINTIFF'S CONTINUED PROSECUTION OF THE ACTION AGAINST DUNMORE CONSTITUTES A VIOLATION OF THE AUTOMATIC STAY

Pursuant to 11 U.S.C. § 362, a corporate debtor injured by a willful violation of the automatic stay may pursue a contempt action against the violator. In re Chateaugay Corp., 920 F.2d 183, 187 (2d Cir. 1990), citing Crysen/Montenay Energy Co., 902 F.2d 1098, 1104 (2nd Cir. 1990) (contempt involves maliciousness or lack of a good faith argument and belief that the

---

[12] At the hearing In Re Dunmore Homes, Inc. Case No. 07-13533 on various motions on November 16, 2007, the United States Bankruptcy Court of the Southern District of New York determined that the mere fact that Dunmore CA transferred its assets and liabilities to Dunmore NY is not in any way, shape or form indicative of fraudulent conveyance. See Transcript of the Hearing Before the Honorable Martin Glenn United States Bankruptcy Court Judge dated November 16, 2007 at 71-74 attached as Exhibit "A" to the Request for Judicial Notice filed concurrently herewith.

party's actions were not in violation of a bankruptcy stay); see also Fidelity Mortg. Investors v. Camelia Builders, Inc., 550 F.2d 47, 50-51, 57 (2d Cir. 1976) (allowing imposition of costs, including reasonable attorney's fees under civil contempt powers for acts which bankruptcy judge found were done with knowledge of automatic stay and deliberate disregard of bankruptcy rules regarding requirements for relief), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); Drywall Tapers, Local 1974 v. Local 530, 889 F.2d 389, 394-96 (2d Cir. 1989) (knowledge of violation and terms of injunction required to hold party in civil contempt), cert. denied, 494 U.S. 1030, 110 S.Ct. 1478, 108 L.Ed.2d 615 (1990); In re Brilliant Glass, Inc., 99 B.R. 16, 18 (C.D.C.A. 1988) (finding contempt an appropriate remedy for violation of the automatic stay as to corporate debtor where § 362(h) by its words only benefits individual debtors). New York case law is clear: actions taken in violation of the automatic stay are void. See Manhattan King David Restaurant Inc. v. Levine, 163 B.R. 36, 38, & fn. 3 (S.D.N.Y. 1993) (final judgment entered after the bankruptcy petition was filed rendered the judgment null and void for violating the automatic stay). Judicial proceedings in violation of the automatic stay are void. Id.

The protection of the automatic stay applies to Dunmore as well as Debtor[13] because, as set forth above, all of the causes of action against him involve property of the bankruptcy estate. See 11 U.S.C. 362(a)(3). The automatic stay bars any suit to obtain estate property, even if someone other than the debtor (i.e., Dunmore) is the defendant. Id. (stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate"). The automatic stay, therefore, applies to the action against

---

[13] Dunmore acknowledges that Plaintiff has not continued to pursue Dunmore CA through this Action. However, this does not end the analysis because pursuing Dunmore individually is still in violation of § 362. See 11 U.S.C. § 362(a)(2). See e.g., In re McGrath, 2008 WL 859152, *12 (Bankr. E.D. Cal. 2008).

Dunmore individually, as well as the Debtor Dunmore CA, and Plaintiff cannot pursue this action, even as to Dunmore, absent relief from the automatic stay.[14]

## VIII.

### PLAINTIFF FAILS TO STATE ANY CLAIMS
### UPON WHICH RELIEF CAN BE GRANTED

Because Plaintiff has no standing to pursue any of the claims against Dunmore, it has not stated any claim for which relief can be granted. However, even assuming *arguendo* that the bankruptcy filing did not impose an automatic stay and did not empower the trustee to assert the claims that Plaintiff seeks to pursue, Plaintiff's Complaint must still be dismissed. More problematic and fatal to Plaintiff's claim is the fact that Plaintiff has not pleaded the essential elements of the claims for relief in its Complaint. FRCP 12(b)(6); Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007).

