UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : | 08 CV 1817 (JSR) |
| Plaintiff, | : | |
| - against - | : | |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : | **ORAL ARGUMENT REQUESTED** |
| Defendants. | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT KANE'S MOTION TO DISMISS

**COHEN TAUBER SPIEVACK & WAGNER P.C.**
Stephen Wagner, Esq. (swagner@ctswlaw.com)
Ginnine Fried, Esq. (gfried@ctswlaw.com)
Attorney for Defendant Michael Kane
420 Lexington Avenue
Suite 2400
New York, NY 10170
(212) 586-5800

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................... 1

ARGUMENT ........................................................................................... 3

    I.    **Plaintiff's Tortious Interference Claim
    Should be Dismissed for Failure to State a Claim** .......................... 3

        A.    **The Claim Fails to Allege that Kane Intended
        to Induce Breach of the Indenture** ............................... 5

        B.    **The Claim Fails to Allege that Kane
        Caused the Breach of the Indenture** ........................... 6

    II.    **Plaintiff's Fradulent Conveyance Claim Should
    be Dismissed for Failure to State a Claim and for
    Failure to Plead with Particularity** ........................................... 9

        A.    **Plaintiff Fails to State a
        Fraudulent Conveyance Claim** .................................. 10

        B.    **The Claim for Fraudulent Conveyance Should be
        Dismissed for Failure to Plead Fraud with Particularity** ........ 12

    III.    **Count Six of the Complaint for Unjust Enrichment
    Should be Dismissed for Failure to State a Claim** ...................... 14

        A.    **Kane was not "Enriched" by Breach of the Indenture** ........... 14

        B.    **Plaintiff Cannot Allege Unjust Enrichment
        when a Contract Exists** .............................................. 15

    IV.    **The Complaint Should be Dismissed
    for Failure to Join an Indispensable Party** ............................. 16

    V.    **Plaintiff Failed to Plead Reasons for Nonjoinder** ................. 20

CONCLUSION ...................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages**

*Atlanta Shipping Corp., Inc. v. Chemical Bank,*
   631 F. Supp. 335 (S.D.N.Y. 1986),
   *aff'd,* 818 F.2d 240 (2d Cir. 1987) ............................................................12

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007) ....................................4

*Boykin v. KeyCorp,*
   521 F.3d 202 (2d Cir. 2008) ............................................................................4

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.,*
   373 F.3d 296, 306 (2d Cir. 2000) ..................................................................14

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,*
   70 N.Y.2d 382 (1987).....................................................................................15

*Corchado v. Product Design & Development, Inc.,*
   2000 WL 134689, at *1 (S.D.N.Y. 2000) ...............................................16, 18

*Don King Productions, Inc. v. Smith,*
   2002 WL 31056655, at *15 (2d Cir. 2002) ................................................3, 6

*Donohue v. Board of Elections of State of N.Y.,*
   435 F. Supp. 957 (E.D.N.Y. 1976)................................................................17

*Ellison v. Am. Image Motor Co., Inc.,*
   36 F. Supp.2d 628 (S.D.N.Y.1999)................................................................13

*FDIC v. Porco,*
   75 N.Y.2d 840 (1990).....................................................................................11

*Four Finger Art Factory, Inc. v. Dinicola,*
   2001 WL 21248, at *7 (S.D.N.Y. 2001) .........................................................7

*Freeman v. Marine Midland Bank-New York,*
   419 F. Supp. 440 (E.D.N.Y. 1976)................................................................17

*Fromer v. Yogel,*
   50 F. Supp. 2d 227 (S.D.N.Y. 1999),...........................................................10

*Fundacion Presidente Allende v. Banco de Chile,*
   2006 WL 2796793, at *3 (S.D.N.Y. 2006) .............................................11, 12

*Geren v. Quantum Chemical Corp.,*
   832 F. Supp. 728, 737 (S.D.N.Y. 1993) ........................................................12

*Graystone Materials, Inc. v. Pyramid Champlain Co.,*
198 A.D.2d 740 (3d Dep't 1993) ......................................................................16

*In re Crazy Eddie Securities Litigation,*
802 F. Supp. 804 (E.D.N.Y. 1992) ....................................................................9

*In re Keene Corp. v. Coleman,*
164 B.R. 844, 852 (S.D.N.Y. 1994) ..................................................................21

*In re Lion Capital Group,*
44 B.R. 690 (S.D.N.Y. 1984) ...........................................................................18

*In re Lomas Financial Corp.,*
117 B.R. 64 (S.D.N.Y. 1990) .....................................................................17, 18

*In re Lomas Financial Corp.,*
932 F.2d 147 (2d. Cir 1991) ......................................................................17, 18

*Independent Asset Management LLC v. Zanger,*
2008 WL 715478, at *8 (S.D.N.Y. 2008) .........................................................5

*Kramer v. Pollock-Krasner Foundation,*
890 F. Supp. 250, 258 (S.D.N.Y. 2005) ...........................................................6

*MacPhee v. Verizon Communications Inc.,*
2008 WL 162899, at *5 (S.D.N.Y. 2008) .........................................................6

*Masefield AG v. Colonial Oil Industries,*
2006 WL 346178, at *3 (S.D.N.Y. 2006) .........................................................4

*Metropolitan Elec. Mfg. Co. v. Herbert Constr. Co.,*
183 A.D.2d 758 (2d Dep't 1992) .....................................................................16

