UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,                  :

                Plaintiff,       :     08 Civ. 1817 (JSR)

         - against -                                        :

SIDNEY B. DUNMORE, MICHAEL A. KANE,               :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                                       :

                Defendants.      :

-------------------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' SECOND SET OF MOTIONS TO DISMISS**


**WOLFBLOCK LLP**
**250 Park Avenue**
**New York, New York 10177**
**(212) 986-1116**

**Attorneys for Plaintiff**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ................................2

ARGUMENT ......................................................................................................................3

I.    DEFENDANTS' RULE 12 MOTIONS ARE FRIVOLOUS BECAUSE RULE 12(g)(2) PROHIBITS SUCCESSIVE PRE-ANSWER RULE 12 MOTIONS ...................3

II.    DUNMORE'S MOTION TO DISMISS "DUE TO THE AUTOMATIC STAY OR DUE TO LACK OF STANDING" IS FRIVOLOUS FOR SEVERAL REASONS ...........5

    A.    The Motion to Dismiss Pursuant to the Automatic Stay Is Frivolous for at Least Three Reasons ................................................................................................5

    B.    The Motion to Dismiss for Lack of Standing Is Frivolous for at Least Two Reasons ..................................................................................................................6

CONCLUSION....................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Comer v. Cisneros*,
  37 F.3d 775, 791 (2d Cir. 1994) .................................................................................. vii

*FRA S. p. A. v. Surg-O- Flex of Am., Inc.*,
  415 F. Supp. 418, 427 (S.D.N.Y. 1975) ......................................................................... 4

*In re Brooks*,
  79 B.R. 479, 481 (9th Cir. BAP 1987) .......................................................................... 6

*In re New Era, Inc.*,
  135 F.3d 1206, 1210 (7th Cir. 1998) ............................................................................. 6

*In re Silverman*,
  42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984) ..................................................................... 6

*Jones v. Goord*,
  435 F.Supp.2d 221, 255 (S.D.N.Y. 2006) ...................................................................... 7

*Pereira v. First N. Am. Nat'l Bank*,
  223 B.R. 28, 31 (N.D. Ga. 1998) .................................................................................... 6

*Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*,
  No. 99-cv-4565, 2004 U.S. Dist. LEXIS 28921, at *16 (D.N.J. June 22, 2004) ............ 5

**STATUTES**

11 U.S.C. § 362(a) ............................................................................................................... 5, 6

**OTHER AUTHORITIES**

5 Wright & Miller, *Federal Practice & Procedure* § 1384 ..................................................... 4

Fed. R. Civ. P. 9 ................................................................................................................ 1, 4

Fed. R. Civ. P. 12 ........................................................................................................... passim

Fed. R. Civ. P. 19 ............................................................................................................. 1, 4

## **PRELIMINARY STATEMENT**

Plaintiff Taberna Capital Management, LLC ("Taberna") respectfully submits this memorandum of law in opposition to the second set of pre-answer dismissal motions filed by defendants Sidney B. Dunmore ("Dunmore") and Michael A. Kane ("Kane"). After having previously moved to dismiss under Rule 12, Dunmore now moves (a) to dismiss the complaint "due to the automatic stay or due to Plaintiff's lack of standing"; (b) to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); or (c) in the alternative, for a more definite statement, pursuant to Fed. R. Civ. P. 12(e). Likewise, after also having previously moved to dismiss under Rule 12, Kane now moves to (a) dismiss the Second, Fourth and Sixth Claims for Relief for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); (b) dismiss the Fourth Claim for Relief for failure to allege fraud with particularity, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6); and (c) dismiss the complaint for failure to join an indispensable party, pursuant to Fed. R. Civ. P. 19 and 12(b)(7). Each of these motions is frivolous and should be denied.

First, the Rule 12 motions are frivolous because they are defendants' second set of pre-answer Rule 12 motions, and Rule 12(g)(2) prohibits successive pre-answer Rule 12 motions.

Second, Dunmore's motion to dismiss "due to the automatic stay or due to Plaintiff's lack of standing" is frivolous because (a) the Bankruptcy Code's automatic stay does not apply to Dunmore since he is not a bankrupt debtor, (b) in any event, the automatic stay does not support a motion to dismiss, (c) standing is measured at the time of commencement of the action and there is no dispute that Taberna possessed standing to sue at that time, and (d) Taberna even now has standing to pursue its claims, whereas <u>Dunmore</u> has no standing to assert the automatic stay or DHI Development's ("DHI") Chapter 7 trustee's purported exclusive right to sue on Taberna's claims.

