UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : District Court Case No.: <br> 08 CV 1817 [JSR] |
| Plaintiff, | : |
| - against - | : ELECTRONICALLY FILED |
| | : |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, <br> and DHI DEVELOPMENT f/k/a DUNMORE <br> HOMES, LLC, | **ORAL ARGUMENT REQUESTED** |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SIDNEY B. DUNMORE'S MOTION
TO:  (1) DISMISS THE COMPLAINT DUE TO THE AUTOMATIC STAY OR DUE TO
PLAINTIFF'S LACK OF STANDING; (2) DISMISS THE COMPLAINT PURSUANT TO
F.R.C.P. 12(b)(6); OR IN THE ALTERNATIVE, (3) FOR A MORE DEFINITE
<u>STATEMENT OF FACTS PURSUANT TO F.R.C.P. 12(e)</u>**

Defendant Sidney B. Dunmore ("Defendant" or "Dunmore"), by his attorneys, hereby

replies to the Plaintiff's Memorandum of Law In Opposition to Defendant[']s Motion To: (1)

Dismiss the Complaint filed by Taberna Capital Management, LLC ("Plaintiff" or "Taberna")

pursuant to (1) 11 U.S.C. § 362 (based upon application of the automatic stay) and  11 U.S.C. §

541 (based upon Plaintiff's lack of standing to pursue property of the Debtor's bankruptcy

estate); (2) pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6); and/or in the

alternative; (3) for a more definite statement of facts pursuant to FRCP 12(e) (the "Second

Motion").

# TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ........................................................................................ 1

II.   DUNMORE'S SECOND MOTION IS PROCEDURALLY APPROPRIATE ............... 2

III.  THIS COURT HAS DISCRETION TO *SUA SPONTE* GRANT DUNMORE'S SECOND
      MOTION    ................................................................................................................. 6

IV.   DUNMORE'S MOTION TO DISMISS DUE TO THE AUTOMATIC STAY AND
      LACK OF STANDING IS VALID AND APPROPRIATE............................................. 6

      A.    The Second Motion To Dismiss Pursuant To The Automatic Stay Is Proper ...... 7
      B.    The Second Motion To Dismiss For Lack of Standing is Proper......................... 9

V.    CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

## CASES

In re Baldwin-United Corp. Lit.,
   765 F.2d 343, 348 (2nd Cir. 1985) ------------------------------------------------------------------ 9

Casner v. Chase Manhattan Mortgage Corporation (In re Casner),
   302 B.R. 695, 701 (Bankr. E.D. Cal 2003) ------------------------------------------------------ 8

In re Chateaugay Corp.,
   93 B.R. 26, 29 (S.D.N.Y. 1988)------------------------------------------------------------------------ 8

In re Chateaugay Corp.,
   109 B.R. 613, 621-2 (S.D.N.Y. 1990)-------------------------------------------------------------- 9

Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.,
   2008 WL 706258 at *10 (S.D.N.Y. 2008)------------------------------------------------------- 2

In re Davey Roofing, Inc.,
   167 B.R. 604 (Bankr. C.D. Cal. 1994) ---------------------------------------------------------- 7

In re Delta Air Lines, Inc.,
   2007 WL 3166776, *4 (S.D.N.Y. 2007) ------------------------------------------------------- 8

Donnelli v. Peters Securities Co.,
   2002 WL 2003217 at *3 - *4 (N.D. Ill. 2002) ---------------------------------------------- 5

DSMC, Inc. v. Convera Corp.,
   273 F. Supp. 2d 14, 23 (D.D.C. 2002) ---------------------------------------------------------- 4

Federal Express Corp. v. U.S. Postal Serv.,
   40 F. Supp. 2d 943, 948-49 (D.C. Tenn. 1999) ------------------------------------------- 4

Flores v. Hagobian,
   2007 WL 1792257, *2 (E.D. Cal. 2007) -------------------------------------------------------- 8

In re Folks,
   211 B.R. 378 (B.A.P. 9th Cir. 1997) ------------------------------------------------------------- 7

FRA S.p.A. v. Surg-O-Flex of Am., Inc.,
   415 F. Supp. 418 (S.D.N.Y. 1975) ---------------------------------------------------------------- 3

Guccione v. Flynt,
   617 F. Supp. 917, 918-19 (S.D.N.Y. 1985) ------------------------------------------------- 4

Cases (cont.)

