UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : District Court Case No.:<br>08 CV 1817 [JSR] |
| Plaintiff, | :<br>ELECTRONICALLY FILED |
| - against - | : |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | :<br>: |
| Defendants. | :<br>: |

**AFFIRMATION OF BETH ANN R. YOUNG IN SUPPORT OF DEFENDANT SIDNEY B. DUNMORE'S MOTION TO: (1) DISMISS THE COMPLAINT DUE TO THE AUTOMATIC STAY OR DUE TO PLAINTIFF'S LACK OF STANDING; (2) DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); OR IN THE ALTERNATIVE, (3) FOR A MORE DEFINITE STATEMENT OF FACTS PURSUANT TO F.R.C.P. 12(e)**

I, Beth Ann R. Young, declare as follows:

1. I am a partner in the law firm of Levene, Neale, Bender, Rankin & Brill L.L.P., counsel of record for Sidney B. Dunmore, a co-defendant in this action ("Dunmore").

2. I have personal knowledge of the facts set forth in this Affirmation, and, if called as a witness, I could and would testify completely to such facts under oath.

3. On or about April 15, 2008, I caused a letter to be sent to Taberna Capital Management, LLC's counsel, on behalf of my client, Dunmore, notifying it that its continued prosecution of this action is in violation of the automatic stay and that Taberna lacked standing to pursue this action against Dunmore.

I never received a response to this letter. A true and correct copy of the letter is attached hereto as Exhibit "A" and incorporated herein by this reference.

Executed on June 6, 2008, at Los Angeles, California. I declare under penalty of perjury under the law of the State of New York that the foregoing is true and correct.

                                                                   /s/ Beth Ann R. Young
                                                                  Beth Ann R. Young

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
Beth Ann R. Young (CA State Bar No. 143945) (Pro Hac Vice)
Michelle S. Grimberg (CA State Bar No. 217327) (Pro Hac Vice)
10250 Constellation Boulevard, Suite 1700
Los Angeles, California  90067
Telephone:    (310) 229-1234
Facsimile:    (310) 229-1244

Attorneys for Defendant Sidney B. Dunmore

# EXHIBIT A



LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

LAW OFFICES

April 15, 2008

**VIA E-MAIL**

Kenneth G. Roberts, Esq.
James L. Simpson
WolfBlock LLP
250 Park Avenue
New York, NY 10177

Re:   TABERNA CAPITAL MANAGEMENT, LLC, vs.
      SIDNEY B. DUNMORE et al., Case No. 08 Civ. 1817 (JSR)

Dear Counsel:

As you are aware, we represent Sidney B. Dunmore ("Dunmore") in the above-referenced action.

On or about April 8, 2008, DHI Development f/k/a Dunmore Homes, LLC ("DHI") filed its Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District of California (the "Petition"). It has been assigned case number 08-24442. As discussed more fully below, the filing of the Petition renders all causes of action asserted in the Complaint filed by Taberna Capital Management, LLC ("Taberna") (the "Complaint") assets of the DHI bankruptcy estate; and deprives Taberna of standing to pursue these claims. Taberna's continued prosecution of the Complaint constitutes a violation of the automatic stay provided under 11 U.S.C. § 362. Accordingly, it is requested that Taberna dismiss its Complaint forthwith.

The claims and causes of action in the Complaint are all based on an alleged breach of the Indenture Agreement allegedly entered into between DHI and Taberna, and an effort to hold Dunmore (and Kane) liable on a variety of "alter ego" theories. However, as a matter of law, only the trustee has standing to assert claims based upon piercing the corporate veil or alter ego liability, and creditors are precluded from pursing those claims unless and until they have been abandoned. See In re Keene Corp. v. Coleman, 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994). The Bankruptcy Code permits the trustee to assert claims which belong to the debtor, or under the trustee's "strong arm" or avoiding powers, belong to debtor's creditors under state law. The Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of any standing to pursue the same claims for their sole benefit. Id. at 851.

Case 1:08-cv-01817-JSR   Document 43   Filed 06/06/2008   Page 5 of 6

Kenneth G. Roberts, Esq.
James L. Simpson
WolfBlock LLP
April 15, 2008
Page 2



    New York cases on point are clear: alter ego claims, like fraudulent transfer claims, must be asserted by the trustee. In such situations, the creditor's claim is only general and indirect because it is the *sine qua non* for asserting a remedy against the alleged alter ego and the successful invocation of the remedy will increase the assets available for distribution for all creditors. Accordingly, the automatic stay protects creditors from distribution to the few on a first come, first serve basis, and limits standing to the trustee who can assert the claim on behalf of all creditors. Id. at 852. Thus, alter ego claims, like fraudulent transfer claims, must be asserted by the trustee. Id. Similarly, claims against officers and directors for breach of fiduciary duty, as well as claims against the knowing recipients of the fruits of their disloyalty (i.e., putative unjust enrichment claims), are also property of the estate within the meaning of Section 541 of the Bankruptcy Code. The trustee, therefore, is the only person with standing to bring each of the claims in Taberna's Complaint, absent abandonment or relief from the automatic stay, and the creditors are barred from asserting them. Id. at 853-54.

    Property of the estate has been broadly defined to include "all interests, such as interests in real or personal property, tangible and intangible property, choses in action, causes of action, rights such as copyrights, trade-marks, patents, and processes, contingent interests and future interests, whether or not transferable by the debtor." In re Albion Disposal, Inc., 217 B.R. 394, 402 (W.D.N.Y. 1997). Given the foregoing, it is clear that all of the causes of action asserted by Taberna in the Complaint are property of the estate and that Taberna has no standing to assert them. Therefore, Taberna should dismiss the Complaint against Dunmore at once. If the Complaint is not dismissed, Dunmore intends on pursuing all of the remedies and relief available to him under the law.

    Please advise by no later than the end of business day on Thursday, April 17, 2008 whether you will be dismissing the Complaint against Dunmore. If you refuse to dismiss the Complaint, please advise of your availability for a conference call with the Court on Friday, April 18, 2008.

Kenneth G. Roberts, Esq.
James L. Simpson
WolfBlock LLP
April 15, 2008
Page 3



      Please note that all of Dunmore's rights, remedies and defenses are expressly reserved herein.

      Feel free to contact us if you have any questions regarding the foregoing.

      Very truly yours,

      BETH ANN R. YOUNG
      LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P.

Cc: Krista Dunzweiler
    Steve Wagner
    Ginnine Fried