UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TABERNA CAPITAL MANAGEMENT, LLC, : 08 CV 1817 (JSR)

        Plaintiff, :

  - against - : **Electronically Filed**

SIDNEY B. DUNMORE, MICHAEL A. KANE, : **ORAL ARGUMENT REQUESTED**
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC, :

        Defendants. :

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT KANE'S MOTION TO DISMISS**

COHEN TAUBER SPIEVACK & WAGNER P.C.
Stephen Wagner, Esq. (swagner@ctswlaw.com)
Ginnine Fried, Esq. (gfried@ctswlaw.com)
420 Lexington Avenue
Suite 2400
New York, NY 10170
(212) 586-5800

*Attorneys for Defendant Michael A. Kane*

## TABLE OF CONTENTS

Page

STATEMENT OF RELEVANT FACTS ..................................................................................1

ARGUMENT......................................................................................................................2

    I.    The Court Should Address Kane's Rule 12 (b) Motion ............................................2

    II.   The Court May Dismiss Taberna's Complaint *Sua Sponte* .......................................5

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

Page

**Cases**

*David v. Village of Oak Lawn,*
   954 F. Supp. 1241, 1244 n.4 (N.D. Ill.1996) ................................................................... 4

*Federal Express Corp. v. U.S. Postal Serv.,*
   40 F. Supp. 2d 943, 949 (D.C. Tenn. 1999) .................................................................... 3

*FRA S.p.A. v. Surg-o-flex of America, Inc.,*
   415 F. Supp. 418, 427 (S.D.N.Y. 1975) .......................................................................... 3

*Hanig v. Yorktown Cent. School Dist.,*
   384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ..................................................................... 6

*Hicks v. Small,*
   842 F. Supp. 407, 408 (D. Nev. 1993), *aff'd*, 69 F.3d 967 (9th Cir. 1995) ...................... 4

*In re Westinghouse Securities Litigation,*
   1998 WL 119554, at *6 (W.D. Pa. 1998) ........................................................................ 4

*Katz v. Image Innovations Holdings, Inc.,*
   542 F. Supp. 2d 269, 276 (S.D.N.Y. 2008) ..................................................................... 6

*MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.,*
   471 F.3d 377, 382-83 (2d Cir. 2006) ............................................................................... 6

*McCowen v. Jamieson,*
   724 F.2d 1421, 1424 (9th Cir.1984) ................................................................................ 6

*Mylan Laboratories, Inc. v. Akzo, N.V.,*
   770 F. Supp. 1053, 1059 (D. Md. 1991) .......................................................................... 4

*North American Development, Inc. v. Shahbazi,*
   1996 WL 306538, at *7 (S.D.N.Y. 1996) ........................................................................ 7

*Ogden v. Michigan Bell Tel. Co.,*
   595 F. Supp. 961, 965 n.5 (E.D. Mich. 1984) .................................................................. 4

*Palkovic v. Johnson,*
   150 Fed. App'x. 35, 37 (2d Cir. 2005) ............................................................................. 5

*Perez v. Ortiz,*
   849 F.2d 793 (2d Cir. 1988) ............................................................................................. 6

*Sharma v. Skaarup Ship Mgt. Corp.*,
  699 F. Supp. 440, 444 (S.D.N.Y. 1988) ..................................................................... 4

*Steele v. Stephan*,
  633 F. Supp. 950, 951 (D. Kan. 1986) ....................................................................... 4

*Strandell v. Jackson County*,
  648 F. Supp. 126, 129 (S.D. Ill. 1986) .................................................................... 4, 5

*Thorn v. New York City Department of Social Services*,
  523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) ........................................................ 3, 4

*Wachtler v. County of Herkimer*,
  35 F.3d 77, 82 (2d Cir. 1994) ..................................................................................... 6

*Walker v. Eggleston*,
  2006 WL 2482619, at *3 (S.D.N.Y. 2006) ................................................................. 5

## Rules

Federal Rules of Civil Procedure Rule 19 ................................................................. 1, 2, 6

Federal Rules of Civil Procedure Rule 9(b) .................................................................. 1, 2

Federal Rules of Civil Procedure Rule 12 ................................................................ passim

