```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
TABERNA CAPITAL MANAGEMENT, LLC,        :
                                        :
                    Plaintiff,          :     08 Civ. 1817 (JSR)
                                        :
          -v-                           :           ORDER
                                        :
SIDNEY B. DUNMORE, MICHAEL A. KANE,     :
and DHI DEVELOPMENT f/k/a DUNMORE       :
HOMES, LLC,                             :
                                        :
                    Defendants.         :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

  Defendant Sidney B. Dunmore has moved to dismiss this action on the ground that plaintiff Taberna Capital Management's causes of action are property of the bankruptcy estate of defendant DHI Development f/k/a Dunmore Homes, LLC, and therefore subject to the automatic stay set forth in 11 U.S.C. § 362. On June 12, 2008, the Court heard oral argument on the motion to dismiss, and promised the parties a prompt ruling. However, having carefully considered the parties' submissions and their arguments before the Court, the Court finds that there remain important issues that have not been fully briefed by the parties and as to which their input is requested.

  Accordingly, the Court directs the parties to submit further briefing on the following questions:

  <u>First</u>: In determining whether the causes of action at issue are property of the bankruptcy estate and whether defendant Dunmore is a party who may raise the issue of the automatic stay before this Court, what jurisdiction's law should be applied?

Second: Would Dunmore have standing under 11 U.S.C. § 362 to bring suit in bankruptcy court to complain of a violation of the automatic stay? If he would not, would such lack of standing affect Dunmore's ability to raise a violation of 11 U.S.C. § 362 as grounds for a motion to dismiss in this Court?

Third: Does this Court have any independent responsibility to ensure that proceedings before it do not violate the automatic stay?

Fourth: What standard applies in determining whether a creditor's cause of action is property of the bankruptcy estate, and under the applicable standard are Taberna's claims property of the estate?

Plaintiff and defendant Dunmore are each directed to submit briefing on these questions in the form of their respective memoranda of law, not to exceed 15 double-spaced pages, to be filed by Thursday, June 19, 2008. Plaintiff and Dunmore may also submit memoranda responsive to their respective adversary's initial memorandum, in the form of answering memoranda of law, not to exceed 15 double-spaced pages, to be filed by Thursday, June 26, 2008. Defendant Kane, who indicated at oral argument that he may wish to join Dunmore's motion, may join Dunmore's memorandum or may submit his own memorandum on the same schedule. If Kane submits a separate memorandum, Taberna's answering memorandum, if any, may respond to both defendant's memoranda.

The Court will then decide the pending motion by July 10, 2008. In the meantime, discovery will remain stayed as previously ordered by the Court.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 18, 2008