UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC,<br><br>Defendants. | District Court Case No.: 08 CV 1817 [JSR]<br><br>ELECTRONICALLY FILED |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT SIDNEY B. DUNMORE'S MOTION TO DISMISS THE COMPLAINT DUE TO THE AUTOMATIC STAY OR DUE TO PLAINTIFF'S LACK OF STANDING**

Pursuant to this Court's Order entered on June 19, 2008 (the "Order"), Defendant Sidney B. Dunmore ("Defendant" or "Dunmore"), by his attorneys, hereby files his Supplemental Brief in further support of his Motion To Dismiss the Complaint ("Motion to Dismiss") filed by Taberna Capital Management, LLC ("Plaintiff" or "Taberna") pursuant to 11 U.S.C. § 362 (based upon application of the automatic stay) and 11 U.S.C. § 541 (based upon Plaintiff's lack of standing to pursue property of the Debtor's bankruptcy estate).

In the Order, the Court presented four specific questions to be addressed through this Supplemental Brief which responses serve to augment the briefing previously submitted by the parties in connection with the underlying Motion to Dismiss.

## TABLE OF CONTENTS


I. SUMMARY OF ARGUMENT ........ 2

II. CALIFORNIA LAW APPLIES IN DETERMINING WHETHER THE CAUSES OF ACTION AT ISSUE ARE PROPERTY OF THE BANKRUPTCY ESTATE ........ 2

III. DUNMORE HAS STANDING TO RAISE THE ISSUE OF THE AUTOMATIC STAY ........ 3

IV. THIS COURT HAS AN INDEPENDENT RESPONSIBILITY TO ENSURE THAT PROCEEDINGS BEFORE IT DO NOT VIOLATE THE AUTOMATIC STAY ........ 4

V. TABERNA'S CAUSES OF ACTION ARE ASSETS OF THE DUNMORE CA BANKRUPTCY ESTATE ........ 6

- A. The Alter Ego Claim is Property Of the Bankruptcy Estate ........ 7
- B. The Fraudulent Conveyance Claim is Property of The Bankruptcy Estate ........ 8
- C. The Tortious Interference Claim is Property of The Bankruptcy Estate ........ 8
- D. The Breach of Fiduciary Duty Claim is Property of The Bankruptcy Estate ........ 9
- E. The Unjust Enrichment Claim is Property of The Bankruptcy Estate ........ 9

VI. CONCLUSION ........ 10

**TABLE OF AUTHORITIES**

CASES

In re AP Industries, Inc.
117 B.R. 789, 801 (Bankr. S.D.N.Y. 1990) ---- 8

Butner v. United States
440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ---- 6

CarrAmerica Realty Corp. v. nVidia Corp.
2006 WL 2868979, *3-*4 (N.D. Cal. 2006) ---- 8

In Re Davey Roofing, Inc.
167 B.R. 604, 606, 608 (C.D. Cal. 1994) ---- 7, 8

Eddleman v. Thomas
2007 WL 3051261, *1-*2 (D. Nev. 2007) ---- 9

In re Folks
211 B.R. 378, 383-5, 387-388 (B.A.P. 9th Cir. 1997) ---- 6, 7, 8

In re Golden Plan of Cal. v. Lebrun
37 B.R. 167, 170 (E.D. Cal. 1984) ---- 4

In re Golden State Capital Corp.
317 B.R. 144, 149 (E.D. Cal. 2004) ---- 4

Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n
997 F.2d 581, 585 (9th Cir. 1993) ---- 5

International Forex of Cal.
247 B.R. 284, 292-93 (S.D. Cal. 2000) ---- 4

Kalb, Voorhis & Co. v. American Fin. Corp.
8 F.3d 130, 132-33 (2d Cir. 1993) ---- 2, 5, 8

In re Keene Corp. v. Coleman
164 B.R. 844, 851-54 (Bankr. S.D.N.Y. 1994) ---- 7, 9

In re Kroh Bros. Develop. Co.
91 B.R. 525, 539 (Bankr. W.D. Mo., 1988) ---- 4

In re Moss
270 B.R. 333, 343 (W.D. N.Y. 2001) ---- 4

Murray v. Miner
876 F. Supp. 512, 516-17 (S.D.N.Y. 1995) ---- 7

In re Pacific Gas & Elec. Co.
281 B.R. 1, *14-*15 (Bankr. N.D. Cal. 2002) ---- 9

Cases (cont.)

