UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,   :

              Plaintiff,    :     08 Civ. 1817 (JSR)

       - against -       :

SIDNEY B. DUNMORE, MICHAEL A. KANE,   :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                      :

           Defendants.    :

------------------------------------------------------------------x

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO MOTION TO DISMISS COMPLAINT

**WOLFBLOCK LLP**
**250 Park Avenue**
**New York, New York 10177**
**(212) 986-1116**

**Attorneys for Plaintiff**

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .................... i

TABLE OF AUTHORITIES .................... ii

QUESTION NO. 1:   WHAT LAW SHOULD BE APPLIED? .................... 1

QUESTION NO. 2:   DOES DUNMORE HAVE STANDING TO RAISE THE
AUTOMATIC STAY? .................... 3

QUESTION NO. 3:   DOES THE COURT HAVE INDEPENDENT RESPONSIBILITY
TO UPHOLD THE AUTOMATIC STAY? .................... 5

QUESTION NO. 4:   ARE TABERNA'S CLAIMS PROPERTY OF THE ESTATE? ................ 6

1.   Tortious Interference .................................................................. 7

2.   Breach of Fiduciary Duty ........................................................... 8

3.   Aiding and Abetting Fraudulent Conveyance ............................. 9

4.   Alter Ego ................................................................................... 10

5.   Unjust Enrichment. ................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

Cases

Atlanta Shipping Corp., Inc. v. Chemical Bank, 818 F.2d 240, 250-51 (2d Cir. 1987) .............. 12

Bonilla v. Trebol Motors Corp., 150 F.3d 77, 87 (1st Cir. 1998).................................................. 9

Breeden v. Kirkpatrick & Lockhart LLP, 336 F.3d 94, 100 (2d Cir. 2003) .................................. 5

In re Brooks, 79 B.R. 479, 481 (9th Cir. BAP 1987) ................................................................... 7

Butner v. United States, 440 U.S. 48, 54 (1979) ...................................................................... 5, 9

Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 434 (1972) ...................................... 10

*Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994)...................................................................10

In re Eagle Enters., Inc., 265 B.R. 671, 680-81 (Bankr. E.D.Pa. 2001) ...................................... 11

Eddleman v. Thomas, No. 07-cv-207, 2007 WL 3051261 (D. Nev. Oct. 12, 2007)................... 14

In re Grumman Olson Indus., Inc., 329 B.R. 411, 423 (Bankr. S.D.N.Y. 2005)........................... 5

In re Hamilton Taft & Co., 176 B.R. 895, 902 (Bankr. N.D.Cal. 1995) ............................... 12, 13

Hamm v. R.H. Macy & Co., No. 93-cv-1446, 1994 WL 507717, at n.1, (S.D.N.Y. Sept. 13, 1994) ....................................................................................................................................... 8

*Jones v. Goord*, 435 F.Supp.2d 221, 255 (S.D.N.Y. 2006) ....................................................... 10

In re New Era, Inc., 135 F.3d 1206, 1210 (7th Cir. 1998)........................................................... 7

In re Pacific Gas & Elec. Co., 281 B.R. 1, 14-15 (Bankr. N.D. Cal. 2002) ............................... 14

In re Park South Securities, LLC, 326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) ..................... 14

Pope v. Manville Forest Products Corp., 778 F.2d 238, 239 (5th Cir. 1985)............................... 8

Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 118 (2d Cir. 1991)........................... 10

In re Silverman, 42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984)......................................................... 7

Smith v. Arthur Anderson LLP, 421 F.3d 989, 1005-06 (9th Cir. 2005) .................................... 12

St. Paul Fire & Marine Insurance Co. v. Pepsico, Inc., 884 F.2d 688, 703-04 (2d Cir. 1989)..... 14

Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 155 F.Supp.2d 1, 18 (S.D.N.Y. 2001) ....................................................................................................................................................... 11

Williams v. California 1st Bank, 859 F.2d 664, 666-67 (9th Cir. 1988) ...................................... 10

Statutes

11 U.S.C. § 362 ........................................................................................................................ 5, 6, 8

11 U.S.C. § 541 ............................................................................................................................... 4

New York Debtor & Creditor Law § 278 ...................................................................................... 13

Rules

Fed. R. Civ. P. 12 ........................................................................................................................... 7

Treatises

5 Collier on Bankruptcy ¶ 541.08, at 541-44 (15th ed.) ................................................................ 4

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO MOTION TO DISMISS COMPLAINT

Plaintiff Taberna Capital Management, LLC ("Taberna") respectfully submits this memorandum of law pursuant to the Court's Order dated June 18, 2008, as amended (the "Order"), requesting supplemental briefing on the following questions.

