UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,         :

                Plaintiff,         :      08 Civ. 1817 (JSR)

        - against -          :

SIDNEY B. DUNMORE, MICHAEL A. KANE,       :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                                :

               Defendants.         :

------------------------------------------------------------x

**PLAINTIFF'S REPLY SUPPLEMENTAL BRIEF IN FURTHER
<u>OPPOSITION TO MOTION TO DISMISS COMPLAINT</u>**

**WOLFBLOCK LLP
250 Park Avenue
New York, New York 10177
(212) 986-1116**

**Attorneys for Plaintiff**

# Table of Contents

Table of Contents .................................................................................................................i

Table of Authorities ............................................................................................................ii

QUESTION NO. 1:   WHAT LAW SHOULD BE APPLIED? ................................................. 1

QUESTION NO. 2:   DOES DUNMORE HAVE STANDING TO RAISE THE AUTOMATIC STAY? ........................................................................................................ 2

QUESTION NO. 3:   DOES THE COURT HAVE INDEPENDENT RESPONSIBILITY TO UPHOLD THE AUTOMATIC STAY? .................................................. 3

QUESTION NO. 4:   ARE TABERNA'S CLAIMS PROPERTY OF THE ESTATE? ............ 3

CONCLUSION ................................................................................................................ 6

## **Table of Authorities**

**Cases**

*CarrAmerica Realty Corporation v. Nvidia Corporation*, No. 05-cv-428, 2006 WL 2868979
(N.D. Cal. Sept. 26, 2006) ................................................................................................ 4

*In re Folks*, 211 B.R. 378, 385 (B.A.P. 9th Cir. 1997) ................................................................ 3

*In re Int'l Forex of Cal., Inc.*, 247 B.R. 284 (Bankr. S.D. Cal. 2000) ........................................... 2

*Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 131 (2d Cir. 1993) ...................................... 2

*In re Kroh Bros. Dev. Co.*, 91 B.R. 525 (Bankr. W.D. Mo. 1988) ................................................ 2

*Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995)................................................................. 3

*Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002-03 (9th Cir. 2005)        3

*In re Snyder*, 61 B.R. 268, 270 (Bankr. S.D. Ohio)...................................................................... 4

**Statutes**
11 U.S.C. § 1109............................................................................................................................ 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,           :

                  Plaintiff,           :     08 Civ. 1817 (JSR)

            - against -                :

SIDNEY B. DUNMORE, MICHAEL A. KANE,         :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                                 :

                Defendants.          :

------------------------------------------------------------x

**PLAINTIFF'S REPLY SUPPLEMENTAL BRIEF IN FURTHER
OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Plaintiff Taberna Capital Management, LLC ("Taberna") respectfully submits this reply supplemental memorandum of law in response to Dunmore's supplemental brief dated June 26, 2008, pursuant to the Court's Order dated June 18, 2008, as amended (the "Order").

**QUESTION NO. 1:   WHAT LAW SHOULD BE APPLIED?**

    **A.**   **What Law Should Apply to Whether a Cause of Action Is Property of the Estate?**

Although Dunmore argues that California law should govern this question, it limits its discussion to one claim—alter-ego—and does not argue that a conflict exists between the relevant New York and California law. Therefore, as explained in Taberna's supplemental brief, either New York or California law applies.

    **B.**   **What Law Should Apply to Whether Dunmore May Raise the Automatic Stay?**

Dunmore's papers do not address this question; Taberna relies on its supplemental brief.

NYC:769871.2

1

**QUESTION NO. 2:   DOES DUNMORE HAVE STANDING TO RAISE THE AUTOMATIC STAY?**

  **A. Would Dunmore Have Standing to Raise the Automatic Stay in Bankruptcy Court?**

Dunmore's supplemental brief does not answer this question, stating, "The issue here is not whether Dunmore has standing to raise the issue of the automatic stay[.]"  While Dunmore argues that "Relevant case law … is helpful in underscoring the point that it is completely irrelevant who notifies … the Court of the violation of the automatic stay[,]" he does not cite any case law in support of this proposition, and the nearest cites involve inapposite adversary proceedings seeking damages for violation of the automatic stay commenced in a bankruptcy court by a debtor, *In re Kroh Bros. Dev. Co.*, 91 B.R. 525 (Bankr. W.D. Mo. 1988), and a creditor in a Chapter 11 proceeding, *In re Int'l Forex of Cal., Inc.*, 247 B.R. 284 (Bankr. S.D. Cal. 2000).  *See* 11 U.S.C. § 1109(b) (granting creditors in Chapter 11 proceedings standing to be heard "on any issue").

As set forth in Taberna's supplemental brief, the law is clear that Dunmore has no standing to raise the automatic stay in bankruptcy court.

  **B. Does Dunmore's Lack of Standing in Bankruptcy Court Affect His Ability to Raise the Automatic Stay as Grounds for a Motion to Dismiss in This Court?**

Dunmore also ignores this question.  As set forth in Taberna's supplemental brief, Dunmore's lack of standing to raise the automatic stay in bankruptcy court does not affect his inability to raise the automatic stay as a ground for dismissal in this Court.  There is simply no authority for dismissal under § 362, and Dunmore has no right to raise § 362 as a ground for dismissal of the claims in the case at bar.  Unlike the creditors in *Kalb, Voorhis & Company v. American Financial Corporation*, 8 F.3d 130, 131 (2d Cir. 1993), Taberna commenced this

action *before* DHI sought bankruptcy protection.  Accordingly, *Kalb* does not support dismissal of this action.

