UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : District Court Case No.:<br>08 CV 1817 [JSR] |
| Plaintiff, | : |
| | : ELECTRONICALLY FILED |
| - against - | : |
| | : |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF DUNMORE'S
MOTION TO DISMISS COMPLAINT DUE TO THE AUTOMATIC STAY
OR DUE TO PLAINTIFF'S LACK OF STANDING**

Pursuant to this Court's Order entered on June 19, 2008 (the "Order"), Defendant Sidney B. Dunmore ("Defendant" or "Dunmore"), by his attorneys, hereby files his Supplemental Reply Brief in further support of his Motion To Dismiss the Complaint ("Motion to Dismiss") of Taberna Capital Management, LLC ("Plaintiff" or "Taberna") pursuant to 11 U.S.C. § 362 (based upon application of the automatic stay) and 11 U.S.C. § 541 (based upon Plaintiff's lack of standing to pursue property of the Debtor's bankruptcy estate).

What is readily evident from the Supplemental Brief filed by Taberna in response to the Court's Order is that Taberna is entirely confused about the relevant bankruptcy law and its applicability to the claims for relief pursued by Taberna through this action. Indeed, Taberna's brief is devoid of any case law which would support the unfounded arguments asserted or even Taberna's transparent explanation for why its claims for relief pertain to anything other than

1

generalized injuries, particularly given the language in the Complaint. In a desperate attempt to salvage the complaint, Taberna even goes so far as to re-name one of its claims for relief, pretending that it is something other than what is stated in the Complaint. However even this gamesmanship fails as a matter of law.

Remarkably, none of the law cited throughout Dunmore's initial Motion or in the Supplemental Brief filed June 26, 2008, has been refuted or even addressed by Taberna. Accordingly, there can be no other legal conclusion but that the claims asserted by Taberna against Dunmore are property of the bankruptcy estate of DHI, and as such, cannot proceed before this court as a consequence of the automatic stay imposed by 11 U.S.C. § 362 and where Taberna seeks through this action quintessential property of DHI's bankruptcy estate.

## I.

## DISMISSAL OF THIS ACTION IS APPROPRIATE WHERE TABERNA LACKS STANDING TO PURSUE THE CLAIMS FOR RELIEF IN THE COMPLAINT

Taberna argues that at best, Dunmore could only seek to stay this action, but not dismiss it. However, this is wrong for several reasons. First, the nature of § 362 is automatic, and Dunmore does not need to seek a stay of an action that is already stayed by operation of law. Simply put, Dunmore's standing is not an issue. Taberna's lack of standing to pursue these claims, however, is a critical issue.

Second, the cases cited by Dunmore in his moving papers each provide that in the context of litigation by a Plaintiff, Defendant's motion to dismiss is appropriate where there is an intervening bankruptcy case which divests the Plaintiff of standing to pursue claims which become property of the bankruptcy estate upon the commencement of the bankruptcy case. (See, Kalb, Voorhis & Co. v. American Financial Corporation, 8 F.3d 130, 132-33 (2nd Cir. 1993). Significantly, Kalb, Voorhis & Co. involved virtually identical facts, is directly on point and supports dismissal of the Taberna action.

In Kalb, Voorhis & Co., the holder of debentures issued by a corporation prior to filing its corporate bankruptcy case sued on its own behalf as a creditor of the corporation to impose liability of the debentures on a former controlling stockholder of the corporation, and seeking to pierce the corporate veil between the two. In response to the complaint, defendants moved to dismiss the suit on the grounds that under the governing state law, the bankruptcy trustee had exclusive standing to assert an alter ego suit, which was property of the bankruptcy estate. In Kalb, Voorhis & Co. the district court **dismissed the action for lack of standing**. Kalb, Voorhis & Co. v. American Financial Corporation, 8 F.3d at 131. **On appeal, that decision was affirmed.** Id. at 135. Thus, Taberna's argument that dismissal is not proper is simply wrong as a matter of law, and ignores governing law directly on point.

## II.

## DELAWARE LAW IS NOT APPLICABLE, ALTHOUGH DELAWARE LAW CONFIRMS THAT TABERNA'S CLAIMS FOR RELIEF ARE PROPERTY OF DUNMORE CA'S BANKRUPTCY ESTATE

Without any legal authority for the proposition, Taberna asserts that as to one but not all of the claims for relief asserted in the Complaint, Delaware law applies. Although this assertion is incorrect as a matter of law, because the law of the state of incorporation of Dunmore CA is the law that applies[1], in any event, Delaware law provides that each of the claims for relief asserted in the Complaint are property of Dunmore CA's bankruptcy estate. (See, In re American Pad and Paper, Co., 478 F.3d 546, 556 (Del. 2007)(causes of actions are assets of the bankruptcy estate).

As for why Taberna argues that the claim for breach of fiduciary duty applies Delaware law, is also a mystery, particularly where the gravamen of a breach of fiduciary duty claim goes

---

[1] It is the law of the state of incorporation, in this case, California, that determines when the corporate form will be disregarded and liability will be imposed upon shareholders. Schlumberger Logelco Inc., v. Morgan Equip. Co., 1996 WL 251951 at *3 (N.D. Cal. 1996); Soviet Pan Am Travel Effort v. Travel Committee, Inc., 756 F. Supp. 126, 131 (S.D.N.Y. 1991); Kalb, Voorhis & Co. v. American Fin. Corp., 8 F.3d 130, 132-33 (2d Cir. 1993).

