```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,    :
                                    :
              Plaintiff,            :    08 Civ. 1817 (JSR)
                                    :
         -v-                        :    MEMORANDUM ORDER
                                    :
SIDNEY B. DUNMORE, MICHAEL A. KANE, :
and DHI DEVELOPMENT f/k/a DUNMORE   :
HOMES, LLC,                         :
                                    :
              Defendants.           :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-08

JED S. RAKOFF, U.S.D.J.

On April 8, 2008, defendant DHI Development, formerly known as Dunmore Homes, LLC, filed for bankruptcy in the Eastern District of California. This case was then stayed as to the corporate defendant. See Memorandum, 5/16/08. Co-defendants Sidney B. Dunmore and Michael A. Kane now move to dismiss the claims against them on the ground that the causes of action brought against them by plaintiff Taberna Capital Managment, LLC ("Taberna") seek recovery of the assets of the bankruptcy estate and are therefore subject to the automatic bankruptcy stay, 11 U.S.C. § 362. Were the Court to reach the merits of the defendants' motion, the Court might well find that some, but not all, of plaintiffs' claims against the individual defendants are subject to the automatic stay. However, the Court need not reach those issues because, under Ninth Circuit law, appropriately applied here, the defendants do not have standing to complain of violations of the automatic stay.[1] See In re Pecan

---

[1] The parties have not pointed to, and the Court is not aware of, any controlling case from the Supreme Court or the Second Circuit. Accordingly, because the bankruptcy at issue

Groves of Ariz., 951 F.2d 242, 245 (9th Cir. 1991) ("[T]he majority of jurisdictions which have considered standing under the automatic stay provision, 11 U.S.C. § 362, have concluded that section 362 is intended solely to benefit the debtor estate.... [I]f the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay...."); In re Globe Inv. & Loan Co., 867 F.2d 556, 560 (9th Cir. 1989) ("The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage.... [S]ection 362 ... clearly does not confer any rights to outside parties.").[2]

Moreover, it may well be that even the Bankruptcy Trustee in the corporate defendant's bankruptcy, who counsel for both sides represent has notice of this action, see transcript, 6/12/08, believes that Taberna's suit does not violate the automatic stay, or that it would be improvident to attempt to separate Taberna's causes of action that may violate the stay from those that may not, or that,

---

here is pending in a bankruptcy court in the Eastern District of California, the Court finds it appropriate to look to Ninth Circuit law. Even if the Court is not bound by Ninth Circuit precedent, the Court finds Ninth Circuit authority persuasive on this issue.

[2] The Court also notes that at least one bankruptcy court in this District has come to a similar conclusion to that reached under Ninth Circuit law. See In re Silverman, 42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984) ("The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage.").

2

should Taberna succeed in the instant case, reducing Taberna's claim to a sum certain will benefit the estate.

Nevertheless, in an excess of caution, the Court will send a copy of this Order directly to the Trustee, Thomas A. Aceituno. If he wishes to be heard on the automatic stay issue, he may submit his position in writing to the Court by no later than July 28, 2008.

If the Trustee does not respond by July 28, 2008, the stay of discovery previously granted by the Court will be automatically lifted on July 29, 2008 at to the claims against the individual defendants, at which point counsel for Taberna and counsel for Dunmore and Kane should jointly prepare and submit to the Court by no later than August 5, 2008 a new proposed case management plan in the Court's Form D that will conclude all such discovery and post-discovery motion practice by no later than January 29, 2009, on which date, at 4 p.m., oral argument on any post-discovery motion, as well as a final pre-trial conference, will be held.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       July 14, 2008