FRCP 12(b)(6) provides that an action may be dismissed based on the "failure to state a claim upon which relief can be granted." A motion for dismissal should be granted under Rule 12(b)(6) where there is an absence of sufficient facts alleged under a cognizable legal theory. Patane, 508 F.3d at 111-12. In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of

---

[14] Cases have unequivally held that the automatic stay bars any suit to obtain estate property. In re Delta Air Lines, Inc., 2007 WL 3166776, *4 (S.D.N.Y. 2007) (Debtors' petition for bankruptcy operates as an automatic stay, applicable to all entities, of "any act to obtain possession of property of the estate or to exercise control over property of the estate"); Kommanditselskab Supertrans v. O.C.C. Shipping, Inc., 79 B.R. 534, 541-42 (S.D.N.Y. 1987) (automatic stay applies where plaintiff is attempting to obtain assets which belong to the debtor estate: "[n]o matter how [plaintiff] attempts to frame its action against third parties, it cannot disguise the fact that it is attempting to push its way to the front of the line of creditors, rather than seeking redress for a unique injury" (citations omitted)); Flores v. Hagobian, 2007 WL 1792257, *2 (E.D. Cal. 2007) (the Code prohibits any act to obtain possession of property of the estate or to exercise control over the property of the estate), citing In re White, 186 B.R. 700, 703-04 (9th Cir. BAP 1995) ("Where the language of the Code is plain [i.e., 11 U.S.C. § 362(a)(3)], it is to be enforced according to its terms"). Clearly, the automatic stay applies to Dunmore individually and Plaintiff is prohibited from pursuing this action absent obtaining relief from the automatic stay.

legal remedy. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). However, if a critical threshold element is missing from a Complaint, a motion to dismiss under Rule 12(b)(6) must be granted. Mahmud v. Kaufmann, 454 F.Supp.2d 150, 163-64 (S.D.N.Y. 2006) (dismissal of prima facie tort claim granted where plaintiff failed to plead critical element of special damages); Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990). Here, as shown above, there are fatal defects in the claims asserted by Plaintiff against Dunmore which warrant dismissal.

As outlined further herein, throughout the Complaint, Plaintiff makes largely unintelligible and/or conclusory allegations without setting forth with any specificity the underlying facts which would enable Dunmore to respond to the claims for relief asserted. Thus, the claims against Dunmore should be dismissed entirely.

## A.    Plaintiff Fails to State A Claim Against Dunmore For Alter Ego

A claim against a defendant, based upon alter ego theory, is not itself a claim for substantive relief. Hennessey's Tavern, Inc. v. American Air Filter Company, Inc., 204 Cal. App. 3d 1351, 1359 (1988); Morris v. New York State Dept. of Taxation and Finance, 82 N.Y. 2d 135, 141 (N.Y. 1993). As a matter of law, and as set forth above, an alter ego defendant has no separate primary liability to the plaintiff. Elgin Sweeper Co. v. Melson Inc., 884 F. Supp. 641, 643, 651 (N.D.N.Y. 1995). Rather, plaintiff's claim against the alter ego defendant is identical with that claimed by plaintiff against the already-named defendant (*i.e.* Dunmore CA). Id. ("Alter ego doctrine assumes that corporation itself is liable for obligation sought to be imposed, and thus attempt of third party to pierce corporate veil does not constitute cause of action independent of that against the corporation but is assertion of facts and circumstances which will persuade court to impose corporate obligations on its owners"); Morris, 82 N.Y. 2d at 141 ("an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners"). See also Hennessey's Tavern, Inc., 204 Cal. App. 3d at 1358.