*Mina Inv. Holdings Ltd. v. Lefkowitz,*
16 F. Supp. 2d 355, 359 (S.D.N.Y. 1998),
*adhered to on reconsideration,* 184 F.R.D. 245 (S.D.N.Y. 1999) ...................4, 7, 8, 15

*Murray v. Miner,*
876 F. Supp. 512, 516-17 (S.D.N.Y. 1995)......................................................21

*Norton Steel Co., Ltd. v. Melson Inc.,*
1995 WL 363715, at *5 (N.D.N.Y. 1995).........................................................12

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,*
85 F. Supp. 2d 282 (S.D.N.Y. 2000) ...............................................................13

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
390 U.S. 102, 103 (1968) ...........................................................................19, 20

iii

*Roselink Investors, L.L.C. v. Shenkman,*
  386 F. Supp. 2d 209, 227 (S.D.N.Y. 2004) ........................................................11, 12

*S&S Machinery Corp. v. General Motors Corp.,*
  1994 WL 529867, at *3 (S.D.N.Y.1994) .............................................................17, 20

*Sharma v. Skaarup Ship Management Corp.,*
  699 F. Supp. 440 (S.D.N.Y. 1988), *aff'd*, 916 F.2d 820 (2d Cir.1990) .........................8

*Strong v. Strong,*
  277 A.D.2d 533, 534 (3d Dep't 2000) ............................................................................14

*Sullivan v. Kodsi,*
  373 F. Supp. 2d 302 (S.D.N.Y. 2003) ............................................................................11

*Symbax, Inc. v. Bingaman*
  219 A.D.2d 552 (1st Dep't 1995) ...................................................................................11

*Televisa, S.A. de C.V. v. Koch Lorber Films,*
  382 F. Supp.2d 631 (S.D.N.Y. 2005) .............................................................................21

*Temple v. Synthes Corp., Ltd.,*
  498 U.S. 5, 7 (1990) ......................................................................................................16

*Utility Metal Research, Inc. v. Coleman,*
  2008 WL 850456, at *8 (E.D.N.Y. 2008) ........................................................................5

*Wechsler v. Hunt Health Systems, Ltd.,*
  285 F. Supp.2d 343 (S.D.N.Y. 2003) ...........................................................................9, 10

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.*
  460 F.3d 281, 285 (2d Cir. 2006) ...................................................................................3

## Statutes

11 U.S.C. § 541 ..................................................................................................................17

New York's Debtor and Creditor Law Sections 276...........................................................9

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : | 08 CV 1817 (JSR) |
| Plaintiff, | : | |
| - against - | : | |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : | **ORAL ARGUMENT REQUESTED** |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT KANE'S MOTION TO DISMISS

Defendant Michael Kane ("Kane"), by his counsel, Cohen Tauber Spievack & Wagner P.C., respectfully submits this memorandum of law in support of his motion to: (1) dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the second, fourth and sixth claims alleged in the Complaint (the "Complaint") for failure to state a claim upon which relief may be granted; (2) dismiss count four of the complaint for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure; and (3) dismiss the Complaint in its entirety for failure to (a) join an indispensable party and (b) plead nonjoinder pursuant to Rule 19 of the Federal Rules of Civil Procedure. As set forth in detail below, Kane's motion should be granted in all respects.

## PRELIMINARY STATEMENT

The plaintiff, Taberna Capital Management, LLC's ("Plaintiff") claims are predicated upon the default of a contract, identified in the Complaint as the Junior

{00027265.DOC; 4}

Subordinated Indenture (the "Indenture"), dated June 28, 2005, between the Plaintiff and Dunmore Homes, LLC ("Dunmore CA"), pursuant to which Dunmore Homes executed a $20 million note (the "Note") to Plaintiff. On or about September 10, 2007, Dunmore Homes Inc. ("Dunmore NY") purchased all of Dunmore CA's assets and liabilities, and assumed all obligations under the Note. Kane is the sole shareholder of Dunmore NY. On October 30, 2007, Dunmore NY defaulted on the Note.

On November 8, 2007, Dunmore NY sought protection from creditors by filing a petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On January 17, 2008, Plaintiff brought the instant action to recover monies allegedly owed pursuant to its contract. Plaintiff did not join Dunmore NY as a party due to the automatic stay of section 362(a) of the Bankruptcy Code.

Instead, Plaintiff sued, *inter alia*, Kane -- who is not a party to the Indenture -- in his personal capacity. In this obvious ploy to get from Kane what it cannot get from the bankrupt debtor, the Plaintiff loses sight of the fact that he still must plead viable claims against Kane. Because it does not, the Complaint should be dismissed against Kane in all respects.

Plaintiff alleges three of the six claims set forth in the Complaint against Kane - - Count 2 for tortious interference with contract, Count 4 for fraudulent conveyance, and Count 6 for unjust enrichment. As shown more fully below, the claim for

- tortious interference cannot stand because it fails to allege that Kane intended to induce the breach of the Indenture, and that he actually caused the breach;

- fraudulent conveyance must be dismissed, both because Kane neither was a transferee nor beneficiary of the transfer and for failure to allege fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure; and

- unjust enrichment fails because the complaint does not allege that Kane was in any way in possession of Plaintiff's money or property—let alone unjustifiably.