NYC:766833.3

- 2 -

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

In 2007, Dunmore and Kane conspired to effectuate, and effectuated, a fraudulent scheme whereby they caused DHI to default on a $20 million note and indenture and transfer its assets to a newly formed company, Dunmore Homes, Inc. ("Dunmore NY"), for $500, and caused Dunmore NY to file a Chapter 11 bankruptcy petition. The transfer breached Section 8.1(b) of the indenture and resulted in Dunmore's receipt, personally, of a multi-million dollar income tax benefit.[1]

After Dunmore NY's bankruptcy petition was filed, Taberna commenced this action in state court against DHI for breach of the indenture, and against Dunmore and Kane for tortious interference, breach of fiduciary duty, fraud, alter ego liability, and unjust enrichment. Dunmore and Kane removed the action to this Court.

On March 10, 2008, defendants Kane and Dunmore moved to dismiss the complaint pursuant to Rule 12(b)(2) and (3). On April 8, 2008 – three days before the hearing on their motions – Dunmore caused DHI to file a Chapter 7 bankruptcy petition in the Eastern District of California (E.D. Cal. Bankr. Case No. 08-24442). After appropriately indicating at the hearing that Dunmore's tactics constituted "dirty pool," the Court denied Dunmore's and Kane's Rule 12 motions by Order entered April 14, 2008 (Docket No. 29) and Memorandum entered May 20, 2008 (Docket No. 40).

Neither Dunmore nor Kane has filed an answer to the complaint.

---

[1] These facts are taken from the complaint herein, the Voluntary Petition (Chapter 11) filed in *In re Dunmore Homes, Inc.*, S.D.N.Y. Bankr. Case No. 07-13533 (MG), and the First Day Affidavit filed therein (Docket No. 2).

**ARGUMENT**

**I.  DEFENDANTS' RULE 12 MOTIONS ARE FRIVOLOUS BECAUSE RULE 12(g)(2) PROHIBITS SUCCESSIVE PRE-ANSWER RULE 12 MOTIONS**

In order to prevent precisely the type of dilatory and time-consuming tactics as are being utilized by Dunmore and Kane, Rule 12(g)(2) prohibits this second round of pre-answer Rule 12 motions: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2) provides, "Failure to state a claim upon which relief can be granted, [or] to join a person required by Rule 19(b) … may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."

Thus, because Dunmore and Kane previously filed Rule 12 motions, their present pre-answer Rule 12 motions – specifically, the following motions – are barred by Rule 12(g)(2) and (h)(2): (1) Dunmore's motion to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement, pursuant to Rule 12(e); and (2) Kane's motions to (a) dismiss the Second, Fourth and Sixth Claims for Relief for failure to state a claim, pursuant to Rule 12(b)(6); (b) dismiss the Fourth Claim for Relief for failure to allege fraud with particularity, pursuant to Rule 9(b);[2] and (c) dismiss the complaint for failure to join an indispensable party, pursuant to Rule 19 and 12(b)(7).[3]

---

[2]   Although Kane's motion to dismiss for lack of particularity is styled as a motion under Rule 9(b), that Rule does not itself authorize dismissal; rather, it is a species of 12(b)(6) motions (and therefore barred by Rule 12(g)(2)). "[A]lthough the defendants have framed their motion as a motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, it is technically only a 12(b)(6) motion predicated on non-compliance with Rule 9(b), which does not in itself authorize dismissal." *Winkler v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 642 F.Supp. 122, 123 n.1 (N.D. Ill. 1986); *see generally* 5A Wright & Miller, *Federal Practice & Procedure* § 1300 ("Rule 9(b) does not expressly authorize a motion for its enforcement"). In

- 3 -

Rule 12(g)(2) and (h)(2) were designed to prevent a defendant from "delay[ing] the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion…. Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion." *FRA S. p. A. v. Surg-O- Flex of Am., Inc.*, 415 F. Supp. 418, 427 (S.D.N.Y. 1975), quoting 5 Wright & Miller, *Federal Practice & Procedure* § 1384. The "required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." *Adv. Comm. Note to 1966 Amendment*, 39 F.R.D. 69, 78 (1966). "Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage." 5C Wright & Miller, § 1384. Defendants certainly could have raised their present Rule 12 (purported) defenses in their initial Rule 12 motions but chose not to.[4]

Rule 12(h)(2) preserves, in specified circumstances, the defenses of failure to state a claim and non-joinder of a necessary party; however, "if a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, … under Rule 12(g) that party may not assert the defense by a second pre-answer motion." 5C Wright & Miller § 1392 (footnotes omitted). *See, e.g., Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, No. 99-cv-4565, 2004

---

any event, the Court has already noted that the complaint adequately pleads Dunmore's and Kane's fraudulent scheme. *See* Memorandum entered May 20, 2008 (Docket No. 40), at 4-5.

[3] Kane's motion to dismiss for failure to join an indispensable party is barred for two reasons under Rule 12(g)(2) and (h)(2). First, it is technically a motion to dismiss under Rule 12(b)(7) and, as such, is barred because Kane previously made a pre-answer Rule 12 motion. Second, Rule 12(h)(2) expressly bars a pre-answer motion "to join a person required by Rule 19(b)" where a pre-answer Rule 12 motion has already been made.