Interbusiness Bank, N.A. v. First Nat. Bank of Mifflintown,
    328 F. Supp. 2d 522, 525 (M.D. Pa. 2004) ---------------------------------------------------------------- 9

Johns-Manville Corp. v. The Asbestos Litg. Group (In re Johns-Manville Corp.),
    26 B.R. 420 (Bankr. S.D.N.Y. 1983, aff'd, 40 B.R. 219 (S.D.N.Y. 1984) ------------------------- 8

Kalb, Voorhis & Co. v. American Financial Corporation,
    8 F.3d 130, 132 (2nd Cir. 1993)------------------------------------------------------------------------------ 7

Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.,
    79 B.R. 534, 541-42 (S.D.N.Y. 1987)---------------------------------------------------------------------- 8

Lee v. City of Los Angeles,
    250 F.3d 668, 683 (9th Cir. 2001) -------------------------------------------------------------------------- 6

Lindsey v. U.S.,
    448 F. Supp. 2d 37, 55-56 (D.D.C. 2006) -------------------------------------------------------------- 4

North American Develop., Inc v. Shahbazi,
    1996 WL 306538 at *7 (S.D.N.Y. 1996) --------------------------------------------------------------- 6

Palkovic v. Johnson,
    150 Fed. Appx. 35, 37 (2d Cir. 2005) --------------------------------------------------------------------- 6

Perez v. Ortiz,
    849 F.2d 793 (2d Cir. 1988) ---------------------------------------------------------------------------------- 6

Stewart v. Geostar Corp.,
    2008 WL 1882698 at *1 (E.D. Mich., 2008) ---------------------------------------------------------- 2

Stoffels v. SBC Concession Plan v. SBC commc'n Inc.,
    430 F. Supp. 2d 642, 648 (W.D. Tex. 2006) ---------------------------------------------------------- 5

Strandell v. Jackson County, Illinois,
    648 F. Supp. 126, 129 (S.D. Ill. 1986) ---------------------------------------------------------------------- 5

Sunrise Toyota, Ltd. v. Toyota Motor Co.,
    55 F.R.D. 519, 528 n. 4 (S.D.N.Y. 1972) ---------------------------------------------------------------- 4

Thorn v. New York City Dept. of Social Services,
    523 F. Supp. 1193, 1196 (S.D.N.Y. 1981) ----------------------------------------------------------------- 4

United States of America v. Dos Cabezas Corp.,
    995 F.2d 1486, n.3 (9th Cir. 1993) --------------------------------------------------------------------------- 8

Cases (cont.)

Wachtler v. County of Herkimer,
    35 F.3d 77, 81 (2d Cir. 1994) --------------------------------------------------------------------- 6

In re White,
    186 B.R. 700, 703-704 (9th Cir. BAP 1995) --------------------------------------------------- 8

Wright v. Nordam Group, Inc.,
    2008 WL 802986 (N.D. Okla. 2008) at *2, *4 -------------------------------------------------- 2

## STATUTES

11 U.S.C. § 105 ------------------------------------------------------------------------------------ 8, 9
11 U.S.C. § 105(a) -------------------------------------------------------------------------------- 8, 9
11 U.S.C. § 362 ------------------------------------------------------------------------------------ 7, 9
11 U.S.C. § 362(a)(2) -------------------------------------------------------------------------------- 8
11 U.S.C. § 362(a)(3) -------------------------------------------------------------------------------- 8
11 U.S.C. § 541 ----------------------------------------------------------------------------------------- 7
28 U.S.C. § 1404(a) ------------------------------------------------------------------------------------ 1
28 U.S.C. § 1406(a) ------------------------------------------------------------------------------------ 1
FRCP 12 -------------------------------------------------------------------------------------- 1, 2, 3, 4
FRCP 12(b) --------------------------------------------------------------------------------------------- 4
FRCP 12(b)(2) ----------------------------------------------------------------------------------------- 1
FRCP 12(b)(3) ----------------------------------------------------------------------------------------- 1
FRCP 12(b)(6) ------------------------------------------------------------------------------------ 2, 4, 5
FRCP 12(e) ---------------------------------------------------------------------------------------------- 2
FRCP 12(g) --------------------------------------------------------------------------------------- 2, 4, 5
FRCP 12(g)(2) ----------------------------------------------------------------------------------- 1, 2, 3
FRCP 12(h)(2) -------------------------------------------------------------------------------------- 2, 3
FRCP 12(h)(3) --------------------------------------------------------------------------------------- 2