## Other Authorities

2A J. Moore & J. Lucas, MOORE'S FEDERAL PRACTICE § 12.22 at 2444 (2d ed. 1981) ....... 3

5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §
  1385 (3d ed. 2008) ....................................................................................................... 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TABERNA CAPITAL MANAGEMENT, LLC,                :       08 CV 1817 (JSR)

                    Plaintiff,                                                    :

               - against -                                             :       **Electronically Filed**

SIDNEY B. DUNMORE, MICHAEL A. KANE,       :       **ORAL ARGUMENT REQUESTED**
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                                                       :

                   Defendants.                                               :

---

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANT KANE'S MOTION TO DISMISS

Defendant Michael A. Kane ("Kane"), by his attorney Cohen Tauber Spievack & Wagner P.C., respectfully submits this memorandum of law in further support of his motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12"), the second, fourth and sixth claims alleged in the Complaint for failure to state a claim upon which relief may be granted; for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9"); and for failure to join an indispensable party and plead nonjoinder pursuant to Rule 19 of the Federal Rules of Civil Procedure ("Rule 19").

## STATEMENT OF RELEVANT FACTS

Plaintiff Taberna Capital Management, LLC ("Taberna") limited its opposition to arguing that Rule 12(g) of the Federal Rules of Civil Procedure prohibits this motion. Taberna does not address at all, let alone in any substantive way, any of Kane's arguments in favor of dismissal.

While Taberna argues that the Federal Rules prohibit successive motions, it fails to inform this Court that on April 17, 2008, during the pre-motion telephone conference held among chambers and counsel for all parties in this case, counsel for defendants Kane and Sidney B. Dunmore ("Dunmore") requested leave of court to submit motions to dismiss. During this pre-motion conference, Kane's attorney stated to Your Honor's law clerk that Kane intended to make a motion to dismiss that would address Taberna's failure to join a party under Rule 19 and the substantive aspects of the claims asserted. Dunmore also made an application to submit a motion to dismiss on those and other grounds. Taberna's attorney did not object, although he did comment, without explanation, that the motions were "frivolous." Your Honor's clerk returned to the conference call and stated that the Court granted leave to file the motions to dismiss. A briefing schedule was set, and Kane and Dunmore timely filed and served their motions on May 1, 2008.

As stated above, Taberna's seven-page Memorandum of Law in Opposition, dated May 29, 2008 (the "Opp. Memo"), does not address any of the grounds for dismissal presented in Kane's motion.[1] For the reasons cited in Kane's initial motion papers and below, the motion should be granted in all respects.

## ARGUMENT

### I. The Court Should Address Kane's Rule 12 (b) Motion

Notwithstanding the general prohibition against successive Rule 12 motions, the District Court has discretion to consider a Rule 12 motion even if it follows an earlier Rule

---

[1] Taberna erroneously asserted that this Court already has determined that the complaint adequately pleads fraud. *See* Opp. Memo at pp. 4-5, n.2. What this Court actually wrote was that "Plaintiff has presented sufficient jurisdictional evidence and adequate allegations of fraud *to satisfy the New York long-arm statute.*" Memorandum, dated May 20, 2008 (Docket No. 40), at 4-5 (emphasis added). This Court has not determined whether the Complaint has adequately pled fraud pursuant to Rule 9.

{00029987.DOC;1}

2

12 motion. Indeed, courts have exercised their discretion to permit a second Rule 12(b) motion, as long as it does not result in unnecessary delay, expense, or inconvenience, and would allow for a more expeditious resolution of the case. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1385 (3d ed. 2008). [2]

For example, in *Thorn v. New York City Department of Social Services*, 523 F. Supp. 1193 (S.D.N.Y. 1981) (Sofaer, J.), after an initial Rule 12(b) motion, defendants subsequently moved to dismiss pursuant to Rule 12(b)(6). In exercising its discretion to hear the second Rule 12(b) motion, this Court held that it would decide the motion "because it was not interposed for delay, and its consideration will expedite the disposition of the case on the merits." 523 F. Supp. at 1196 n.1, *citing* 2A J. Moore & J. Lucas, MOORE'S FEDERAL PRACTICE § 12.22 at 2444 (2d ed. 1981).