In re Park South Securities, LLC
326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) ---------- 9
Pepper v. Litton
308 U.S. 295, 306-08, 60 S.Ct. 238, 245-46, 84 L.Ed. 281 (1939) ---------- 6
In re Sambo's Restaurants, Inc.
754 F.2d 811, 816 (9th Cir. 1985) ---------- 2
Schlumberger Logelco Inc., v. Morgan Equip. Co.
1996 WL 251951 at *3 (N.D. Cal. 1996) ---------- 2
In re Schwartz
954 F.2d 569, 571 (9th Cir. 1992) ---------- 2
In re Serrato
214 B.R. 219, 226-27, (Bankr. N.D. Cal. 1997) ---------- 8
Smith v. Arthur Andersen LLP
421 F.3d 989, 1005-06 (9th Cir. 2005) ---------- 9
In re Snyder
61 B.R. 268, 270 (Bankr. S.D. Ohio 1986) ---------- 9
Soviet Pan Am Travel Effort v. Travel Committee, Inc.
756 F. Supp. 126, 131 (S.D.N.Y. 1991) ---------- 2
Whirlpool Corp. v. CIT Group/Business Credit, Inc.
258 F. Supp. 2d 1140, 1146-47 (D. Hawaii 2003) ---------- 8
In re Zapanta
204 B.R. 762, 763 (S.D. Cal. 1997) ---------- 4

STATUTES

11 U.S. C. § 101(5) ---------- 6
11 U.S.C. § 362 ---------- 1, 3
11 U.S.C. § 541 ---------- 1, 7, 9
11 U.S.C. § 541(a)(1) ---------- 6
11 U.S.C. § 544 ---------- 9
11 U.S.C. § 704(a)(1) ---------- 6, 7

OTHER AUTHORITIES

Restatement (Second) of Conflict of Laws § 307 (1971) ---------- 2, 3

I.

## SUMMARY OF ARGUMENT

It is beyond cavil that the answers to the four questions set forth by this Court in the Order further supports the ultimate conclusion that the Motion to Dismiss at issue should be granted because Taberna's continuation of the lawsuit is in violation of the automatic stay and all of the causes of action alleged in the Complaint against Dunmore are assets of the bankruptcy estate of DHI Development, formerly known as Dunmore Homes, LLC, a California corporation ("Dunmore CA"). Any other conclusion would stand the bankruptcy law on its head! In fact, in light of the pending Dunmore CA bankruptcy, any judgment rendered by this Court in violation of the automatic stay would be null and void as a matter of law. See In re Sambo's Restaurants, Inc., 754 F.2d 811, 816 (9th Cir. 1985); In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992).

II.

## CALIFORNIA LAW APPLIES IN DETERMINING WHETHER THE CAUSES OF ACTION AT ISSUE ARE PROPERTY OF THE BANKRUPTCY ESTATE

The plethora of applicable case law all confirm that California law applies in determining whether the causes of action at issue are property of the bankruptcy estate of Dunmore CA. New York law also supports the application of California law to this analysis. This is because it is the law of the state of incorporation, in this case, California, that determines when the corporate form will be disregarded and liability will be imposed upon shareholders. Schlumberger Logelco Inc., v. Morgan Equip. Co., 1996 WL 251951 at *3 (N.D. Cal. 1996); Soviet Pan Am Travel Effort v. Travel Committee, Inc., 756 F. Supp. 126, 131 (S.D.N.Y. 1991); Kalb, Voorhis & Co. v. American Fin. Corp., 8 F.3d 130, 132-33 (2d Cir. 1993).

The law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders: "[b]ecause a corporation is a creature of state law whose primary purpose is to insulate shareholders from legal liability, the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away." Kalb, 8 F.3d at 132-33; RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307 (1971)

("[t]he local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation ... and to its creditors for corporate debts.") Accordingly, California substantive law applies to this alter ego claim because California is the place of Dunmore CA's incorporation and Dunmore CA has its principal place of business in California. See Notice to Federal Court of Removal of Civil Action from State Court filed by Dunmore on or about February 22, 2008.

With regard to the other part of this first question, whether Dunmore may raise the issue of the automatic stay, as discussed further in the next section below, 11 U.S.C. § 362 does not prescribe who may notify Courts or parties that a bankruptcy case has been commenced. Because the nature of the stay imposed upon the commencement of a bankruptcy case is "automatic" any lawsuits which violate the automatic stay must terminate, pending either relief from the automatic stay, and/or as in this instance, formal abandonment of the claims for relief. Taberna tries to confuse the issue of standing to seek damages for violation of the automatic stay, which Dunmore is not doing through this Motion to Dismiss, because of the Dunmore CA bankruptcy case and its impact on the claims for relief asserted herein.