## QUESTION NO. 1:   WHAT LAW SHOULD BE APPLIED?

The first question in the Order asks:  "In determining [A] whether the causes of action at issue are property of the bankruptcy estate and [B] whether defendant Dunmore is a party who may raise the issue of the automatic stay before this Court, what jurisdiction's law should be applied?"

### Short Answer to Question No. 1:

A.    The law of Delaware should be applied in determining whether the Third Cause of Action is property of the estate.  The law of either New York or California should be applied in determining whether the remaining four causes of action against the individual defendants are property of the estate.

B.    The law of the Ninth Circuit should be applied in determining whether the individual defendants may raise the issue of the automatic stay before this Court.

### Longer Answer to Question No. 1

### A.    What Law Should Apply to Whether a Cause of Action Is Property of the Estate?

11 U.S.C. § 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  This has been construed to include "causes of action belonging to the debtor at the time the case is commenced."  5 *Collier on Bankruptcy* ¶ 541.08, at 541-44 (15th ed.).  In determining whether a state law cause

of action belongs to the estate, courts look to the applicable state law. "A cause of action is considered property of the estate if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law." *Butner v. United States*, 440 U.S. 48, 54 (1979); *see In re Grumman Olson Indus., Inc.*, 329 B.R. 411, 423 (Bankr. S.D.N.Y. 2005), citing *Breeden v. Kirkpatrick & Lockhart LLP*, 336 F.3d 94, 100 (2d Cir. 2003).

There are five state law causes of action asserted against the individual defendants in the present complaint. As to the claim for breach of fiduciary duty under the Trust Agreement (Third Cause of Action), Delaware law is the applicable law because the Trust Agreement so provides (*see* Complaint Ex. C § 10.05, at p. 58).

As to the remaining four causes of action against the individuals, the two choices of law are: New York (where the harm was suffered, where Dunmore Homes, Inc. was incorporated, and which contractually governs the underlying Note and Indenture); and California (where DHI was incorporated and where the defendants reside). With respect to these claims, Taberna is not aware at this time of any substantive difference between the laws of New York and California on the issue of whether DHI could have raised the claim on its own behalf. Therefore, it appears that either jurisdiction's law is "applicable" to these four claims and, accordingly, either jurisdiction's law should be applied in determining whether these four claims are property of the estate.

**B.     What Law Should Apply to Whether Dunmore May Raise the Automatic Stay?**

The automatic stay is created by 11 U.S.C. § 362(a), which does not provide who may assert a claim or objection with respect thereto. Whether a party may raise the automatic stay is therefore determined by federal court decisions applying § 362. Because there does not appear to be a determinative Supreme Court or Second Circuit case on point, this Court should apply

Ninth Circuit law to this issue – because the automatic stay is emanating from the bankruptcy case filed there.

**QUESTION NO. 2:   DOES DUNMORE HAVE STANDING TO RAISE THE AUTOMATIC STAY?**

The second question in the Order asks:  "[A] Would Dunmore have standing under 11 U.S.C. § 362 to bring suit in bankruptcy court to complain of a violation of the automatic stay? [B] If he would not, would such a lack of standing affect Dunmore's ability to raise a violation of 11 U.S.C. § 362 as grounds for a motion to dismiss in this Court?"

**Short Answer to Question No. 2:**

A.      No.

B.      No.  Independent of his lack of standing in bankruptcy court, Dunmore has no right to raise § 362 as a ground for dismissal in this Court.

**Longer Answer to Question No. 2:**

A.    **Would Dunmore Have Standing to Raise the Automatic Stay in
      Bankruptcy Court?**

Only the debtor, its estate and, in some circumstances, the debtor's creditors have

standing to raise the automatic stay.  *In re Brooks*, 79 B.R. 479, 481 (9th Cir. BAP 1987) ("if the

debtor or the trustee chooses not to invoke the protections of § 362, no other person may attack

any acts in violation of the automatic stay"), *aff'd,* 871 F.2d 89 (9th Cir. 1989); *In re New Era,*

*Inc.*, 135 F.3d 1206, 1210 (7th Cir. 1998) (debtor's insurer could not raise the automatic stay

"since the stay is for the protection of the debtor and its creditors"); *In re Silverman*, 42 B.R.

509, 516 (Bankr. S.D.N.Y. 1984) ("[t]he automatic stay is for the benefit of the debtor and if it

chooses to ignore stay violations other parties cannot use such violations to their advantage")

(citation omitted).