**QUESTION NO. 3:   DOES THE COURT HAVE INDEPENDENT RESPONSIBILITY TO UPHOLD THE AUTOMATIC STAY?**

Although the cases cited by Dunmore are not on point, there appears to be no dispute that the Court has independent responsibility to enforce the automatic stay.

**QUESTION NO. 4:   ARE TABERNA'S CLAIMS PROPERTY OF THE ESTATE?**

**A.   What Standard Applies in Determining Whether a Creditor's Cause of Action Is Property of the Estate?**

Dunmore would have this Court proceed to the question of analyzing Taberna's claims without addressing the primary question: whether at the time DHI's bankruptcy proceeding was commenced DHI could have asserted on its own behalf Taberna's causes of action asserted in the present action.  As the Ninth Circuit has explained, the trustee (standing in the shoes of the debtor) may only assert claims alleging an actionable injury to the debtor:

> Although the line between "claims of the debtor," which a trustee has statutory authority to assert, and "claims of creditors," which *Caplin* bars the trustee from pursuing, is not always clear, the focus of the inquiry is on whether the Trustee is seeking to **redress injuries to the debtor itself caused by the defendants' alleged conduct**. *See, e.g., Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995) (explaining that a bankruptcy trustee may sue only to redress injuries to the debtor in bankruptcy).  If the debtor suffered an injury, the trustee has standing to pursue a claim seeking to rectify such injury.  But, "[w]**hen a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party**." *Steinberg*, 40 F.3d at 893.

*Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002-03 (9th Cir. 2005) (emphasis added); *see also In re Folks*, 211 B.R. 378, 385 (B.A.P. 9th Cir. 1997).

### B.      Are Taberna's Claims Property of the Estate?

#### 1.      Tortious Interference

Neither of the cases cited by Dunmore indicate that DHI's estate has a cause of action against Dunmore and Kane for tortious interference with the Indenture and with Taberna's business prospects and relations. *In re Snyder*, 61 B.R. 268, 270 (Bankr. S.D. Ohio), stands for the irrelevant proposition that, as between a debtor and the trustee of his bankruptcy estate, only the trustee may commence actions against third parties for tortious interference. While in *CarrAmerica Realty Corporation v. Nvidia Corporation*, No. 05-cv-428, 2006 WL 2868979 (N.D. Cal. Sept. 26, 2006), the court dismissed a creditor's tortious interference claim for lack of standing,[1] the court's unpublished opinion does not indicate whether the creditor's claims derived from an actionable harm to the debtor. However, one thing is clear from the decision: the court based its decision on the Ninth Circuit's decisions in *Smith*, 421 F.3d at 1002-03, and *Folks*, 211 B.R. at 385, both of which clearly limit the trustee's standing to claims alleging harm to the debtor.

#### 2.      Breach of Fiduciary Duty

Dunmore does not address Taberna's claim against him under the Trust Agreement for breach of fiduciary duty—further demonstrating that the claim belongs solely to Taberna.

---

[1]     A review of the *CarrAmerica* ECF docket appears to indicate that the creditor commenced an adversary proceeding within the debtor's bankruptcy proceeding, and that the reference to the bankruptcy court was later withdrawn. The procedural posture in *CarrAmerica* thus differs greatly from this action, and dismissal there does not support dismissal of Taberna's claims.

### 3. Aiding and Abetting Fraudulent Conveyance

All of the decisions cited by Dunmore are inapposite concerning this claim as they involve claims by creditors seeking the avoidance or reversal of fraudulent transfers – which Taberna does not seek. Rather, as discussed in Taberna's supplemental brief, aiding and abetting fraudulent conveyance is a distinct cause of action that accrues solely to creditors and cannot be asserted by the debtor's estate.

### 4. Alter Ego

As the holdings in *Smith* and *Folks* make clear, the trustee is limited to asserting claims alleging actionable harm to the debtor. As set forth in Taberna's supplemental brief, Taberna's alter ego claim against Dunmore asserts, at least in part, a claim unique and personal to Taberna. Taberna does not allege any harm to DHI, and Dunmore does not argue that DHI was harmed as a result of his conduct; therefore, this claim belongs solely to Taberna and cannot be asserted by the trustee.

### 5. Unjust Enrichment.

Taberna's unjust enrichment claim asserts a claim unique and personal to Taberna arising out of Dunmore's and Kane's personal profit from breaches of the Indenture they caused. Taberna has not alleged any harm to DHI by virtue of the unjust enrichment claim, and Dunmore does not argue that DHI was harmed as a result of his conduct; therefore, under *Smith* and *Folks*, this claim belongs solely to Taberna and cannot be asserted by the trustee.

## **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss should be denied in their entirety, and the Court should not *sua sponte* stay this action.

Dated:  New York, New York
        July 3, 2008

        WOLFBLOCK LLP


By: _____/s/_____
    Kenneth G. Roberts (kroberts@wolfblock.com)
    James L. Simpson (jsimpson@wolfblock.com)
250 Park Avenue
New York, NY 10177
(212) 986-1116

Attorneys for Plaintiff Taberna Capital Management, LLC

NYC:769871.2                   - 6 -