3

to the heart of the corporation's rights against officers, directors and shareholders. Only through what can be construed as "artful" pleading and revisionist history does Taberna now assert that it is seeking to recover from Dunmore for particularized injuries, none of which are described by Taberna in the Complaint, and none of which are distinguished from the general nature of the putative harm suffered by all of the creditors of DHI. Indeed, the re-occurring mantra of Taberna in its Complaint is that the creditors of DHI were harmed by the alleged actions of Dunmore and Kane, to wit: Dunmore and Kane "owed creditors of Dunmore Homes, fiduciary duties to preserve the assets of Dunmore Homes when it became insolvent"[2]; and that Taberna holds rights "as a creditor of Dunmore Homes."[3]

### III.

### FEDERAL LAW APPLIES TO THE AUTOMATIC STAY

It is beyond cavil that federal law mandates immediate, indeed, "automatic" respect for the stay imposed by 11 U.S.C. § 362. Accordingly, there is no question of "standing" when it comes to the automatic stay. A party seeking to take actions which infringe on property of the estate must seek from the applicable bankruptcy court "relief from the automatic stay" before proceeding with those actions. The automatic stay imposed by § 362 is no different than the obligations of stopping at a red light.

Notably, Taberna has not taken this basic step, on the grounds that no one has complained yet, so there must be nothing wrong with it, and in any event, Dunmore has no standing to object even if continuation of this action was a violation of the automatic stay. However this is wrong for a host of reasons, and stands the bankruptcy code on its head. Because the automatic stay is "designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or non- judicial, in nonbankruptcy for [or] against the debtor or effecting property of the estate"[4] Taberna's action is stayed as a matter of law—with or without any

---

[2] See, Complaint at ¶ 24.
[3] See, Complaint at ¶ 30.
[4] Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993).

motion by Dunmore. Separate and apart from this is the fact that Taberna has chosen to ignore the automatic stay. However this is an entirely different issue, and is not relevant to the issues pending before this court. Dismissal of this action is still appropriate.

## VI.

## THE CLAIMS FOR RELIEF ARE
## ALL PROPERTY OF THE DHI BANKRUPTCY ESTATE

Noticeably absent from any of the briefs submitted by Taberna is any case law which supports a finding that the claims for relief in its action are not property of the DHI bankruptcy estate. Instead, Taberna makes the unsupported assertion that, notwithstanding the title of its claims for relief, or the allegations therein, Taberna has suffered particularized injuries which cannot be pursued by the DHI estate. However, no particularized injuries are identified, and there is no basis to find that any of the claims for relief seek remedies for something other than putative generalized injuries of all creditors similarly situated, and not just Taberna.

Remarkably, Taberna goes so far as to recant on the nature of its claim for "fraudulent conveyance" instead claiming that it is actually a claim for "aiding and abetting" a fraudulent conveyance, and not a "fraudulent conveyance." However this is not what is actually pled in the Complaint. Moreover, it begs the question how there can be a claim for "aiding and abetting" where there is no underlying claim of the tort upon which such a claim is based, if in fact the fraudulent conveyance claims is erroneously titled. Taberna is not adding another claim for relief. In its haste to try and salvage its complaint, Taberna has overlooked this fatal defect. The two cases cited by Taberna are not applicable to the facts or circumstances herein but in any event, **do not provides that a claim for aiding and abetting can exist without a fraudulent conveyance claim.**[5],[6] As a matter of law, an aiding and abetting claim requires a finding of an

---

[5] The case cited by Taberna, In re Hamilton Taft & Co., 176 B.R. 895 (Bankr. N.D. Cal 1995) is not on point, although it would appear that it gave Taberna the idea to argue that its fraudulent conveyance action was really intended to be an "aiding and abetting" claim since that is not a claim that the trustee can pursue under 11 U.S.C. § 544. However this misses the point entirely. First, Taberna did not allege a claim for aiding and abetting a fraudulent conveyance; and second, it would still need a judicial finding of a fraudulent conveyance in order to prevail on a claim of

underlying tort. Skillsky v. Lucky Stores, Inc., 893 F.2d 1088 (9th Cir. 1990) (In California, there is no separate tort of civil conspiracy and there is no civil action for conspiracy to commit a recognized tort, unless wrongful act itself is committed and damage results therefrom.)

Taberna's arguments are not supported by either the evidence before this court or the plethora of applicable law cited at length in Dunmore's initial moving papers and the Supplemental Brief. Taberna fails to refute any of this long-standing precedent relative to claims for alter ego, breach of fiduciary duty, unjust enrichment and fraudulent conveyance being quintessential property of the bankruptcy estate. Taberna has done nothing to distinguish its identically titled claims for relief, which underscores the silliness of Taberna's arguments.

V.

## CONCLUSION

For all of the foregoing reasons, the Motion to Dismiss the complaint should be granted.

Dated: July 3, 2008         LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

                            By:      /s/ Beth Ann R. Young
                                Beth Ann R. Young (CA State Bar No. 143945)
                                (Pro Hac Vice)
                                Michelle Sharoni Grimberg (CA State Bar No. 217327) (Pro Hac Vice)
                            10250 Constellation Boulevard, Suite 1700
                            Los Angeles, California 90067
                            Telephone:  (310) 229-1234
                            Facsimile:  (310) 229-1244
                            E-mail: bry@lnbrb.com
                            Attorneys for Defendant Sidney B. Dunmore

---

aiding and abetting. Since Taberna cannot pursue the underlying tort, it is not possible to obtain such a finding and its aiding and abetting claim (if it now seeks to pursue that contrived avenue) fails as a matter of law.

[6] In the other case cited by Taberna, Atlanta Shipping Corp., Inc v. Chemical Bank, 818 F.2d 240 (2d Cir. 1987), the Court dismissed the case, finding that, *inter alia,* Plaintiff failed to sufficiently allege a cause of action for aiding and abetting the wrongful diversion of funds, which in any event required the accomplishment of an illegal scheme under applicable New York law. Atlanta confirms that without a finding of an illegal scheme, there cannot exist a claim for aiding and abetting.

6