14

Alter ego is an extreme remedy, sparingly used. See Sonora Diamond Corp. v. Superior Ct., 83 Cal. App. 4th 523, 539 (2000). California law is clear: a corporation is a legal entity, separate and distinct from its officers and shareholders. Id. at 538. The separate "corporate identity" may be disregarded – the "corporate veil" pierced – where an abuse of the corporate privilege justifies holding the equitable ownership of a corporation liable for actions of the corporation. Id. Under California law, to state a claim against a corporate principal under the alter ego doctrine, plaintiff must allege facts to satisfy two conditions: (1) such unity of ownership and interest that the separate personalities of the corporations do not exist, *and* (2) if the acts are treated as those of separate corporations, an inequitable result will follow. Sonora Diamond Corp., 83 Cal. App. at 538; Qwest Communications Corporation V. Herakles, LLC, 2007 WL 2288299, *3 (E.D.Cal.) (citing SEC v. Hickey, 2003 U.S. App. Lexis 13563 at *11 (9th Cir.2003)). Further, California courts have identified a number of factors that are relevant in evaluating alter ego claims: commingling of corporate and personal assets, failure to adhere to corporate formalities, holding out by one entity that it is liable for the debts of the other, the use of the corporation as a mere shell or conduit for the activity of the other, inadequate capitalization and more. Sonora Diamond Corp., 83 Cal. App. at 538-39.

Here, Plaintiff has failed in many respects: Plaintiff has not plead facts sufficient to show that (i) there was such unity of ownership and interest that the separate personalities of the Dunmore and Dunmore CA do not exist, and (ii) if the acts are treated as those of separate entities, an inequitable result will follow. In fact, Plaintiff fails to allege any facts to establish either element of the alter ego doctrine. Moreover, Plaintiff makes no attempt to allege facts showing that any of the traditional alter ego factors are present in this case. For example, Plaintiff concludes that Dunmore "exercised complete domination and control of Dunmore Homes" See Complaint at 6: ¶ 34, but does not plead any facts to support such allegation. Lovesy v. Armed Forces Ben Ass'n, 2008 WL 696991 at *4 (N.D. Cal. 2008) (At a minimum, plaintiff must set forth "sufficiently specific factual allegations" to support an alter ego claim in order to overcome a motion to dismiss. It is not sufficient, at the pleading stage, to make

15

conclusory allegations of control.  In order to withstand a motion to dismiss, the plaintiff must, at a minimum, "se[t] forth some examples of alleged domination;" Plaintiffs have failed to do so.) (citations omitted); Nielson v. Union Bank of Cal. N.A., 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) (Conclusory allegations of "alter ego" status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each).    Accordingly, Plaintiff has not properly plead its alter ego theory, and Dunmore is unable to frame a response to such deficient pleading.[15]

## B.    Plaintiff Fails to State A Claim Against Dunmore For Tortious Interference

California law is clear: the elements of tortious interference with Contract under California law are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.  See Wynn v. Nat'l Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1119 (C.D. Cal. 2002); Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401,

---

[15] Even under New York law, Plaintiff's pleading is defective and should be dismissed.    In New York, alter ego liability is established by proving (1) the entity must exercise such domination and control with respect to the transaction attached that the subsidiary had no separate will of its own, and (2) the domination and control must be used to commit a fraud or wrong against the Plaintiff.  Levinson v. Primedia Inc., 2007 WL 2298406, *9 (S.D.N.Y. 2007); See also Dolco Inv., Ltd. v. Moonriver Development, Ltd., 486 F.Supp.2d 261, 271-72 (S.D.N.Y. 2007).  The Second Circuit has identified a number of factors that are relevant in evaluating alter ego claims: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.  Id. at 271-72.  Plaintiff has alleged no facts whatsoever that can be analyzed under the above factors.  Rather, as set forth above, Plaintiff set forth only conclusory allegations.  Moreover, Plaintiff does not plead any facts to show (i) how Dunmore exercised such domination and control with respect to the alleged transaction (ii) that Dunmore CA had no separate will of its own, or (iii) how domination and control was used to commit a fraud or wrong against the Plaintiff.  Therefore, Plaintiff fails to sufficiently plead alter ego against Dunmore under New York law as well.