Finally, each of the claims against Kane should be dismissed on the grounds that Plaintiff failed to join an indispensable party - - Dunmore NY - - as a defendant in this action. Dunmore NY is the party that allegedly received the assets that Plaintiff seeks. Moreover, assuming that Kane received money from the now bankrupt Dunmore NY, allowing the action to proceed will prejudice the estate because any adjudication in Plaintiff's favor against Kane would unjustifiably prefer Plaintiff ahead of all other unsecured creditors - - infringing on the estate's exclusive jurisdiction in the administration of the debtor's estate. In addition, Dunmore NY will be affected by this suit regardless of whether it is joined because it will be bound by any findings as to Kane's actions under the doctrine of collateral estoppel. Accordingly, justice dictates that the Complaint be dismissed so that the Plaintiff can properly assert its claims in the most appropriate forum: the bankruptcy court.

## ARGUMENT

### I.    Plaintiff's Tortious Interference Claim Should be Dismissed for Failure to State a Claim

A claim for tortious interference with contract will not survive a motion to dismiss unless the plaintiff alleges: (1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the breach; and (4) damages. *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281, 285 (2d Cir. 2006). Plaintiff also must allege that the interference was intentional, and not merely negligent or incidental to some other, lawful purpose. *Don King Productions, Inc. v. Smith*, 2002 WL 31056655, at *15 (2d Cir. 2002)

(summary order), *citing Alvord & Swift v. Stewart M. Muller Construction Co.*, 46 N.Y.2d 276, 281 (1978). Additionally, the plaintiff must assert that defendant's actions were the "but for" cause of the alleged breach of contract, that is, that there would not have been a breach but for defendant's actions. *Mina Inv. Holdings Ltd. v. Lefkowitz*, 16 F. Supp.2d 355, 359 (S.D.N.Y. 1998), *adhered to on reconsideration*, 184 F.R.D. 245, 256 (S.D.N.Y. 1999).

While the Court must accept as true all of the well pled factual allegations set forth in the complaint, a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6). *Masefield AG v. Colonial Oil Industries*, 2006 WL 346178, at *3 (S.D.N.Y. 2006); *Mina Inv. Holdings Ltd.*, 16 F. Supp. 2d at 359. As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), to survive a motion to dismiss, it is insufficient for Plaintiff to plead a "wholly conclusory statement of claim" that merely "leaves open the possibility that [it] might later establish some set of undisclosed facts to support recovery." *Id.* at 1968. The *Twombly* Court elevated the pleading standard for the purposes of a Rule 12(b)(6) motion beyond pure notice pleading, holding that the claim must meet a " 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008) (emphasis in original).

Here, Plaintiff alleges in the most cursory fashion, and without any factual support, that Kane tortiously interfered with Plaintiff's contract with Dunmore CA. In particular, the bare conclusory allegations fail to satisfy the third element required to

sustain a claim for tortious interference of contract (intentional procurement of the breach) for two distinct reasons. First, Plaintiff does not allege that Kane *intended* to cause Dunmore CA's breach of the Indenture. Second, Plaintiff fails to allege any facts to support the requirement that "but for" Kane's actions, the Indenture would not have been breached.

### A.  The Claim Fails to Allege that Kane Intended to Induce Breach of the Indenture

The New York Court of Appeals has defined the "intention" required by the third prong of the tortious interference claim as "an intention to harm plaintiff without economic or other lawful excuse or justification." *Independent Asset Management LLC v. Zanger*, 2008 WL 715478, at *8 (S.D.N.Y. 2008), *citing Alvord, supra*, 46 N.Y.2d at 276. A plaintiff pleading tortious interference with contract must allege that the defendant's intentional acts substantially caused the breach at issue. *Utility Metal Research, Inc. v. Coleman*, 2008 WL 850456, at *8 (E.D.N.Y. 2008).

Here, Plaintiff fails to allege how Kane induced the breach of the Indenture. The single particularized act alleged by Plaintiff is that Kane "caused" Dunmore CA to transfer all its assets merely by forming a New York corporation. (Complaint at ¶ 17.) Plaintiff's conclusory allegations fail to include any facts demonstrating that Kane purposefully engaged in the complained-of conduct for the purpose of inducing Dunmore CA to breach the Indenture, let alone that he acted with the sole intent to cause Plaintiff harm. *See, e.g., Independent Asset Management LLC*, 2008 WL 715478, at *5 (dismissing claim for tortious interference with contract on the basis of conclusory allegations failing to allege that defendant intended to cause the contractual breach).

While the Complaint does include the boilerplate litany of descriptive terms, such as conspiracy, injure, impede, knowingly, intentionally, wrongfully, without justification, and malice, to characterize Kane's actions, these allegations are not supported by any alleged acts by Kane. This Court has held that conclusory allegations that "lack any factual underpinnings" need not be accepted by the Court on a motion to dismiss. *MacPhee v. Verizon Communications Inc.*, 2008 WL 162899, at *5 (S.D.N.Y. 2008) (granting motion to dismiss cause of action for tortious interference where plaintiff failed to satisfy "the basic threshold requirement of showing any sort of *interference* to procure the contract's breach" (emphasis in original)).