[4] Indeed, in their briefs on their initial Rule 12 motions, defendants mentioned a motion to dismiss for failure to state a claim. *See* Docket No. 11, at 2, n.1; Docket No. 17, at 2, n.1. Rule 12(g) was amended sixty years ago to prohibit such two-part motion practice. 5C Wright & Miller § 1384.

- 4 -

U.S. Dist. LEXIS 28921, at *16 (D.N.J. June 22, 2004) (because the "[d]efendants opted not to join their 12(b)(6) with their 12(b)(2) motion, they waived the right to test the sufficiency of the pleadings in a pre-answer motion").

Thus, defendants' second set of pre-answer Rule 12 motions are frivolous and should be denied.[5]

## II. DUNMORE'S MOTION TO DISMISS "DUE TO THE AUTOMATIC STAY OR DUE TO LACK OF STANDING" IS FRIVOLOUS FOR SEVERAL REASONS

The only motion remaining after application of Rule 12(g)(2) and (h)(2) is Dunmore's motion to dismiss "due to the automatic stay or due to Plaintiff's lack of standing." This motion is frivolous for several reasons.

### A. The Motion to Dismiss Pursuant to the Automatic Stay Is Frivolous for at Least Three Reasons

The first reason Dunmore's motion to dismiss pursuant to the automatic stay, 11 U.S.C. § 362(a), is frivolous is that § 362 does not support a motion to dismiss, as opposed to a motion for a stay. A "stay" is not a "dismissal."[6] Second, this motion is frivolous because the automatic stay applies to proceedings "against the debtor" or against "property of the estate," 11 U.S.C. § 362(a) – it does not automatically stay proceedings against non-debtors such as Dunmore and Kane or against property of non-debtors such as Dunmore and Kane.

Third, this motion is frivolous because only the debtor, its estate and, in some circumstances, the debtor's creditors have standing to raise issues regarding the automatic stay.

---

[5] In the unlikely event that the Court may elect to grant defendants an exception to Rule 12(g)(2) and (h)(2), Taberna respectfully requests an opportunity to show that the claims in the complaint are sufficiently pled and that Dunmore NY is not a required party.

[6] In the event that a motion for a stay is made in this Court or the bankruptcy court, Taberna will show that such a motion should be denied.

*In re Brooks*, 79 B.R. 479, 481 (9th Cir. BAP 1987) ("if the debtor or the trustee chooses not to invoke the protections of § 362, no other person may attack any acts in violation of the automatic stay"), *aff'd,* 871 F.2d 89 (9th Cir. 1989); *In re New Era, Inc.*, 135 F.3d 1206, 1210 (7th Cir. 1998) (debtor's insurer could not raise the automatic stay "since the stay is for the protection of the debtor and its creditors"); *In re Silverman*, 42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984) ("[t]he automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage") (citation omitted).  Moreover, the court from which the stay issues – in this instance, the United States Bankruptcy Court for the Eastern District of California – is the proper forum for enforcement matters, *Pereira v. First N. Am. Nat'l Bank*, 223 B.R. 28, 31 (N.D. Ga. 1998), and neither DHI's Chapter 7 trustee, DHI, nor any of DHI's purported creditors has sought in DHI's bankruptcy proceeding to enjoin Taberna from pursuing its claims.

### B. The Motion to Dismiss for Lack of Standing Is Frivolous for at Least Two Reasons

Dunmore argues that Taberna lacks standing to sue because the claims Taberna is asserting purportedly belong to DHI's Chapter 7 trustee.  This argument begs the question – what standing does <u>Dunmore</u> have to assert the Chapter 7 trustee's purported rights?  The answer is none, and this is the first reason the standing motion is frivolous.  The Chapter 7 trustee does not need Dunmore's assistance in protecting his own purported rights.  In fact, Taberna is in direct communication with the Chapter 7 trustee, and, far from taking any property of the estate, we are coordinating our combined efforts against Dunmore and Kane.

The second reason the standing motion is frivolous is the black-letter law that "standing is measured as of the time the suit is brought." *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994); *Jones v. Goord*, 435 F.Supp.2d 221, 255 (S.D.N.Y. 2006) ("[s]tanding is determined at

the time a complaint is filed"). Here, it is undisputed that, at the time Taberna filed the complaint, DHI had not filed a bankruptcy petition; therefore, any purported rights of DHI's Chapter 7 trustee that arose after Taberna commenced this suit cannot affect Taberna's standing to sue.

## CONCLUSION

For all the foregoing reasons, defendants' motions should be denied.

Dated: New York, New York
       May 29, 2008

>                   WOLFBLOCK LLP
>
>
>                   By:_____/s/_____
>                       Kenneth G. Roberts (kroberts@wolfblock.com)
>                       Jill L. Mandell (jmandell@wolfblock.com)
>                       James L. Simpson (jsimpson@wolfblock.com)
>                   250 Park Avenue
>                   New York, New York 10177
>                   (212) 986-1116
>
>                   Attorneys for Plaintiff