# I.

## SUMMARY OF ARGUMENT

It is axiomatic that when issues are improperly framed the analysis will yield a wrong conclusion. Plaintiff's opposition to the Second Motion (the "Opposition") exemplifies this type of flawed application of quintessential bankruptcy law, both substantive and procedural. The main contention in the Opposition is that the Second Motion to dismiss is frivolous because FRCP 12(g)(2) prohibits successive pre-answer Rule 12 motions. This position is wrong for at least five reasons:

(1)    Dunmore's Second Motion to dismiss, in relevant part, consists of a Motion to Dismiss the Complaint due to the Automatic Stay or Due to Plaintiff's Lack of Standing pursuant to provisions in the bankruptcy code not FRCP 12. Therefore, Taberna's reliance upon FRCP 12(g) is irrelevant and inapplicable as to these portions of the Second Motion;

(2)    At the time Dunmore filed his First Motion,[1] DHI Development, formerly known as Dunmore Homes, LLC, a California corporation ("Dunmore CA") had not commenced its voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court of California, Eastern District, Sacramento Division (the "Bankruptcy Case") – so the objections and defenses raised in Dunmore's Second Motion were not available to him when he filed his First Motion;

(3)    Dunmore received leave of Court to file the Second Motion, and Plaintiff failed to raise any objections to the filing of the Second Motion;

---

[1] On or about March 10, 2008, Dunmore filed his first motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rule of Civil Procedure; and 28 U.S.C. § 1406(a) and § 1404(a): (1) to dismiss this action against Dunmore for lack of personal jurisdiction; or in the alternative (2) to dismiss or transfer this action to the United States District Court for the Eastern District of California, Sacramento Division for improper venue; or in the alternative, (3) to transfer venue of this action to the California Court for the convenience of the parties (the " First Motion").

1

**(4)**    Where, as in this case, the Second Motion would not result in unnecessary delay, expense, or inconvenience, yet would allow a more expeditious resolution of the case, courts have permitted the filing of such motions; and

**(5)**    On or about April 15, 2008, in advance of filing the Second Motion, Dunmore sent counsel for Taberna a letter notifying it that its continued prosecution of this action is in violation of the automatic stay as a consequence of Dunmore CA's Bankruptcy Case and that Taberna lacks standing to pursue this action against Dunmore. Taberna did not respond to this letter or dismiss this action, thus necessitating this Second Motion.[2]

In addition to the lack of standing issues presented, the Complaint is also substantively defective and should be dismissed for failure to state a claim upon which relief may be granted, and such a motion can be filed at any time, even at the time of trial. Significantly, Taberna fails to address any of the FRCP 12(b)(6) and 12(e) arguments presents by Dunmore in his Second Motion, thereby conceding to them as a matter of law. See generally Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A., 2008 WL 706258 at *10 (S.D.N.Y. 2008).

## II.

## DUNMORE'S SECOND MOTION IS PROCEDURALLY APPROPRIATE

Simply put, FRCP 12(g)(2) is inapplicable to the resolution of the Second Motion. FRCP 12(g)(2) specifically provides that pre-answer successive Rule 12 motions are permitted when the party asserting the Rule 12 motion did not have an objection or defense available to it at the time it filed its first Rule 12 motion. See Stewart v. Geostar Corp., 2008 WL 1882698 at *1 (E.D. Mich., 2008); see also Wright v. Nordam Group, Inc., 2008 WL 802986 (N.D. Okla. 2008) at *2, *4 (Court ruled that although defendant violated Rule 12(g) by filing the second motion to dismiss, the issues raised by defendant in that second motion were properly before the Court and the court granted in part the second motion to dismiss). In fact, FRCP 12(g)(2) specifically states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule

---

[2] See April 15, 2008 Letter to Taberna attached as Exhibit "A" to the Declaration of Beth Ann R. Young ("Young Decl.") in support of the Second Motion filed concurrently herewith.