Likewise, in *Federal Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943 (D.C. Tenn. 1999), defendant had moved to dismiss pursuant to Rule 12(b), but omitted from that motion grounds to support a Rule 12(b)(6) motion. After the first motion was decided, defendant moved to dismiss pursuant to Rule 12(b)(6). In exercising its discretion to hear the second motion, the court held that there was

> no evidence that this motion was filed simply to delay the action or to create an inconvenience for Plaintiff. There is also no reason to think that Defendant's motion has imposed or will impose undue hardship upon Plaintiff. In short, allowing Defendant to file this motion will not create an unjust delay or facilitate an abuse in motion practice.

40 F. Supp. 2d at 949.

---

[2]   Taberna argues that Rule 12(g) prohibits successive motions to dismiss because of the delay caused by such successive pleadings, citing to *FRA S.p.A. v. Surg-o-flex of America, Inc.*, 415 F. Supp. 418, 427 (S.D.N.Y. 1975). Taberna's reliance on this case is misplaced because not only is there no page 427 within such decision, it does not in any way address successive motions.

{00029987.DOC; 1}

3

Similarly, in *In re Westinghouse Securities Litigation*, 1998 WL 119554, at *6 (W.D. Pa. 1998), defendant moved to dismiss pursuant to Rule 12(b)(6) for a second time, after its first 12(b)(6) motion was denied. In exercising its discretion to hear the second motion, the court held that

> given the lack of waiver [pursuant to Rule 12(h)] and the fact that the defendant's defenses will still require adjudication in any event, many courts permit the defense of failure to state a claim upon which relief can be granted to be asserted in a subsequent motion as a means of preventing unnecessary delay in the proceedings . . . There is simply no reason to put the defendant to the time and expense of filing an answer, or both the defendant and plaintiff to the time and expense of addressing an issue to be raised later in a motion for judgment on the pleadings, when that issue can easily be resolved now.

1998 WL 119554, at *6, *citing David v. Village of Oak Lawn*, 954 F. Supp. 1241, 1244 n.4 (N.D. Ill.1996); *Hicks v. Small*, 842 F. Supp. 407, 408 (D. Nev. 1993), *aff'd*, 69 F.3d 967 (9th Cir. 1995); *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1059 (D. Md. 1991); *Sharma v. Skaarup Ship Mgt. Corp.*, 699 F. Supp. 440, 444 (S.D.N.Y. 1988); *Strandell v. Jackson County*, 648 F. Supp. 126, 129 (S.D. Ill. 1986); *Steele v. Stephan*, 633 F. Supp. 950, 951 (D. Kan. 1986); *Ogden v. Michigan Bell Tel. Co.*, 595 F. Supp. 961, 965 n.5 (E.D. Mich. 1984); *Thorn v. New York City Dep't of Social Servs.*, 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (these cases permit a subsequent pre-answer 12(b) motion).

Here, as Taberna knows from its review of Rule 12 (*see* Opp. Memo at p. 3), deciding this Rule 12 motion now will not in any way delay the proceeding. Indeed, as the court in *Westinghouse* explained, pursuant to Rule 12(c), Kane can simply answer the

complaint and move for judgment on the pleadings.[3] Taberna's complaint of delay caused by this motion to dismiss is disingenuous, because instead of addressing these issues now, which would conserve this Court's time and resources, Taberna seemingly argues in favor of submitting to an additional briefing schedule to address these claims pursuant to Rule 12(c).[4]

Accordingly, given that (i) this Court addressed Kane's motion to dismiss during a pre-motion conference call, (ii) Taberna did not object to the motion at that time, (iii) this Court set a briefing schedule, (iv) there is significant precedent for permitting this motion to be heard at this time, (v) the motion was not brought for dilatory purposes, (vi) hearing it now will preserve judicial resources and expense to the parties, and (vii) the identical motion can be brought in any event pursuant to Rule 12(c), Kane respectfully requests that this Court entertain this motion at this time.