**III.**

**DUNMORE HAS STANDING TO RAISE THE ISSUE OF THE AUTOMATIC STAY**

As indicated above and in the moving papers, 11 U.S.C. § 362 prohibits actions in violation of the automatic stay. The fact that Dunmore CA is a debtor in a chapter 7 bankruptcy case both begins and ends this analysis. As a matter of law, actions cannot be continued without relief from the automatic stay, or abandonment of the claim by the chapter 7 trustee. Section 362 does not prescribe who may notify Courts or parties that a bankruptcy case has been commenced.

The issue here is not whether Dunmore has standing to raise the issue of the automatic stay, but rather, whether Taberna is violating the stay by pursuing this action against Dunmore. The only relevant question presented here is whether the bankruptcy case of Dunmore CA prohibits Taberna from continuing to pursue the claims alleged in this action where it is asserted that, under both California and New York law, those claims are property of the Dunmore CA

bankruptcy estate.

Relevant case law on the subject of damages for violations of the automatic stay is helpful in underscoring the point that it is completely irrelevant who notifies the party and/or the Court of the violation of the automatic stay so long as a violation exists. Moreover these cases support the finding that continuation of an action in violation of the automatic stay is entirely inappropriate, and sanctionable. See e.g. In re Kroh Bros. Develop. Co., 91 B.R. 525, 539 (Bankr. W.D. Mo., 1988); International Forex of Cal., 247 B.R. 284, 292-93 (S.D. Cal. 2000) (the Court awarded punitive damages against defendants in their pursuit of their cross-complaint because it was in willful violation of the automatic stay despite the fact that it was the creditors who brought such violation to the attention of the defendants and the Court and the creditors' standing to do so was questionable).

It bears repeating that Dunmore is not seeking sanctions against Taberna for its violation of the automatic stay through this Motion to Dismiss. However, where there is no dispute that a bankruptcy case has been filed and where there is no dispute that the claims asserted by Taberna herein are now property of the Dunmore CA bankruptcy estate, there is no question that this action must abate as a consequence of the automatic stay. That is the point of the Motion to Dismiss.

## IV.

## THIS COURT HAS AN INDEPENDENT RESPONSIBILITY TO ENSURE THAT PROCEEDINGS BEFORE IT DO NOT VIOLATE THE AUTOMATIC STAY

Courts have held that the automatic stay is one of the fundamental policies and protections of the Bankruptcy Code which is meant to be broad in its scope and Courts must be vigilant in enforcing it. In re Zapanta, 204 B.R. 762, 763 (S.D. Cal. 1997); In re Golden State Capital Corp., 317 B.R. 144, 149 (E.D. Cal. 2004); In re Golden Plan of Cal. v. Lebrun, 37 B.R. 167, 170 (E.D. Cal. 1984); In re Moss, 270 B.R. 333, 343 (W.D. N.Y. 2001). Accordingly, once this Court was advised of the Dunmore CA bankruptcy case and the violation of the automatic

stay through the continuation of this action by Taberna, Dunmore contends that this Court had an independent obligation to ensure that such violation did not continue.

The Kalb case, cited at length in Dunmore's moving papers, is directly on point in this regard, particularly where that case involved (as does Taberna's case) a creditor filing an action seeking to pierce the corporate veil of a bankrupt company. In granting defendant's motion to dismiss, the district court ruled that such veil-piercing claims had to be asserted by the trustee or debtor in possession, but that the creditor did not have standing to do so. Kalb, Voorhis & Co. v. American Fin. Corp., 8 F.3d 130 (2d Cir. 1993).

An important point to be taken from this case, *inter alia*, is that a court does not have the discretion to recognize application of the automatic stay. It would be tantamount to saying that no one could report witnessing a theft where the reporter was not the owner of the stolen goods. Where there is the imposition of the automatic stay, it must be addressed, regardless of how the Court learns of it. Whether a party thereafter violates the automatic stay is an entirely different question, particularly where there is no pending request for damages for a violation of the stay. The only point of the Motion to Dismiss is that as a consequence of the bankruptcy filing by Dunmore CA, there is an automatic stay which prohibits continuation of this action on claims for relief that are deemed property of the Dunmore CA bankruptcy estate.