Dunmore is not the debtor, a representative of the estate, or a creditor of the estate.

Accordingly, he has no standing to raise the automatic stay in bankruptcy court.

B.    **Does Dunmore's Lack of Standing in Bankruptcy Court Affect His Ability to Raise
      the Automatic Stay as Grounds for a Motion to Dismiss in This Court?**

Fed. R. Civ. P. 12(b) allows seven enumerated defenses to be raised in a pre-answer

motion to dismiss.  Violation of § 362 is not one of the seven enumerated defenses allowed to be

raised under Rule 12(b).  Therefore, under any circumstances – independent of his lack of

standing in bankruptcy court – Dunmore's pre-answer motion to dismiss based on § 362 has no

basis in the Federal Rules.

Further, even post-answer, assuming *arguendo* Dunmore had standing to raise the

automatic stay – which he does not – Dunmore would have the right, at most, to seek to <u>stay</u> this

action pursuant to this Court's inherent powers, not to dismiss it.  As the Court knows, a

bankruptcy filing often results in the stay of part or all of an action in which the debtor is a party

– but, in that event, <u>even direct claims against the debtor are not dismissed</u>. Rather, such claims are merely stayed, as was the First Cause of Action against DHI in the case at bar. *A fortiori* a claim against a non-debtor should not be dismissed under § 362.

Indeed, as noted in *Hamm v. R.H. Macy & Co.*, No. 93-cv-1446, 1994 WL 507717, at n.1, (S.D.N.Y. Sept. 13, 1994) (Preska, J.), dismissal of claims subject to the automatic stay may violate § 362:

> When a complaint against a debtor is filed before bankruptcy, § 362 serves to stay only the continuation of the suit. The appropriate action in such cases is to place the matter on the suspense docket until the claim is resolved by the bankruptcy court. In those cases, even a *sua sponte* dismissal of a case by a district court may violate the stay. *See Pope v. Manville Forest Products Corp.*, 778 F.2d 238, 239 (5th Cir. 1985) (even a meritless claim must remain on docket pending bankruptcy court's disposition).

In short, there is no authority for dismissal under § 362, and Dunmore has no right to raise § 362 as a ground for dismissal of the claims in the case at bar.[1]

**QUESTION NO. 3:  DOES THE COURT HAVE INDEPENDENT RESPONSIBILITY TO UPHOLD THE AUTOMATIC STAY?**

The third question in the Order asks:   "Does this Court have any independent responsibility to ensure that proceedings before it do not violate the automatic stay?"

**<u>Short Answer to Question No. 3</u>:**

Yes.

---

[1]     Two very good reasons that courts do not dismiss claims subject to the automatic stay are: (1) dismissal would preclude the claimant's right under 11 U.S.C. § 362(d) to ask the bankruptcy court to lift the stay to enable the claimant to continue its claim outside the bankruptcy case; and (2) dismissal could result in the claim being forever barred because the statute of limitations could expire during the pendency of the bankruptcy case.

**Longer Answer to Question No. 3:**

The automatic stay applies to courts. *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 87 (1st Cir. 1998) ("automatic stay applies to appeals courts as well as district courts"). Thus, the Court has an independent responsibility to ensure that proceedings before it do not violate the automatic stay.

**QUESTION NO. 4:    ARE TABERNA'S CLAIMS PROPERTY OF THE ESTATE?**

The fourth question in the Order asks: "[A] What standard applies in determining whether a creditor's cause of action is property of the bankruptcy estate, and [B] under the applicable standard are Taberna's claims property of the estate?"

**Short Answer to Question No. 4:**

A.    The standard is: Whether, at the commencement of the bankruptcy filing, the debtor could have asserted the claim on its own behalf under applicable state law.

B.    Taberna's claims, as limited below, are not property of the estate.

**Longer Answer to Question No. 4:**

**A.    What Standard Applies in Determining Whether a Creditor's Cause of Action Is Property of the Estate?**

The standard for determining whether a cause of action is property of the estate is as follows: "A cause of action is considered property of the estate if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law." *Butner,* 440 U.S. at 54. This issue is often discussed in the context of a bankruptcy trustee's ability to assert the debtor's claim because "[u]nder the Bankruptcy Code the trustee stands in the shoes of the bankrupt corporation and has standing to bring any suit that

the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991) (citations omitted).