16

1411 (9th Cir. 1991). Here, Plaintiff has not plead facts to show that Dunmore intentionally procured Dunmore CA's breach of the Contract. Rather, the Complaint merely concludes that "Dunmore and Kane "knowingly, intentionally, and wrongfully interfered with the Holder's rights...." See Complaint at 4: ¶ 18. Such legal conclusions are not only unsupportable and false, but they are simply not facts. Indeed, the only alleged default is of a monetary nature and there is no allegation that money was available to pay Plaintiff's claim but for defendant's intentional interference directed those funds to another. Therefore, the cause of action for tortious interference is defectively plead, and it should be dismissed as a matter of law.[16]

## C.    Plaintiff Fails to State A Claim Against Dunmore For Breach of Fiduciary Duty

Under California law, the elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach. Ito v. Brighton/Shaw, Inc., 2008 WL 686128 (E.D. Cal. 2008).[17]

Plaintiff only claims that Dunmore owes fiduciary duties to Plaintiff. See Complaint at 4: ¶ 23). Plaintiff also asserts that Dunmore owes a fiduciary duty and to all creditors of Dunmore CA, as a result of his position as executive officer and director of Dunmore CA, and as a result of his alleged position as an "Administrative Trustee." See Complaint at 4-5: ¶¶ 23, 24. However, Plaintiff does not allege with any specificity facts that would indicate the existence of

---

[16] The elements of tortious interference with contract under Second Circuit law are the same as the elements required under California law except that as to the third element, New York law requires a showing that the "defendant's intentional procurement of the third-party's breach of the Contract be without justification." Natural Resources Media & Technology Group v. Snoop Youth Football League Foundation, 2008 WL 728650, *2 (S.D.N.Y. 2008) (citations omitted). Plaintiff has not pleaded facts to show that Dunmore intentionally procured Dunmore CA's breach of the Contract without justification. Therefore, this cause of action fails as a matter of law under New York law as well.

[17] Under New York law, the elements of breach of fiduciary duty claim are: (1) existence of fiduciary duty; and (2) breach of fiduciary duty. Kirk v. Heppt, 532 F. Supp. 2d 586, 592 (S.D.N.Y. 2008). Plaintiff has not plead facts in support of the elements of a breach of fiduciary duty under New York law, since Plaintiff has not set forth facts illustrating a fiduciary duty, or a breach of that duty.

17

a fiduciary duty between it, as a creditor of the corporation, and Dunmore, much less a breach of such alleged duty particularly in light where the gravitas of the underlying claim is for breach of contract between Plaintiff and Dunmore CA. Additionally, Plaintiff does not set forth facts illustrating a causal link between its alleged damages and a breach of fiduciary duty. Therefore, Plaintiff has not stated a claim for which relief can be granted, and this claim must be dismissed as well.

## D. Plaintiff Fails to State A Claim Against Dunmore For Fraudulent Conveyance

In California, a fraudulent conveyance claim is set forth in the Uniform Fraudulent Transfer Act (UFTA), which is codified in Civil Code section 3439 et seq. "A fraudulent conveyance is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." See Yaesu Electronics Corp. v. Tamura, 28 Cal. App. 4th 8, 13 (1994). A transfer under the UFTA is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset ..., and includes payment of money, release, lease, and creation of a lien or other encumbrance." See Civ. Code, § 3439.01, subd. (i). "A transfer of assets made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the debtor made the transfer (1) with an actual intent to hinder, delay, or defraud any creditor, or (2) without receiving reasonably equivalent value in return, and either (a) was engaged in or about to engage in a business or transaction for which the debtor's assets were unreasonably small, or (b) intended to, or reasonably believed, or reasonably should have believed, that he or she would incur debts beyond his or her ability to pay as they became due. [Citations.]". See Cortez v. Vogt, 52 Cal. App. 4th 917, 928 (1997), fns. omitted; see also Civ. Code, § 3439.04.; Kirkeby v. Superior Court of Orange County, 33 Cal. 4th 642, 648 (2004); Jie Yu v. Southland Taste Restaurant Inc., et al., 2007 WL 3306631 *2 (N.D. Cal. 2007).[18]    Further, California case law