As stated above, to support a claim for tortious interference with contract, the interference must be intentional, not merely negligent or incidental to some other, lawful purpose. *Don King*, *supra*, 2002 WL 31056655, at *15, *citing Alvord*, 46 N.Y.2d at 276. The defendant's acts must be without reasonable justification. *Alvord*, 46 N.Y.2d at 281-82. Plaintiff's allegations here fall far short of that mark. Plaintiff has not alleged any facts that would support a conclusion that Kane's creation of the corporation was "motivated solely by malice or to inflict injury by unlawful means, rather than by self-interest or other economic considerations." *Kramer v. Pollock-Krasner Foundation*, 890 F. Supp. 250, 258 (S.D.N.Y. 2005). The Complaint alleges only that Kane established a corporation to obtain assets in order to operate a corporation—an action incidental to the completely legitimate purpose of launching a business.

### B.  The Claim Fails to Allege that Kane Caused the Breach of the Indenture

Plaintiff's failure to allege that Kane's formation of the corporation caused the breach of the Indenture renders the claim defective. To properly state a claim for tortious

interference with contract, a plaintiff must allege that the contract would not have been breached "but for" the defendant's conduct. *Mina Inv. Holdings Ltd.*, 16 F. Supp. 2d 355, 359.

The allegations in the Complaint itself undermine any possible allegation of but-for causation between Kane and breach of the Indenture. The Complaint alleges that "prior to September 10, 2007 (the date of the Transfer), Dunmore Homes defaulted on one or more of the covenants [of the Indenture]." (Complaint at ¶ 9.) Thus, even before Kane took any action, Dunmore CA already had breached the Indenture. Breach of the contract before any of action by Kane demonstrates that Kane had nothing to do with the breach. *See Mina Inv. Holdings Ltd.*, 16 F. Supp. 2d at 360 (dismissing claim for tortious interference of contract because plaintiff alleged that borrower previously breached agreement before the third-party transaction occurred, which demonstrated that contract could not be completed regardless of third-party's actions).

Moreover, Plaintiff does not even allege that but for Kane's actions, Dunmore CA would have completed its obligations under the Indenture, which, as stated, is fatal to its claim. *See Four Finger Art Factory, Inc. v. Dinicola*, 2001 WL 21248, at *7 (S.D.N.Y. 2001) (holding that complaint must sufficiently allege that the breaching party would have completed its obligations under the contract if the third-party had not interfered).

Plaintiff further alleges that that Dunmore CA was in dire financial condition, and that it breached Section 5.1(e) of the Indenture by taking "certain actions in connection with its potential insolvency or bankruptcy." (Complaint at ¶¶ 10 and 11.) Indeed, Dunmore NY -- which purchased the assets <u>and liabilities</u> of Dunmore CA, including the obligations under the Indenture -- declared bankruptcy on November 8, 2007, shortly

after another breach of the Indenture on October 30, 2008.  This further supports the conclusion that the default on the Indenture would have occurred regardless of whether the obligations under the Indenture lay with Dunmore CA or with Dunmore NY, or whether Dunmore or Kane were at the helm of the company containing the assets and liabilities before it declared bankruptcy.[1]

To compound the absence of any allegations that Kane caused the breach of the Indenture, the Complaint further fails to allege but for causation because it merely states that Dunmore and Kane "entered into a conspiracy to defeat, injure and impede" Plaintiff's rights causing Dunmore CA to breach the Indenture.  (Complaint at ¶ 17.) However, it is well-established that a plaintiff "cannot satisfy [the but for pleading] requirement merely by alleging that two or more defendants acted in concert to cause the breach." *Mina Inv. Holdings Ltd.,* 16 F. Supp. 2d at 359, *citing Crossland Fed. Sav. Bank v. 62nd and First Assocs., L.P.,* 1993 WL 410461, at *4 (S.D.N.Y. 1993); *Sharma v. Skaarup Ship Management Corp.,* 699 F. Supp. 440 (S.D.N.Y. 1988), *aff'd,* 916 F.2d 820 (2d Cir. 1990).

The *Mina Inv. Holdings* case is illustrative.  In that case, a lender loaned money to defendant borrowers in connection with an agreement that included certain covenants providing, *inter alia,* that lender's consent be obtained prior to borrower assuming any additional loans.  Borrower then violated the agreement by borrowing money from a third party lender without plaintiff's consent.  Plaintiff sued the third party lender for tortious interference with contract.  The court dismissed that claim, holding that the lender

---

[1] It defies logic to interpret Plaintiff's complaint as alleging that the specific breach of the Indenture that Kane caused was Dunmore NY's failure to make the October 30, 2007, interest payment because Plaintiff took pains never to mention Dunmore NY in the Complaint.

insufficiently pleaded "but for" causation because plaintiff only alleged that but for the third party making the loan to the borrowers, the agreement would not have been breached.  The court held that this pleading failed to "foreclose the possibility that defendant borrowers would have violated the [contract] regardless of the [third party's] participation." 16 F. Supp. 2d at 359.  Similarly, Plaintiff here fails to foreclose the possibility that either Dunmore or Dunmore CA would not have transferred the assets of Dunmore CA in violation of the contract but for Kane's participation.  Accordingly, Count Two of the Complaint must be dismissed for failure to sufficiently plead tortious interference with contract.