2

must not make another motion under this rule raising a defense or objection that was *available* to the party but omitted from its earlier motion." (emphasis added). Taberna concedes this fact. See Opposition at 3.

At the time that Dunmore filed his First Motion, Dunmore CA had not yet filed for bankruptcy relief. The First Motion was filed on March 10, 2008, and Dunmore CA filed for bankruptcy relief, almost a ***month later***, on April 8, 2008. The Opposition completely ignores this fact.

Further, the cases cited to by Taberna in its Opposition in connection with the applicability of FRCP 12(g)(2) are either misapplied or directly support Dunmore's position. For instance, Taberna cites to FRA S.p.A. v. Surg-O-Flex of Am., Inc., 415 F. Supp. 418 (S.D.N.Y. 1975), for the proposition that FRCP 12(g)(2) and (h)(2) were designed to prevent a defendant from "delay[ing] the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion."[3] Yet, Taberna's reliance on this case is problematic and unreliable for at least two reasons. **First**, contrary to Taberna's assertion that page 427 of FRA S.p.A. is on point in this discussion, there is no page 427 to this case, nor is there a citation to Wright & Miller in the FRA S.p.A. case. **Second**, nowhere in the FRA S.p.A. case is there any discussion regarding Rule 12(g)(2) and (h)(2) or any discussion relevant to the instant motion. Taberna simply miscited and misapplied this case.

Taberna also erroneously relied on the Advisory Committee Note to 1966 Amendment to the FRCP, 30 F.R.D. 69, 78 (1966). Yet, this Amendment directly states that "Subdivision (g) [of FRCP 12] has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein." This directly supports Dunmore's position that Dunmore CA's bankruptcy was not filed when he filed the First Motion and therefore any objections or defenses related to this bankruptcy were naturally not available to Dunmore pre-Dunmore CA's bankruptcy.

---

[3] See Opposition at 4.

3

Notwithstanding, during an April 17, 2008 conference call with this Court's clerk, Dunmore's counsel articulated its intent to file a second motion to dismiss based upon a lack of standing as a consequence of Dunmore CA's Bankruptcy Case and on the substantive aspects of the claims asserted by Taberna and requested permission from the Court to do so. This Court granted Dunmore's application to file the Second Motion and set a briefing schedule.

Further, case law is clear: the prohibition on successive Rule 12 motions to dismiss is not absolute. Moreover, in this case, it is not even applicable. Generally, courts have permitted such a practice where, as the case herein, the second motion would not result in unnecessary delay, expense or inconvenience, yet would allow a more expeditious resolution of the case. See Thorn v. New York City Dept. of Social Services, 523 F. Supp. 1193, 1196 (S.D.N.Y. 1981) (citations omitted) (municipal defendants' motion to dismiss for failure to state a claim was untimely pursuant to Rule 12(g) because they had previously made a Rule 12(b) motion. Yet, in exercising its discretion to hear a second Rule 12(b) motion for failure to state a claim, the Court held that it would decide the motion "because it was not interposed for delay, and its consideration will expedite the disposition of the case on the merits);[4] See Federal Express Corp. v. U.S. Postal Serv., 40 F. Supp. 2d 943, 948-49 (D.C. Tenn. 1999) (second motion to dismiss permitted when omission from first motion not meant to harass plaintiff and second motion will not prejudice plaintiff); see Lindsey v. U.S., 448 F. Supp. 2d 37, 55-56 (D.D.C. 2006) (the court has discretion to permit a second motion to dismiss pursuant to Rule 12 despite Rule 12(g)) (citations omitted); DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 23 (D.D.C. 2002) (holding that a defendant's filing of multiple motions to dismiss under Rule 12(b)(6) was "harmless error" because the defense of failure to state a claim may be raised at any time in a

---

[4] This Court has exercised its discretion to permit successive Rule 12(b) motions in additional circumstances where the policy underlying Rule 12(g) would not be frustrated. Cf. Guccione v. Flynt, 617 F. Supp. 917, 918-19 (S.D.N.Y. 1985) (finding no issue of dilatory motion practice or unfairness to plaintiff where successive Rule 12 motions were submitted separately and there was no oral argument); see also Sunrise Toyota, Ltd. v. Toyota Motor Co., 55 F.R.D. 519, 528 n. 4 (S.D.N.Y. 1972) (finding no issue of dilatory motion practice or unfairness to plaintiff where successive motions were submitted and heard for oral argument at the same time).