## II.    The Court May Dismiss Taberna's Complaint *Sua Sponte*

It is well-settled in this Circuit that a District Court may grant a motion to dismiss for failure to state a claim *sua sponte*, so long as the court adopts a fair procedure for doing so, by providing the opposing party notice and an opportunity to be heard. *Palkovic v.*

---

[3]    In *Strandell v. Jackson County, Ill.,* 648 F. Supp. 126 (S.D. Ill. 1986), in opposition to a subsequent motion to dismiss, the plaintiffs argued that the defendants waived the defenses now raised since those defenses were available, but were not asserted, in the first motion to dismiss. The court, citing to Rules 12(h)(1) and (2), held that a Rule 12(b)(6) motion is "not waiveable." The court explained that "[a]lthough the proper procedure for raising the defenses now at issue is in a motion for judgment on the pleadings, since the objection of failure to state a claim is so basic and is not waived, the Court might properly entertain the second motion to dismiss if convinced that it is not interposed for delay and that the disposition of the case on the merits can be expedited by so doing" (internal citations and quotations omitted).

[4]    Rule 12(c) motions for judgment on the pleadings share the same standard for dismissal as Rule 12(b)(6) motions to dismiss. *See Walker v. Eggleston*, 2006 WL 2482619, at *3 (S.D.N.Y. 2006).

{00029987.DOC; 1}

5

*Johnson*, 150 Fed. App'x. 35, 37 (2d Cir. 2005), *citing Perez v. Ortiz*, 849 F.2d 793 (2d Cir. 1988); *see also Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). This Circuit has also held that when a District Court erroneously permitted the filing of a motion to dismiss under Rule 19, as Taberna alleges here, the court was not precluded from considering the issue *sua sponte*. *MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006), *citing McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir.1984) (stating that a Rule 19 issue "is sufficiently important that it can be raised at any stage of the proceedings–even sua sponte"). This Circuit has interpreted a decision to entertain such a motion as an exercise of the District Court's duty to examine Rule 19 issues on its own initiative. *MasterCard Intern. Inc.*, 471 F.3d at 383.

Here, this Court adequately provided Taberna with notice and the opportunity to be heard on the dismissal of the Complaint pursuant to both Rules 12 and 19 by setting the briefing schedule for this motion during the pre-motion telephone conference.[5] Taberna was put on notice of the grounds for Kane's motion to dismiss, and, after having a month to respond, elected to ignore Kane's motion, except to rely on the procedural barrier of Rule 12(g). Accordingly, should this Court determine that Rule 12(g) does not prevent this motion, Kane respectfully requests that this Court examine the Complaint's deficiencies that are raised by Kane's motion to dismiss, and dismiss the Complaint in its entirety because, as a matter of law, Taberna cannot prevail on the facts as alleged in the

---

[5] Because Taberna did not address any of the grounds for dismissal presented in Kane's motion, Taberna is deemed to have abandoned its claims and Kane is entitled to dismissal of the Complaint. *Katz v. Image Innovations Holdings, Inc.*, 542 F. Supp. 2d 269, 276 (S.D.N.Y. 2008) (claims deemed abandoned and dismissed when plaintiff failed to respond to defendants' motion to dismiss); *Hanig v. Yorktown Cent. School Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) (where plaintiff failed to oppose defendant's motion to dismiss regarding one claim for relief, that claim was deemed abandoned).

Complaint. *See, e.g., North American Development, Inc. v. Shahbazi*, 1996 WL 306538, at *7 (S.D.N.Y. 1996) (holding that "[t]his Court has discretion to dismiss claims *sua sponte* pursuant to Rule 12(b)(6), particularly where it is 'patently obvious that the plaintiff could not have prevailed on the facts as alleged in [the] complaint' because, as a matter of law, the plaintiff fails to state a claim").

## CONCLUSION

In light of the foregoing, Kane respectfully requests that the Court grant his Motion to Dismiss in all respects.

Dated: New York, New York
       June 6, 2008

                      COHEN TAUBER SPIEVACK & WAGNER P.C.

By: _____s/ Stephen Wagner_____
      Stephen Wagner (swagner@ctswlaw.com)
      Ginnine Fried (gfried@ctswlaw.com)
      420 Lexington Avenue, Suite 2400
      New York, New York 10170
      (212) 586-5800

*Attorneys for Defendant Michael A. Kane*