The automatic stay is "designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or non judicial, in nonbankruptcy for [or] against the debtor or effecting property of the estate." Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993) (citations omitted). Taberna's refusal to acknowledge the automatic stay triggers this Court's responsibility to ensure that proceedings before it do not continue on violating the automatic stay. That requires granting the Motion to Dismiss.

V.

TABERNA'S CAUSES OF ACTION ARE

ASSETS OF THE DUNMORE CA BANKRUPTCY ESTATE

The standard to be applied in determining whether a particular claim is property of the bankruptcy estate hinges on whether that claim is generalized or particularized.[1] A *generalized* claim is defined as one in which **all creditors are affected** and no particularized injury arises from it. In re Folks, 211 B.R. 378, 385, 387-88 (B.A.P. 9th Cir. 1997). Conversely, a *particularized* injury is defined as a personal claim belonging to an individual creditor. Id. at 383. As asserted in detail in the Motion to Dismiss, the claims for relief alleged by Taberna are all generalized claims which affect all creditors of Dunmore CA, and there are no allegations of any "particularized" damages to Taberna.

Bankruptcy law looks to state law to determine the property rights of the debtor. Butner v. U.S., 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Once the bankruptcy petition is filed, property rights which belong to the debtor become assets of the estate. 11 U.S.C. § 541(a)(1); Folks, 211 B.R. at 384. Thus, a right of action which is property of the debtor becomes property of the estate. Folks, 211 B.R. at 384, 387. A bankruptcy court has broad equitable powers and has the power to prevent injustice or unfairness in the administration of the bankruptcy estate. Fair administration of the estate requires claims which are assets of the bankruptcy estate to be pursued by the bankruptcy trustee. Pepper v. Litton, 308 U.S. 295, 307-08, 60 S.Ct. 238, 245-46, 84 L.Ed. 281 (1939). As property of the estate, the right to assert the claim is vested in the trustee. Id. at 306-07; § 704(a)(1).[2]

---

1 Section 101(5) of the Bankruptcy Code provides: "claim" means--"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

2 11 U.S.C. § 704(a)(1) provides: "The trustee shall--(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest[.]"

Applying this standard to each of the five claims for relief alleged against Dunmore in the Complaint, it is readily evident that such are all generalized claims and constitute property of the Dunmore CA bankruptcy estate. The five claims for relief alleged are: (1) alter ego; (2) breach of fiduciary duty; (3) tortious interference with contract; (4) fraudulent conveyance; and (5) unjust enrichment.

**A. The Alter Ego Claim is Property Of the Bankruptcy Estate**

It is beyond cavil that the putative alter ego claim alleged against Dunmore is an asset of the bankruptcy estate. As a matter of law, only the trustee has standing to assert claims based upon piercing the corporate veil or alter ego liability, and creditors, such as Plaintiff, are precluded from pursing those claims unless and until they have been abandoned. See Murray v. Miner, 876 F. Supp. 512, 516-17 (S.D.N.Y. 1995); In re Keene Corp. v. Coleman, 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994).

The Bankruptcy Code vests a trustee with the right to assert all of the Debtor's legal and equitable interests and to "collect and reduce to money the property of the estate." See 11 U.S.C. § 704(a)(1); In Re Davey Roofing, Inc., 167 B.R. 604, 606 (C.D. Cal. 1994). Pursuant to 11 U.S.C. § 541, the property of the estate includes all legal and equitable interests of the debtor at the commencement of the case. The Bankruptcy Code also vests in the trustee the right to assert claims which belong to the debtor both directly and under the trustee's "strong arm" or avoiding powers. In re Keene, 164 B.R. at 851, 854. The Bankruptcy Code also authorizes the trustee to prosecute such claims *for the benefit of all creditors*, and necessarily deprives individual creditors of any standing to pursue the same claims for their sole benefit, such as the claims for relief by Taberna herein. Id. at 851.

Both Ninth Circuit law and California law permit a debtor to assert an alter ego claim to pierce its own corporate veil if equity demands, and therefore that claim is property of the estate. Davey Roofing, Inc., 167 B.R. at 608; Folks, 211 B.R. at 385. Since alter ego claims constitute property of the bankruptcy estate, those claims cannot belong to any individual creditor, and thus may not be asserted by individual creditors. Folks, 211 B.R. at 384-85 (citations omitted). "If a

claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." Folks, 211 B.R. at 387 (citing Davey Roofing at 606).