If the claim is specific and personal to a creditor, then the debtor or the bankruptcy trustee standing in the shoes of the debtor cannot assert the claim. *See Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 434 (1972) (bankruptcy trustee had no standing to assert claims of misconduct against a third party specific to the holder of the debtor's debentures); *Shearson*, 944 F.2d at 118 ("[i]t is well settled that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself") (citation omitted); *Williams v. California 1st Bank*, 859 F.2d 664, 666-67 (9th Cir. 1988) (applying *Caplin* and denying standing to the bankruptcy trustee to assert a cause of action on behalf of the estate's creditors).

**B.    Are Taberna's Claims Property of the Estate?**

Taberna's claims, as limited below, are not property of the estate because the debtor could not have asserted them on its own behalf at commencement of the bankruptcy case (or at any other time). Rather, they are specific and personal to Taberna. The important aspect of this issue is not whether the debtor could assert a claim similar to Taberna's claims but, rather, whether the debtor could assert on its own behalf the claims that Taberna is asserting in this action.

**1.    Tortious Interference**

Taberna's Second Cause of Action seeks damages for Dunmore's and Kane's tortious interference with the Indenture and Taberna's business relations and prospects. It asserts: "Sidney Dunmore and Kane entered into a conspiracy to defeat, injure, and impede the Holder's rights under the Indenture and its business relations and prospects in relation thereto." Complaint ¶ 17.

Taberna's claim for interference with its specific contract and its specific business relations and prospects is unique and personal to Taberna. Taberna is claiming individualized harm specifically arising out of Dunmore's and Kane's specific interference with the Indenture and Taberna's specific business relations and prospects. Plainly, this is not a claim that the debtor could assert on its own behalf. *See, e.g., In re Eagle Enters., Inc.*, 265 B.R. 671, 680-81 (Bankr. E.D.Pa. 2001) (tortious interference claim not subject to automatic stay).

In addition, one of the elements of a claim for tortious interference is that the contract must have been breached by a party other than the plaintiff. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 155 F.Supp.2d 1, 18 (S.D.N.Y. 2001) ("a plaintiff must allege (i) the existence of a valid contract, (ii) knowledge of the contract on the part of the defendant and intent to induce its breach, (iii) **breach of the contract by a third party**, (iv) causation, and (v) damages suffered as a result thereof") (emphasis added). For this additional reason, the debtor could not assert on its own behalf a claim of tortious interference with the Indenture.

Because DHI could not assert Taberna's claim of Dunmore's and Kane's tortious interference with the Indenture and with Taberna's business relations and prospects, Taberna's Second Cause of Action is not property of the estate.

## 2. Breach of Fiduciary Duty

Taberna's Third Cause of Action seeks damages for Dunmore's breach of fiduciary duty arising out of his capacity as Administrative Trustee under the Trust Agreement (Complaint ¶ 23 & Ex. C) and as a director of DHI when it became insolvent (Complaint ¶ 24). The former is unique and personal to Taberna and could not be asserted by the debtor on its own behalf. It is therefore not property of the estate. The latter asserts a generalized claim applicable to all creditors and therefore is property of the estate. *See Smith v. Arthur Anderson LLP*, 421 F.3d

989, 1005-06 (9th Cir. 2005) (breach of fiduciary duty owed by directors to all creditors upon insolvency is property of the estate).

With respect to Taberna's claim that Dunmore breached his fiduciary duty specifically owing to Taberna under the Trust Agreement, this claim is unique to Taberna because it arises out of Dunmore's specific fiduciary duties owing to Taberna as Administrative Trustee under the Trust Agreement.  Dunmore signed the Trust Agreement in his individual capacity.  There is simply no logical or legal basis for arguing that Taberna's claim against Dunmore individually under the Trust Agreement could be asserted by the debtor on its own behalf.

Accordingly, at a minimum, the part of Taberna's Third Cause of Action based on Taberna's individualized injury arising out of the Trust Agreement is not property of the estate.

### 3.    Aiding and Abetting Fraudulent Conveyance

While titled "fraudulent conveyance," Taberna's Fourth Cause of Action is actually a claim against defendants Dunmore and Kane for aiding and abetting fraudulent conveyance, alleging as follows:  "Sidney Dunmore and Kane, through the foregoing conduct, intentionally and wrongfully hindered and delayed the Holder's rights [under the Indenture]."  Complaint ¶ 30.  Taberna's aiding and abetting claim is recognized as a cause of action separate and independent from an underlying fraudulent conveyance claim.  *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 818 F.2d 240, 250-51 (2d Cir. 1987) ("New York common law recognizes a cause of action for aiding and abetting wrongful diversion of funds"); *In re Hamilton Taft & Co.*, 176 B.R. 895, 902 (Bankr. N.D.Cal. 1995) ("California courts permit a *creditor* to recover civil damages from those who conspire to transfer property of a debtor to hinder, delay, or defraud creditors") (emphasis in original).