---

[18] Similarly, the elements of a fraudulent transfer action under New York law are: (1) the status of plaintiff as creditor of transferor; (2) the existence of a debt antecedent to the transfer; (3) a conveyance; (4) that the conveyance was made at a time of insolvency on the part of the transferors; (5) the absence of fair consideration for the transfer; and (6) intent to defraud.

is clear: failure to plead any of the requisite elements of fraud with specificity will result in dismissal. See Marcelos v. Dominguez, 2008 WL 1820683, *9, 11 (N.D. Cal. 2008); see also FRCP 9(b) (in alleging fraud, a party must state with particularity the circumstances constituting the fraud).

Plaintiff has not alleged fraudulent conveyance with specificity. Plaintiff has not stated any facts in the Complaint alleging an actual intent to hinder, delay, or defraud Plaintiff, or that Dunmore CA did not receive reasonably equivalent value in return for the transfer, or that Dunmore CA was engaged in or about to engage in a business or transaction for which its assets were unreasonably small, or that Dunmore CA intended to, or reasonably believed, or reasonably should have believed, that it would incur debts beyond its ability to pay as they became due. Therefore, Plaintiff's claim fails as a matter of law.

Significantly, Plaintiff has not sued the buyer (Dunmore NY) in the transaction of the alleged conveyance. In a cause of action for fraudulent conveyance, the transferee must **necessarily** be named as a defendant. Heffernan v. Bennett & Armour, 110 Cal. App. 2d 564, 586-87 (1952). The transferee of assets at issue is a necessary party to the lawsuit because an action to set aside the allegedly fraudulent transfer necessarily impacts the transferee's interest in property that the transferee received, evidenced by the fact that any residue left after the claims of creditors is satisfied goes to the transferee. Id. Notwithstanding the fact that Dunmore NY is in bankruptcy and it would be a violation of the automatic stay if it had been named in this lawsuit, the fact remains that the claim fails where a necessary party to the transaction is not before the Court. Therefore, Plaintiff has not properly stated a cause of action for fraudulent

---

Loblaw, Inc. v. Wylie, 50 A.D. 2d 4, *7, 375 N.Y.S. 2d 706, 709 (App. Div. 4th Dep't 1975) (citations omitted). Further, the failure to plead any of the requisite elements of fraud with specificity will result in dismissal. See Stuart Silver Associates, Inc. v. Baco Development, 245 A.D.2d 96, 98 (N.Y.A.D. 1997); see also FRCP 9(b) (in alleging fraud, a party must state with particularity the circumstances constituting the fraud). Plaintiff has not stated any facts in the Complaint alleging the absence of fair consideration for the transfer, nor has it stated any facts that would show intent to defraud. Therefore, under New York law, Plaintiff's claim fails as well.

19

conveyance nor can it in light of the two bankruptcy cases that are pending.  See generally FRCP 19(a) (regarding necessary parties).

**E.**     **Plaintiff Fails to State A Claim Against Dunmore For Unjust Enrichment**

California law provides that the basic elements of an unjust enrichment claim are: (1) receipt of a benefit, and (2) unjustified retention of that benefit at another's expense.  In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, 536 F. Supp. 2d 1129, 1145-46 (N.D. Cal. 2008) citing First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1662 (1992).[19]

Plaintiff has alleged no facts that indicate Dunmore received a benefit, or that there was an unjustified retention of that benefit at Plaintiff's expense.  The Complaint merely concludes that Dunmore obtained an excess of $11 million (Complaint at 5: ¶ 25), but there are no facts alleged that would indicate the source of the alleged $11 million,[20] or that it was unjustified, or that it was at Plaintiff's expense.  Thus, no claim for unjust enrichment has been stated.