## II.    Plaintiff's Fradulent Conveyance Claim Should be Dismissed for Failure to State a Claim and for Failure to Plead with Particularity

Count IV vaguely pleads a claim of "fraudulent conveyance" on the basis that "Dunmore and Kane, through the foregoing conduct, intentionally and wrongfully hindered and delayed the Holder's rights as creditor" of Dunmore CA.  (Complaint ¶ 17.) Although it is not at all clear, Plaintiff apparently purports to state a claim under New York's Debtor and Creditor Law sections 270 *et seq. See, e.g., Wechsler v. Hunt Health Systems, Ltd.*, 285 F. Supp. 2d 343, 347 n.2 (S.D.N.Y. 2003); *In re Crazy Eddie Securities Litigation,* 802 F. Supp. 804, 816 (E.D.N.Y. 1992).  Specifically, Section 276 provides in pertinent part that a conveyance is fraudulent when made with "actual intent . . . to hinder, delay, or defraud either present or future creditors," which appears consistent with the allegations made in the Complaint at paragraph 30.  In so pleading, Plaintiff seeks to hold Kane, who was neither the transferor nor the transferee of the

conveyance, personally liable for "causing" the conveyance from Dunmore CA to Dunmore NY.

### A.    Plaintiff Fails to State a Fraudulent Conveyance Claim

To state a fraudulent conveyance claim under New York law, a plaintiff must allege (1) that plaintiff is a creditor of transferor; (2) the existence of a debt antecedent to the transfer; (3) a conveyance; (4) that the conveyance was made at a time of insolvency on the part of the transferor; (5) the absence of fair consideration for the transfer; and (6) the intent to defraud. *Wechsler*, 2003 WL 21878815, at *8. Although the intent to defraud "need not be proven by direct evidence but may be inferred (a) where the transferor has knowledge of the creditor's claim and knows that he is unable to pay it; (b) where the conveyance is made without fair consideration; or (c) where the transfer is made to a related party," the allegations must be stated with specificity. *Fromer v. Yogel*, 50 F. Supp.2d 227, 247 (S.D.N.Y. 1999). Here, Plaintiff has failed to allege with specificity the absence of fair consideration or an intent to defraud.

Plaintiff attempts to establish a claim for fraudulent conveyance by alleging that because there was a transfer from Dunmore CA to Dunmore NY, there was necessarily intent to defraud Plaintiff. However, it bears repeating that the transfer of assets from Dunmore CA to Dunmore NY transferred both the assets <u>and liabilities</u> - - as a complete transfer of the entire business package - - to Dunmore NY. The only difference is that the name of a different entity was put on the debtor's letterhead, as after the transfer Dunmore NY stood in the shoes of Dunmore CA. On the face of the Complaint, it is clear that this is not an instance of a debtor conveying assets beyond the reach of a creditor in avoidance of a debt, because Plaintiff now has the same remedies against

Dunmore NY as it had against Dunmore CA. Accordingly, the Complaint fails to plead intent to defraud.

Moreover, it is well established that that a fraudulent conveyance claim cannot be maintained against a non-party to the conveyance who merely facilitated or "caused" a transaction to occur. *See Sullivan v. Kodsi,* 373 F. Supp. 2d 302, 309 (S.D.N.Y. 2003); *Geren v. Quantum Chemical Corp.,* 832 F. Supp. 728, 737 (S.D.N.Y. 1993); *Symbax, Inc. v. Bingaman,* 219 A.D.2d 552, 553 (1st Dep't 1995). In the seminal case of *FDIC v. Porco,* the New York Court of Appeals held that "the traditional rule in this State rejects any cause of action for mere participation in the transfer of a debtor's property prior to the creditor's obtaining a judgment or lien on that property." 75 N.Y.2d 840, 842 (1990).

Under New York law, a non-transferee may not be held liable for a fraudulent transfer unless he had (1) dominion and control over the transferred assets; or (2) benefited in some way from the conveyance. *Fundacion Presidente Allende,* 2006 WL 2796793, at *3 (dismissing claim for fraudulent conveyance because there were no factual allegations in the complaint to give rise to the inference that defendant benefited, in any way, from the conveyance). This guideline mandates a just result because "[t]he creditor's remedy in a fraudulent conveyance action is limited to reaching the property which would have been available to satisfy the judgment had there been no conveyance. . ." *Roselink Investors, L.L.C. v. Shenkman,* 386 F. Supp. 2d 209, 227 (S.D.N.Y. 2004).

Plaintiff has not alleged either Kane's control of the assets in his personal capacity or his personal benefit therefrom. As sole shareholder of Dunmore NY, the only way that Kane could have received a personal benefit from the transaction is if he had

sold his shares at a higher value than he could have absent the transfer, which is not alleged here. *See, e.g., Norton Steel Co., Ltd. v. Melson Inc.*, 1995 WL 363715, at *5 (N.D.N.Y. 1995). And even if Plaintiff were to allege that the personal benefit that Kane received was his salary, which he would not have received but for the transfer of assets and liabilities, this would not be sufficient to render him a transferee or beneficiary of the transfer. *Roselink Investors, L.L.C.,* 386 F. Supp. 2d at 227, *citing T.L.C. Merchant Bankers, Inc. v. Brauser*, 2003 WL 1090280, at *7 (S.D.N.Y. 2003) (holding that payment of salary to an officer of a corporation receiving a transfer of assets did not render the officer a beneficiary of the transfer).