4

motion for judgment on the pleadings); Stoffels v. SBC Concession Plan v. SBC commc'n Inc., 430 F. Supp. 2d 642, 648 (W.D. Tex. 2006) (courts are most likely to allow defendants to bring a second Rule 12(b)(6) motion in cases where "the problem [Rule] 12(g) was designed to prevent– unnecessary delay – [is] not a concern."); Donnelli v. Peters Securities Co., 2002 WL 2003217 at *3 - *4 (N.D. Ill. 2002) (permitting the defendant to move for dismissal under Rule 12(b)(6), even though it had previously moved to dismiss pursuant to lack of personal jurisdiction and improper venue, on the grounds that the defendants' motion was not filed for the purpose of delay and that the adjudication of the instant motion will narrow the scope of this matter, greatly expediting the resolution of the case.)[5] In the First Motion, Dunmore stated: "when appropriate, Dunmore intends to file a motion to dismiss for failure to state a claim upon which relief can be granted. Accordingly, all rights and defenses are reserved." See First Motion at 2; ft. 1. Clearly, the First Motion was not intended to delay but rather to expedite resolution of this matter and narrow the issues to be adjudicated in each motion. Further, Dunmore did not cause any prejudice to Taberna's counsel because none of the issues addressed in the First Motion were the subject of the Second Motion, and none of the issues in the Second Motion could have been raised in the First Motion.

Based on the foregoing, FRCP 12(g)'s prohibition against pre-answer successive Rule 12 motions does not apply to Dunmore in this case and the Second Motion is, therefore, entirely appropriate and should be considered by this Court and granted in its entirety.

---

[5] Strandell v. Jackson County, Illinois, 648 F. Supp. 126, 129 (S.D. Ill. 1986) (holding that second Rule 12(b)(6) motion permitted although proper procedure for raising the Rule 12(b)(6) defenses second time around is in a motion for judgment on the pleadings, since objection of failure to state a claim is so basic and is not waived, the Court might properly entertain second motion to dismiss if convinced that it is not interposed for delay and that disposition of the case on the merits can be expedited by doing so).

## III.

## THIS COURT HAS DISCRETION TO *SUA SPONTE* GRANT
## DUNMORE'S SECOND MOTION

This Court has ample grounds to exercise its discretion and grant Dunmore's Second Motion for failure to state a claim against Dunmore for at least two reasons. **First**, the Court may grant a motion to dismiss for failure to state a claim *sua sponte*, so long as the Court adopts a fair procedure for doing so, by providing the opposing party notice and an opportunity to be heard. See e.g. Palkovic v. Johnson, 150 Fed. Appx. 35, 37 (2d Cir. 2005), citing Perez v. Ortiz, 849 F.2d 793 (2d Cir. 1988); see also Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994).[6] Indeed, this Court has adequately provided Plaintiff with notice and the opportunity to be heard on the dismissal of the Complaint based on the claims asserted in Second Motion by setting the briefing schedule for this motion during the pre-motion telephone conference (Plaintiff had a month to respond per its request for an extension of time to respond).

**Second**, the Second Motion thoroughly sets out the grounds for dismissing the claims in the Complaint against Dunmore – none of which have been opposed. Therefore, Dunmore respectfully requests that this Court examine the Complaint's deficiencies that are raised by the Second Motion and dismiss the Complaint in its entirety because, as a matter of law, Plaintiff cannot prevail on the facts as alleged in the Complaint. See e.g., North American Develop., Inc. v. Shahbazi, 1996 WL 306538 at *7 (S.D.N.Y. 1996).

## IV.

## DUNMORE'S MOTION TO DISMISS DUE TO THE AUTOMATIC STAY AND
## LACK OF STANDING IS VALID AND APPROPRIATE

Taberna's analysis of Dunmore's Second Motion due to the Automatic Stay and Lack of Standing reflects Taberna's fundamental misunderstanding of bankruptcy law.

---

[6] California cases are in accord. See e.g., Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001).