Here, the alter ego claim alleged by Taberna against Dunmore reflects potential liability to all creditors of Dunmore CA without regard to any personal dealings between Dunmore and Taberna, or any particularized harm to Taberna. Nowhere in the Complaint has Taberna even alleged that it has suffered any particularized injury. In fact, to the contrary, Taberna's allegations of damages relates to "all creditors" and not any injury unique to Taberna. Accordingly, it then follows that this alter ego claim can only be asserted by the Dunmore CA trustee and does not belong to Plaintiff, or any individual creditor of Dunmore CA for that matter. Folks, 211 B.R. at 387; Kalb, 8 F.3d at 132.

**B. The Fraudulent Conveyance Claim is Property of The Bankruptcy Estate**

Fraudulent conveyance claims are also undisputedly assets of the bankruptcy estate and cannot be pursed by Taberna. In re Serrato, 214 B.R. 219, 226-27 (Bankr. N.D. Cal. 1997) (trustee has standing to bring fraudulent conveyance action because property belongs to estate); In re AP Industries, Inc., 117 B.R. 789, 801 (Bankr. S.D.N.Y. 1990) (fraudulent conveyance action is property of the estate); Whirlpool Corp. v. CIT Group/Business Credit, Inc., 258 F. Supp. 2d 1140, 1146-47 (D. Hawaii 2003) (fraudulent conveyance not particularized injury, but general, so it is property of the estate). The trustee, therefore, is the *only* person with standing to bring each of the claims against Dunmore as alleged in Plaintiff's Complaint, absent abandonment and relief from the automatic stay.

**C. The Tortious Interference Claim is Property of The Bankruptcy Estate**

California cases have long held that claims for intentional interference are general claims and constitute property of the estate that can only be pursued by the trustee. CarrAmerica Realty Corp. v. Nvidia Corp., 2006 WL 2868979, *3-*4 (N.D. Cal. 2006) (claim for intentional interference with a contract states a claim of harm to the corporation which affects all creditors

and is a general claim); In re Snyder, 61 B.R. 268, 270 (Bankr. S.D. Ohio 1986) (trustee has standing to bring tortious interference action on behalf of estate). It bears repeating that the only alleged act by Dunmore (and Kane) is the sale of Dunmore CA to Dunmore NY. There is no action alleged directly at Taberna, and Taberna's alleged economic damages are no different that any other alleged creditor of Dunmore CA. There is no particularized injury to Taberna, and no claim unique to Taberna.

**D. The Breach of Fiduciary Duty Claim is Property of The Bankruptcy Estate**

Putative claims against officers and directors for breach of fiduciary duty, as well as claims against the knowing recipients of the fruits of their disloyalty (*i.e.*, putative unjust enrichment claims), are also property of the estate within the meaning of Section 541 of the Bankruptcy Code. Therefore, these claims can only be pursued by the trustee, not Taberna. Smith v. Arthur Andersen LLP, 421 F.3d 989, 1005-06 (9th Cir. 2005) (because fiduciary duty claims involve injury to the debtor, a bankruptcy trustee has standing to pursue them); Keene Corp., 164 B.R. at 853-54 (fiduciary duty action is property of the estate).

**E. The Unjust Enrichment Claim is Property of The Bankruptcy Estate**

A claim for unjust enrichment is a generalized claim and property of the bankruptcy estate. The gravamen of unjust enrichment is that a third party has become enriched at the expense of Debtor such that it stands to reason that all creditors of the Debtor are equally injured through the putative diminution of collateral. Therefore, only the trustee has standing to assert the claim on behalf of the estate in the first instance. In re Pacific Gas & Elec. Co., 281 B.R. 1, *14-*15 (Bankr. N.D. Cal. 2002) (unjust enrichment claim belongs to the estate and only trustee has standing to assert the claim); In re Park South Securities, LLC, 326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) (trustee has standing to bring unjust enrichment action on behalf of estate under section 544 of the Bankruptcy Code); Eddleman v. Thomas, 2007 WL 3051261, *1-*2 (D. Nev. 2007) (unjust enrichment claim is not personal to creditor and is property of the estate).

VI.

**CONCLUSION**

For all of the foregoing reasons, Dunmore's Motion to Dismiss the complaint should be granted in its entirety.

Dated: June 26, 2008

LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

By: /s/ Beth Ann R. Young

Beth Ann R. Young (CA State Bar No. 143945) (Pro Hac Vice)
Michelle Sharoni Grimberg (CA State Bar No. 217327) (Pro Hac Vice)

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
E-mail: bry@lnbrb.com
Attorneys for Defendant Sidney B. Dunmore