Significantly, typical fraudulent conveyance claims are asserted against the transferor or transferee of the conveyance and seek to reverse the conveyance.  *See, e.g.*, New York Debtor &

Creditor Law § 278(a) (allowing a creditor to "[h]ave the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim").  Where, as here, the debtor was a transferor or transferee, such a claim would clearly be property of the estate because it would directly add assets to the transferor's estate or remove assets from the transferee's estate.

In contrast, in the case at bar, the aiding and abetting cause of action is asserted against non-debtors, is specific and personal to Taberna because it rests on the defendants' hindrance of Taberna's specific rights under the Indenture, and cannot be asserted by the debtor on its own behalf.  It is therefore not property of the estate.  *Hamilton Taft*, 176 B.R. at 902 (bankruptcy trustee lacks standing to sue for aiding and abetting fraudulent conveyance).

Accordingly, Taberna's Fourth Cause of Action is not property of the estate.

### 4.    **Alter Ego**

Taberna's Fifth Cause of Action asserts an alter ego claim against Dunmore.  This cause of action, in part, asserts a claim unique and personal to Taberna, and to that extent, the debtor cannot assert the claim on its own behalf.  Specifically, paragraph 35 of the complaint asserts: "Sidney Dunmore used his domination and control of Dunmore Homes to commit wrongs in contravention of the Holder's rights under the Indenture.  Among other wrongs, Sidney Dunmore used his control of Dunmore Homes to cause it to breach the Indenture…."  Complaint ¶ 35. This aspect of the claim could not be asserted by the debtor on its own behalf and is therefore not property of the estate.  *Cf.*, *St. Paul Fire & Marine Insurance Co. v. Pepsico, Inc.*, 884 F.2d 688, 703-04 (2d Cir. 1989) (alter ego claim was property of the estate where the plaintiff had no individualized harm).[2]

---

[2]    *St. Paul* involved a civil action filed <u>after</u> the bankruptcy case was commenced; therefore, the Second Circuit reviewed whether the plaintiff had standing – which is determined on the facts existing at the time a civil action is commenced.  *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994); *Jones v. Goord*, 435 F.Supp.2d 221, 255 (S.D.N.Y. 2006) ("[s]tanding is determined

Accordingly, at a minimum, the part of Taberna's Fifth Cause of Action that alleges individualized injury to Taberna is not property of the estate.

## 5.    <u>Unjust Enrichment.</u>

Taberna's Sixth Cause of Action asserts an unjust enrichment claim against Dunmore and Kane.  It seeks disgorgement of their personal gains derived from their causing DHI to breach the Indenture as follows:  "Plaintiff is entitled to disgorgement by Sidney Dunmore and Kane of all personal benefits obtained by virtue of Dunmore Homes' breaches of the Indenture…." Complaint ¶ 40.

Unlike the unjust enrichment cases cited by Dunmore in support of his motion to dismiss, Taberna's unjust enrichment claim does not allege that the defendants were unjustly enriched by looting the corporate debtor.  *Cf., In re Pacific Gas & Elec. Co.*, 281 B.R. 1, 14-15 (Bankr. N.D. Cal. 2002); *Eddleman v. Thomas*, No. 07-cv-207, 2007 WL 3051261 (D. Nev. Oct. 12, 2007); *In re Park South Securities, LLC*, 326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005).  Instead, the Sixth Cause of Action in the case at bar alleges a claim unique and personal to Taberna arising out of Dunmore's and Kane's personal profit from breaches of the Indenture they caused.

Accordingly, the Sixth Cause of Action is not property of the estate.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants' motions to dismiss should be denied in their entirety, and the Court should not *sua sponte* stay this action.

---

at the time a complaint is filed").  Since the claim in *St. Paul* was found to be property of the estate at the time the civil action was commenced, the Second Circuit ruled that the plaintiff lacked standing.  In contrast, in the case at bar, the present action was commenced before the bankruptcy filing; therefore, based on the facts existing at the time this action was commenced, Taberna plainly had standing even with respect to any aspects of its claims that may be found to be property of the subsequently created estate.  *St. Paul* therefore does not support dismissal of this action.

Dated:  New York, New York
          June 26, 2008

WolfBlock LLP


By: _____/s/_____

          Kenneth G. Roberts (kroberts@wolfblock.com)
          James L. Simpson (jsimpson@wolfblock.com)
250 Park Avenue
New York, NY 10177
(212) 986-1116

Attorneys for Plaintiff Taberna Capital Management, LLC