Given the foregoing, Plaintiff fails to state any valid claim against Dunmore and the Complaint should be dismissed.

**IX.**

**THERE ARE INSUFFICIENT FACTS ALLEGED IN THE COMPLAINT**

Although the foregoing provides ample grounds to dismiss the action, in the alternative, the Court can order Plaintiff to amend its Complaint to set forth a more definite statement of facts as to all its poorly plead claims.  FRCP 12(e); Pelman ex rel. Pelman v. McDonald's Corp.,

---

[19] Similarly, the elements of an unjust enrichment claim in New York are the following:  (1) defendant was enriched; (2) such enrichment was at the expense of the plaintiff; and (3) the circumstances were such that in equity and good conscience the defendant should make restitution.  Finkelstein v. Mardkha, 495 F. Supp. 2d 329, 344 (S.D.N.Y. 2007) (citing Chase Manhattan Bank v. Banque Intra, S.A., 274 F. Supp. 496, 499 (S.D.N.Y.1967)) (citing Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337 (1916)).  In addition to failing to satisfy the requirements under California law, Plaintiff also fails to satisfy the elements under New York law.  New York law has an additional element in the unjust enrichment cause of action, and Plaintiff has alleged no facts to support that element, *i.e.*, it has not alleged facts that support a conclusion that "circumstances were such that in equity and good conscience the defendant should make restitution."

[20] Plaintiff ignores the fact that Dunmore CA was provided with a security interest in the tax refund which Plaintiff makes reference to as Dunmore's unjust enrichment.

396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005). The Complaint herein is vague and ambiguous for at least two reasons: (1) it randomly makes reference to Sidney Kane, which erroneously combines the names of two of the defendants in this action without specifying which cause of action applies to which defendant. By way of illustration, the Complaint states: "Sidney Kane owed fiduciary duties to the Holder . . . ." See Complaint at 4: ¶ 24; and (2) each of the causes of action are factually deficient as outline above. A Complaint needs to state facts with specificity in order to provide a party with the opportunity to respond to the claims asserted against him. FRCP 12(e) provides in pertinent part that:

> "If a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

As set forth above, each cause of action against Dunmore is lacking in factual and evidentiary support, and at least one element of each cause of action is not satisfied. Therefore, as no cause of action is sufficiently plead, Dunmore is unable to respond to the pleading in a meaningful matter, and a more definite statement is required.

## X.

## CONCLUSION

In light of the foregoing, Dunmore respectfully requests that the Court grant his Motion and

(1)    Dismiss the Complaint filed by Plaintiff due to the automatic stay and/or for Plaintiff's lack of standing to pursue putative property of Dunmore CA's Bankruptcy Case;

(2)    Dismiss the Complaint filed by Plaintiff for Failure to State a Claim Pursuant to FRCP 12(b)(6); or in the alternative;

(3)    Require Plaintiff to amend the Complaint to set forth a more definite statement of facts as to all claims;

(4)    For such other relief as the Court deems appropriate.


Dated: May 1, 2008                    LEVENE, NEALE, BENDER, RANKIN & BRILL
                                      L.L.P.


                                      By: _____ /s/ Beth Ann R. Young _____
                                            Beth Ann R. Young (CA State Bar No. 143945)
                                            (Pro Hac Vice)
                                            Michelle Sharoni Grimberg (CA State Bar No.
                                            217327) (Pro Hac Vice)

                                      10250 Constellation Boulevard, Suite 1700
                                      Los Angeles, California 90067
                                      Telephone:    (310) 229-1234
                                      Facsimile:    (310) 229-1244

                                      Attorneys for Defendant Sidney B. Dunmore

22