Finally, the claim must fail because, in essence, Plaintiff is pleading a theory of aiding and abetting Dunmore CA's breach of the contract, in that Kane allegedly formed a corporation in furtherance of Dunmore CA's alleged intention to breach the Indenture. However, as a matter of law, a creditor is not entitled to monetary damages under a claim that the defendant aided and abetted a fraudulent conveyance, which is the very remedy Plaintiff seeks at paragraphs 31 and 32 of the Complaint. *See, e.g., Fundacion Presidente Allende v. Banco de Chile*, 2006 WL 2796793, at *3 (S.D.N.Y. 2006), *citing Geren v. Quantum Chemical Corp.,* 832 F. Supp. 728 (S.D.N.Y. 1993); *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 631 F. Supp. 335 (S.D.N.Y. 1986), *aff'd,* 818 F.2d 240 (2d Cir. 1987). Accordingly, the claim for fraudulent conveyance against Kane should be dismissed.

### B.    The Claim for Fraudulent Conveyance Should be Dismissed for Failure to Plead Fraud with Particularity

The fraudulent conveyance claim should also be dismissed pursuant to Rule 9(b) of the Federal Rule of Civil Procedure for failure to allege fraud with peculiarity. To

satisfy Rule 9(b)'s heightened pleading requirements, "a complaint must allege with some specificity the acts constituting fraud ... conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,* 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000). Additionally, although intent may be averred generally under Rule 9(b), plaintiff must allege facts that give rise to a "strong inference of fraudulent intent." *Id.* at 295.

Pleading fraud with specificity is especially required where fraud is alleged against multiple defendants. *Ellison v. Am. Image Motor Co., Inc.,* 36 F. Supp. 2d 628, 640-41 (S.D.N.Y. 1999) ("where a case involves multiple defendants F.R.C.P 9(b) requires that the complaint allege facts specifying each defendant's contribution to the fraud, identifying which defendant is responsible for which act."). "Rule 9(b) is not satisfied by a complaint in which defendants are clumped together in vague allegations." *Odyssey Re (London) Ltd.,* 85 F. Supp.2d at 296.

Here, it is impossible to discern the theory behind Plaintiff's fraudulent conveyance claim against Kane because the Complaint fails to allege, let alone with particularity, the actions that Kane undertook to "intentionally and wrongfully hinder and delay Holder's rights as a creditor of Dunmore CA." The sole action Plaintiff attributes to Kane took is that he "and Sidney Dunmore formed a New York corporation" to which they "caused [Dunmore CA] to transfer all its assets." (Complaint at ¶ 17.) In summarily grouping Kane's activities along with Dunmore's, it is fundamentally unclear as to what action each defendant is alleged to have taken to defraud Plaintiff. Indeed, at paragraph 24 in the Complaint, Plaintiff alleges that "Sidney Kane [sic]" owed fiduciary duties to Plaintiff, which is emblematic of the failure of the Complaint as a whole to distinguish

the allegations made as to each individual defendant.[2]    Accordingly, absent any particularized allegations supporting Kane's alleged participation in a fraud and a "strong inference of actual intent" to defraud creditors by the conveyance, the claim must be dismissed pursuant to Federal Rule 9(b) for failure to plead fraud with particularity.

## III.    Count Six of the Complaint for Unjust Enrichment Should be Dismissed for Failure to State a Claim

Plaintiff's allegation that the transfer of Dunmore CA's assets and liabilities to Dunmore NY unjustly enriched Kane should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).    New York requires the plaintiff to allege the following elements to sustain an unjust enrichment claim:  (1) that defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2000), *citing Clark v. Daby*, 300 A.D.2d 732 (3d Dep't 2002).  This claim must be dismissed because (i) Plaintiff alleges no facts supporting a claim that Kane was enriched by the breach of the Indenture; and (ii) Plaintiff cannot maintain a claim in quasi-contract where, as here, a valid, enforceable contract governing the same subject matter exists.

### A.    Kane was not "Enriched" by Breach of the Indenture

The first element requires that in order to be "enriched," the party must *possess* money that it should not have obtained or possessed because it rightfully belongs to another.  *Strong v. Strong*, 277 A.D.2d 533, 534 (3d Dep't 2000) ("It is axiomatic that [a] cause of action for unjust enrichment arises when one party possesses money [that] they should not have obtained or possessed . . .." (internal quotation marks omitted)).

---

[2] Sidney's last name is Dunmore; Kane's first name is Michael.

Here, Plaintiff merely alleges that Kane "formed a New York corporation" into which he "caused Dunmore Homes to transfer all its assets . . .." (Complaint ¶ 17.) On its face, Plaintiff alleges that the money transferred went only to Dunmore NY—not to Kane. There is simply no allegation that Kane was personally "enriched," aside from the scattergun allegation that both Dunmore *and* Kane received "personal benefits in excess of $11 million." (Complaint ¶ 40.) However, this allegation also fails to allege any benefit that Kane allegedly received, because Plaintiff alleges in Count 3 that Sidney Dunmore *alone* obtained personal benefits in excess of $ 11 million. (Complaint ¶ 25.)

By its own allegations, Plaintiff seeks assets transferred to Dunmore NY.[3] There is absolutely no allegation that Kane misappropriated the corporation's assets for his personal use. Therefore, the sixth claim for relief against Kane for unjust enrichment fails for the simple reason that Plaintiff does not allege that Kane was in fact "enriched." Accordingly, it follows that equity and good conscience do not demand restitution from Kane, warranting dismissal of the claim for unjust enrichment.