6

## A.    The Second Motion To Dismiss Pursuant To The Automatic Stay Is Proper

Taberna's position that the Second Motion to Dismiss Re the Automatic Stay is frivolous misses the point and is erroneous for several reasons. **First**, Taberna's position that the Second Motion Due to the Automatic Stay was not properly titled a "motion to dismiss" but rather should have been titled a "motion to stay" illustrates Taberna's lack of understanding of 11 U.S.C. §362, which provides that upon the commencement of a bankruptcy case, all proceedings against the Debtor and property of the estate are ***automatically*** stayed. Therefore, one would not need to file a motion to stay because the bankruptcy code provides for an ***automatic*** stay upon the filing of a bankruptcy case. If, however, like in this case, the plaintiff continues to pursue the action in violation of the automatic stay, then the appropriate motion to file is a motion to dismiss due to the violation of the automatic stay, which is the gravamen of the Second Motion.

**Second**, the Second Motion is proper because the automatic stay applies to proceedings against the Debtor or against property of the estate (emphasis added).[7] There is no dispute that the claims alleged against Dunmore in the Complaint are all based on an alleged breach of contract by Dunmore CA, vis-à-vis a variety of "alter ego" theories.[8] But for the breach of contract claims against Dunmore CA, Taberna would have no independent claims against Dunmore. Since the breach of contract cause of action is stayed due to Dunmore CA's bankruptcy, so should the related alter ego claims against Dunmore.

Further, the claims alleged against Dunmore are property of Dunmore CA's estate[9] because they are generalized claims where all creditors are affected and no particularized injury arises to Taberna from it. Indeed, Taberna does not dispute that the claims alleged against

---

[7] See Opposition at 5.

[8] Alter ego/piercing the corporate veil claims are expressly reserved for the trustee or a debtor in possession. In re Folks, 211 B.R. 378, 385-88 (9th Cir. B.A.P. 1997); In re Davey Roofing, Inc., 167 B.R. 604, 608 (Bankr. C.D. Cal. 1994); Kalb, Voorhis & Co. v. American Financial Corp., 8 F.3d 130, 132 (2d Cir. 1993). Allowing Taberna to prosecute estate claims in this forum is impermissible under the Bankruptcy Code.

[9] 11 U.S.C. § 541 broadly defines "property" of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case."

Dunmore are property of the estate, or that the stay set forth in § 362(a)(2) applies to property of the estate in the custody of third parties.[10]

**Third**, Taberna erroneously argues that Dunmore lacks standing to raise issues regarding the automatic stay. Again, Taberna misses the point: the issue is not Dunmore's standing to defend himself in this action, but rather Taberna's standing to prosecute this action against Dunmore in light of Dunmore CA's bankruptcy. Dunmore is not seeking damages in its Second Motion. Rather, Dunmore is merely defending himself in this action and placing Taberna on continued notice of its violation of the automatic stay.

**Fourth**, the cases relied on by Taberna are completely devoid of any mention of the applicability of the automatic stay on property of the estate.[11] More important, however, is the fact that in the Second Circuit, it is well-established that that bankruptcy court may enjoin an action pending in another jurisdiction to preserve its jurisdiction over the bankruptcy case. In re Chateaugay Corp., 93 B.R. 26, 29 (S.D.N.Y. 1988).[12]

---

[10]  The automatic stay bars any suit to obtain estate property. In re Delta Air Lines, Inc., 2007 WL 3166776, *4 (S.D.N.Y. 2007) (Debtors' petition for bankruptcy operates as an automatic stay, applicable to all entities, of "any act to obtain possession of property of the estate or to exercise control over property of the estate"); Kommanditselskab Supertrans v. O.C.C. Shipping, Inc., 79 B.R. 534, 541-42 (S.D.N.Y. 1987) (automatic stay applies where plaintiff is attempting to obtain assets which belong to the debtor estate: "[n]o matter how [plaintiff] attempts to frame its action against third parties, it cannot disguise the fact that it is attempting to push its way to the front of the line of creditors, rather than seeking redress for a unique injury"); Flores v. Hagobian, 2007 WL 1792257, *2 (E.D. Cal. 2007) (the Code prohibits any act to obtain possession of property of the estate or to exercise control over the property of the estate), citing In re White, 186 B.R. 700, 703-04 (9th Cir. BAP 1995) ("Where the language of the Code is plain (*i.e.*, 11 U.S.C. § 362(a)(3)], it is to be enforced according to its terms").