## B.    Plaintiff Cannot Allege Unjust Enrichment when a Contract Exists

Unjust enrichment is a quasi-contractual remedy unavailable when a valid and enforceable written contract governing the same subject matter exists. *Mina Inv. Holdings Ltd.*, 16 F. Supp. 2d at 361, *citing ABF Capital Management v. Askin Capital Management*, 957 F. Supp. 1308 (S.D.N.Y. 1997); *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987). This is true whether the contract is one between parties to the lawsuit, or where one party to the lawsuit is not a party to the contract. *Id., citing ABF Capital*, 957 F. Supp. at 1334; *Graystone Materials, Inc. v. Pyramid Champlain*

---

[3] It is undisputed that Dunmore NY's assets are under the exclusive jurisdiction of the bankruptcy court pursuant to its chapter 11 filing.

*Co.,* 198 A.D.2d 740 (3d Dep't 1993); *Metropolitan Elec. Mfg. Co. v. Herbert Constr. Co.,* 183 A.D.2d 758 (2d Dep't 1992).  Thus any recourse to Plaintiff for the alleged breaches to the Indenture is governed by that contract. Therefore, Plaintiff's claim for unjust enrichment must be dismissed against Kane.

## IV.    The Complaint Should be Dismissed for Failure to Join an Indispensable Party

In addition to asserting adequate ground for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Kane also moves to dismiss pursuant to Fed. R. Civ. Pro. 19 for failure to join Dunmore NY as an indispensable party.[4]

Compulsory joinder under Rule 19 was instituted "to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations and therefore provides an exception to the general practice of allowing a plaintiff to choose who shall be parties to a lawsuit." *Corchado v. Product Design & Development, Inc.,* 2000 WL 134689, at *1 (S.D.N.Y. 2000), *citing* Charles Alan Wright et al., 7 *Federal Practice and Procedure* § 1602 at 18-21 (2d ed.1986).

There are three steps to the Rule 19 analysis:  (1) whether joinder of the party is desirable, deeming it a "necessary" party; (2) whether joinder feasible; and, if not, (3) whether the absent party is indispensable such that, absent joinder, the action must be dismissed.  District courts have broad discretion in Rule 19 application, due to the fact-based analysis of the effects of non-joinder.  *S&S Machinery Corp. v. General Motors*

---

[4] Although it is true that claims grounded on tort render a defendant jointly and severally liable to Plaintiff, making it possible to maintain a tort action against Kane in the absence of Dunmore NY, that reason alone does not foreclose dismissal under Rule 19. *See, e.g. Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7 (1990).

{00027265.DOC; 4}

*Corp.*, 1994 WL 529867, at *3 (S.D.N.Y.1994), *citing Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70 (2d Cir. 1984); *Donohue v. Board of Elections of State of N.Y.*, 435 F. Supp. 957 (E.D.N.Y. 1976); *Freeman v. Marine Midland Bank-New York*, 419 F. Supp. 440 (E.D.N.Y. 1976). As discussed below, the Court should dismiss this action pursuant to Rule 19 because Dunmore NY's interests would be irreparably harmed if this case were allowed to proceed in its absence.

    (1)    <u>Dunmore NY is a Necessary Party to the Proceeding</u>

    Rule 19(a) provides in relevant part that a person is a necessary party if it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [his] absence may (i) as a practical matter impair or impede the person's ability to protect that interest." Dunmore NY is a necessary party to this action pursuant to Rule 19(a) because the estate, and not Plaintiff, is the sole owner of any cause of action against Kane for personal gain at the expense of Dunmore NY. *See* 11 U.S.C. § 541. Permitting this case to proceed would potentially permit Plaintiff to take assets that rightfully belong to the bankruptcy estate, which would diminish the available assets for equitable distribution to all the other Dunmore NY creditors.

    Plaintiff's effort to recover from Kane for Dunmore NY's breach of the Indenture on the basis of fraud and tort theories is effectively an action against the debtor to recover a pre-petition claim. Under a strikingly similar set of facts in *In re Lomas Financial Corp.*, 932 F.2d 147 (2d. Cir 1991), the bankruptcy court characterized a fraud and misrepresentation action against two corporate officers of the debtor, which filed a petition for reorganization under chapter 11 of the Bankruptcy Code and was operating the business as a debtor in possession, as a transparent attempt to circumvent the

bankruptcy court's automatic stay. There, as here, the plaintiff asserted claims against the individual officers that were identical to the claims it would have asserted against the debtor had there not been an automatic stay. *Id.* at 149.

The court in *Lomas* held that even in the absence of the non-party debtor in the lawsuit for fraud, the debtor would be bound by any findings of the individual officers' wrongdoing under the doctrine of collateral estoppel. *In re Lomas Financial Corp.*, 117 B.R. 64 (S.D.N.Y. 1990); *see also In re Lion Capital Group*, 44 B.R. 690 (S.D.N.Y. 1984). As the bankruptcy court concluded in *Lomas*, here too a determination should be made that "[i]t is not possible for the debtor . . . to be a bystander to a suit which may have a $20 million issue preclusion effect against it in favor of a pre-petition creditor." *In re Lomas Financial Corp.*, 117 B.R. at 67.

The debtor Dunmore NY is thus a necessary party because its interests will be affected by this suit, regardless of whether it is joined.