[11]  See Opposition at 6.

[12]Although the automatic stay ordinarily only protects the debtor, the Ninth Circuit has explained that courts have extended the stay to non-debtor parties. United States of America v. Dos Cabezas Corp., 995 F.2d 1486, 1491 n.3 (9th Cir. 1993). In fact, many courts have invoked 11 U.S.C. § 105 to prevent actions against non-debtor parties. 11 U.S.C. § 105; Casner v. Chase Manhattan Mortgage Corporation (In re Casner), 302 B.R. 695, 701 (Bankr. E.D. Cal 2003), citing, Johns-Manville Corp. v. The Asbestos Litg. Group (In re Johns-Manville Corp.), 26 B.R. 420 (Bankr. S.D.N.Y. 1983, aff'd, 40 B.R. 219 (S.D.N.Y. 1984), rev'd in part, 41 B.R. 926 (S.D.N.Y. 1984)). Section 105(a) of the Bankruptcy Code provides that the bankruptcy court "may issue any order, process, or a judgment that is necessary or appropriate to carry out the

**B.**    **The Second Motion To Dismiss For Lack of Standing is Proper**

Taberna mistakenly asserts that Dunmore lacks standing to assert claims belonging to the Chapter 7 trustee.[13] However, the issue is not Dunmore's standing to defend this action rather it is Taberna's standing to prosecute it. The Opposition also erroneously provides that standing is measured as of the time the suit is brought.[14] Yet, Taberna relies on two inapposite non-bankruptcy cases which are problematic for two reasons: First, they are factually and legally distinguishable[15] since they are not bankruptcy cases and contain no discussion about the effect of standing in the context of the automatic stay or assets of the estate once a bankruptcy is filed.[16] Therefore, these cases provide no guidance for this Court. Further, in its Second Motion, Dunmore did not assert that Taberna lacked standing at the time the case was commenced. Rather, Dunmore asserted that upon the filing of Dunmore CA's bankruptcy, Taberna no longer has standing to pursue any of its claims against Dunmore CA and Dunmore. If Taberna's argument had any merit, it would stand the provisions of the bankruptcy code on its head. There is no question that issues and claims are radically impacted as a consequence of the commencement of a bankruptcy case and that can occur after state court litigation has been initiated. The automatic stay prohibits not only commencement of new actions against Debtor but also continuation of existing proceedings. See Interbusiness Bank, N.A. v. First Nat. Bank of Mifflintown, 328 F. Supp. 2d 522, 525 (M.D. Pa. 2004); 11 U.S.C. § 362.

---

provisions of this title."  11 U.S.C. § 105(a).  Section 105(a) of the Bankruptcy Code thus empowers the Court to grant injunctive relief to prevent harm to the Debtor, its estate, and its creditors. See In re Chateaugay Corp., 109 B.R. 613, 621-22 (S.D.N.Y. 1990). Accordingly, a court has authority under Section 105(a) to issue an injunction to extend the automatic stay to non-debtor third parties. Courts have repeatedly held that a bankruptcy court "has authority under Section 105 broader than the automatic stay provisions of Section 362 and may use its equitable powers to assure the orderly conduct of the reorganization proceedings." See In re Baldwin-United Corp. Lit., 765 F.2d 343, 348 (2nd Cir. 1985) (emphasis added).

[13] The Opposition underscores that Taberna's claims are assets of the estate because Taberna outright admits that it is working with the trustee in Dunmore CA's case. See Opposition at 6.
[14] Id.
[15] One of the cases is a class action dealing with the Fair Housing Act violations and the other a prisoner's civil rights violations case.
[16] See Opposition at 6-7.

9

# V.

## CONCLUSION

For all of the foregoing reasons, Dunmore's Second Motion should be granted in its entirety.

Dated: June 6, 2008    LEVENE, NEALE, BENDER, RANKIN & BRILL
          L.L.P.


By: _____/s/ Beth Ann R. Young_____
    Beth Ann R. Young (CA State Bar No. 143945)
    (Pro Hac Vice)
    Michelle Sharoni Grimberg (CA State Bar No.
    217327) (Pro Hac Vice)

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Defendant Sidney B. Dunmore