    (2)    <u>It is Not Feasible to Join Dunmore NY</u>

It is undisputed that it is not feasible to join Dunmore NY in this action due to the automatic stay. Dunmore NY's joinder would presumably also not be feasible in the absence of such a stay, because the joinder of Dunmore NY (a New York corporation) would destroy diversity jurisdiction, given that Plaintiff is a New York entity for diversity purposes (Complaint ¶ 2); *Corchado v. Product Design & Development, Inc.*, 2000 WL 134689, at *1 (S.D.N.Y. 2000).

    (3)    <u>Dunmore NY is An Indispensable Party</u>

Rule 19(b) provides that if a necessary party under Rule 19(a) cannot be joined, "the court shall determine whether in equity and good conscience the action should

proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." 19(b) provides several factors that should be considered to determine whether dismissal is warranted.  The 19(b) factors pertinent here are: (1) plaintiff's interest in having a forum to litigate its claims; (2) defendant's interest in avoiding multiple litigation; (3) the interest of the outsider whom it would have been desirable to join; (4) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies; and (5) whether any protective provisions can be implemented by the court in the judgment to lessen or avoid prejudice.  Rule 19(b); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 103 (1968).  The balance of the factors here weighs in favor of dismissing this action in Dunmore NY's absence.

It is clear that Plaintiff has an adequate remedy for nonjoinder:  it may commence an adversary proceeding in the bankruptcy court in California where the debtor estates of both Dunmore CA and Dunmore NY are situated, and all parties to the claim can be joined in the same court.  It is in Dunmore NY's interest, as already discussed above, to be party to a suit that will affect its interests in the debtor estate.  There is no means for the court to lessen the prejudice inherent in this case, because Plaintiff here seeks monetary damages, and if it is successful on its $103 million claim for damages against Kane, it is clear that any assets to which Dunmore NY would be entitled from Kane would be exhausted.

The interest of the courts and the public in complete, consistent, and efficient settlement of controversies, which includes the public's stake in settling disputes by wholes, also weighs in favor of dismissal here. *Provident Tradesmens Bank & Trust Co.*

*v. Patterson*, 390 U.S. 102, 111 (1968). Permitting plaintiff creditors to recover on claims on a first-come, first-served basis, in direct contravention of the purpose and spirit of the Bankruptcy Code to equitably distribute the assets of the debtor's estate, which is clearly not in the public's interest.

Accordingly, this case exemplifies precisely the situation that the bankruptcy rules were instituted to avoid: the unjust administration of justice among creditors. While Plaintiff complains here of unjust enrichment, it seeks a forum to be enriched at the expense of other creditors by permitting it to circumvent the automatic stay in Dunmore NY's absence. It is precisely in this type of factual scenario that Rule 19 imbues this Court with the means to resolve this incongruity. As the United States Supreme Court has stated, given that "the object of the rule respecting indispensable parties is to accomplish justice between all the parties in interest, courts of equity will not suffer it to be so applied as to defeat the very purposes of justice." *Provident Tradesmens Bank & Trust Co*, 390 U.S. at 118. Therefore, the Complaint should be dismissed in its entirety due to the failure to join Dunmore NY as an indispensable party.

## V.     **Plaintiff Failed to Plead Reasons for Nonjoinder**

Federal Rule of Civil Procedure 19(c) provides a further basis for dismissal of the claim due to failure to state the names, if known to the pleader, of any persons as prescribed in subsection 19(a) that are not joined, and the reasons why they are not joined. *S&S Machinery Corp. v. General Motors Corp.*, 1994 WL 529867, at *4 (S.D.N.Y. 1994) ("failure to comply with Rule 19(c) may lead the court to dismiss plaintiff's claims"). Certainly, Plaintiff knew that Dunmore NY not only has an interest in Kane's personal assets if they are wrongfully derived from the debtor's estate, as is

alleged in the Complaint, but that the bankruptcy estate has exclusive standing to pursue such claims against Kane. *See Murray v. Miner*, 876 F. Supp. 512, 516-17 (S.D.N.Y. 1995); *In re Keene Corp. v. Coleman*, 164 B.R. 844, 852 (S.D.N.Y. 1994).

Plaintiff has had adequate time to conform its pleadings to the Federal Rules of Civil Procedure since this action was removed to this Court on February 22, 2008. At the very least, due to Plaintiff's failure to plead nonjoinder of Dunmore NY, who, on the face of the pleadings, has an obvious interest in this matter pursuant to Federal Rule of Civil procedure 19(a), "plaintiff must suffer an adverse inference on this score," weighing in favor of dismissal. *See Televisa, S.A. de C.V. v. Koch Lorber Films*, 382 F. Supp.2d 631 (S.D.N.Y. 2005).

## CONCLUSION

In light of the foregoing, Kane respectfully requests that the Court grant his Motion in all respects.

Dated: May 1, 2008
New York, New York

COHEN TAUBER SPIEVACK & WAGNER P.C.
*Attorney for Defendant Michael Kane*

By: _____
    Stephen Wagner (swagner@ctswlaw.com)
    Ginnine Fried (gfried@ctswlaw.com)
    420 Lexington Avenue, Suite 2400
    New York, New York 10170
    (212) 586-5800

TO:    Kenneth G. Roberts
       James L. Simpson
       WOLFBLOCK LLP
       250 Park Avenue
       New York, New York 10177
       *Attorneys for Plaintiff Taberna Capital Management, LLC*

{00027265.DOC; 4}

21

Beth R. Young
Michelle S. Grimberg
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
*Attorneys for Defendant Sidney Dunmore*