UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TABERNA CAPITAL MANAGEMENT, LLC, | : District Court Case No.:<br>08 CV 1817 [JSR] |
| Plaintiff, | : |
| - against - | : ELECTRONICALLY FILED |
| SIDNEY B. DUNMORE, MICHAEL A. KANE, and DHI DEVELOPMENT f/k/a DUNMORE HOMES, LLC, | : |
| Defendants. | : |

**SIDNEY B. DUNMORE'S RESPONSE TO TRUSTEE'S LETTER BRIEF PER COURT ORDER DATED JULY 25, 2008**

**LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.**
BETH ANN R. YOUNG (State Bar No. 143945) (Pro Hac Vice) (bry@lnbrb.com)
MICHELLE SHARONI GRIMBERG (State Bar No. 217327) (Pro Hac Vice) (msg@lnbrb.com)
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:   (310) 229-1234
Facsimile:    (310) 229-1244
Attorneys for Defendant Sidney B. Dunmore

Defendant Sidney B. Dunmore ("Dunmore"), by his attorneys, hereby submits his Response to Trustee's Letter Brief Per the Court's Order dated July 25, 2008 ("Response Brief"). Dunmore's Response Brief is attached hereto as Exhibit "A".

Dated: August 8, 2008                LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.


By: _____/s/ Beth Ann R. Young_____
    Beth Ann R. Young (CA State Bar No. 143945)
    (Pro Hac Vice)
    Michelle Sharoni Grimberg (CA State Bar No. 217327) (Pro Hac Vice)

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:   (310) 229-1234
Facsimile:   (310) 229-1244

Attorneys for Defendant Sidney B. Dunmore

# EXHIBIT A



LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

LAW OFFICES

August 8, 2008

**VIA FACSIMILE AND FEDERAL EXPRESS**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl St., Room 1340
New York, New York 10007

    Re: <u>Taberna Capital Management, LLC, vs.</u>
      <u>Sidney B. Dunmore et al.</u>, Case No. 08 Civ. 1817 (JSR)

Dear Judge Rakoff:

  We represent Sidney B. Dunmore, a co-defendant in the above-referenced matter ("Dunmore"). Pursuant to this Court's Order entered on or about July 25, 2008, this shall serve as Dunmore's letter in response to the Chapter 7 Trustee's letter brief dated July 25, 2008 ("Trustee's Letter").

**I.**  **SUMMARY**

  What is clear from the Trustee's Letter is that the Chapter 7 Trustee asserts the exclusive right to pursue "***any claim relating to the sale of the assets*** by [Dunmore Homes, LLC, a California corporation ("Dunmore CA") to Dunmore Homes, a New York corporation ("Dunmore NY")], [because they] ***are property of the Chapter 7 Estate***. The precise claim does not matter; if the underlying facts relate to the sale of the assets, it is a claim which belongs to the Chapter 7 Estate. ***All such claims are subject to the automatic stay***." <u>See</u> Trustee's Letter at 1 (emphasis added).

  The point to be emphasized from this clear statement of position, as well as even a cursory review of Taberna's Complaint is that Taberna's claims are founded exclusively on the sale of assets from Dunmore CA to Dunmore NY. Accordingly, all of the claims are property of the Chapter 7 Estate and the Motion to Dismiss should be granted.

  As discussed more fully below, in Dunmore's moving papers, and in the Trustee's Letter, it is axiomatic that all of the causes of action asserted in Taberna's Complaint are assets of the Estate because they relate exclusively to the sale of assets by Dunmore CA to Dunmore NY. Putative injuries arising from that sale, if any, are generalized injuries applicable to all creditors

10250 CONSTELLATION BOULEVARD, SUITE 1700 LOS ANGELES, CALIFORNIA 90067-6200

TEL: 310.229.1234 FAX: 310.229.1244 WEB: WWW.LNBRB.COM E-MAIL: INFO@LNBRB.COM

The Honorable Jed S. Rakoff
August 8, 2008
Page 2



LNBR&B

of Dunmore CA. There is no indication of any "particularized" injury allegedly sustained by Taberna which would permit this action to proceed, whether in whole or in part.

**II.    TABERNA'S CLAIMS CAN ONLY BE ASSERTED BY THE TRUSTEE**

Not surprisingly, the Trustee's arguments are in accord with the position articulated by Dunmore in his moving papers. Simply put, any claim relating to the sale of the assets by Dunmore CA to Dunmore NY are property of the Chapter 7 Estate because it reflects, at best, generalized injuries that can be asserted by any creditor and are simply not unique to Taberna. This is underscored by the allegations in the Complaint.

    **A.    *The Crux of the Claims in Taberna's Complaint is the Sale of the Assets By Dunmore CA to Dunmore NY***

The gravamen of Taberna's Complaint is that the sale of the assets by Dunmore CA to Dunmore NY resulted in damage to Taberna in connection with the Indenture which is now allegedly in default. Consequently, Taberna wants Dunmore and Michael Kane to be held liable for the damages which it has allegedly suffered because of unpaid debt owing by Dunmore CA.

By way of example of the generalized nature of Taberna's alleged injuries, Taberna's Complaint alleges that "[s]ection 8.1 of the Indenture prohibits Dunmore Homes from transferring substantially all of its properties and assets except on certain conditions. See Complaint at 3: ¶12. "[O]n or about September 10, 2007, Dunmore [CA] transferred all of its properties and assets in violation of Section 8.1 of the Indenture." Id. at 3:¶13. Further, "[p]ursuant to Section 5.2 of the Indenture, due to the foregoing defaults of Dunmore [CA], the entire $20,619,000 principal amount of the Note has been declared due and payable immediately. Id. at 3:¶15. At best, this is a breach of contract claim, but in any event is premised upon the sale of Dunmore CA to Dunmore NY, and is not a particularized injury since every creditor of Dunmore CA would be able to assert this same alleged breach of contract claim.

Another example of allegations amounting to only generalized injuries is found in Taberna's claim for Tortious Interference. Specifically: "Sidney Dunmore and Kane entered into a conspiracy to defeat, injure, and impede the Holder's rights under the Indenture and its business relations and prospects in relation thereto. In furtherance of the conspiracy . . . Sidney Dunmore and Kane formed a New York corporation to which they caused Dunmore [CA] to transfer all of its assets in violation of the Indenture." Id. at 3-4:¶17. The point to be emphasized here is that, even in the context of a tort claim that is typically "particularized," the underlying basis of the putative claim is the sale of Dunmore CA to Dunmore NY, and nothing more.

The Honorable Jed S. Rakoff
August 8, 2008
Page 3



Taken to its (il)logical conclusion, every creditor of Dunmore CA could assert a claim for tortious interference based upon a generalized injury which would otherwise be determined to be property of the Chapter 7 Trustee in the Dunmore CA bankruptcy case, simply because they called it a tort. That cannot be the appropriate result. There is no question that all of the claims asserted in the Complaint arise exclusively from the sale of assets from Dunmore CA to Dunmore NY. As noted in the Trustee's Letter, the precise name of the claim does not matter; the relevant focus of analysis is the underlying facts which form the basis of the claim. Here, the underlying facts all relate to the sale of the assets, and as such, are claims which belong to the Trustee. See Trustee's Letter at 1.

  **B.** ***All of the Claims Against Dunmore Are Generalized And Can Only Be Asserted By The Trustee***

Notably, nowhere in the Complaint has Taberna articulated that it has suffered a particularized injury. Rather, all of its allegations illustrate a generalized injury to "all creditors." However, more importantly, not even the briefs filed by Taberna in opposition to the Motion to Dismiss have cited to any legal authority which would support a finding that the claims reflect a particularized injury and no facts have been alleged which would indicate such, either.

Applying this standard to each of the five claims for relief alleged against Dunmore in the Complaint, it is readily evident that such are all generalized claims and constitute property of the bankruptcy estate. The five claims for relief alleged are: (1) alter ego; (2) breach of fiduciary duty; (3) tortious interference with contract; (4) fraudulent conveyance; and (5) unjust enrichment.

  **i.** **The Alter Ego Claim is Property of the Bankruptcy Estate**

As a matter of law, only the trustee has standing to assert claims based upon piercing the corporate veil or alter ego liability, and creditors, such as Taberna, are precluded from pursing those claims unless and until they have been abandoned. See Murray v. Miner, 876 F. Supp. 512, 516-17 (S.D.N.Y. 1995); In re Keene Corp. v. Coleman, 164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994). Both Ninth Circuit law and California law permit a debtor to assert an alter ego claim to pierce its own corporate veil if equity demands, and therefore that claim is property of the estate. In re Davey Roofing, Inc., 167 B.R. 604, 608 (C.D. Cal. 1994); In re Folks, 211 B.R. 378, 385 (B.A.P. 9th Cir. 1997). Since alter ego claims constitute property of the bankruptcy estate, those claims cannot belong to any individual creditor, and thus may not be asserted by individual creditors. Folks, 211 B.R. at 384-85 (citations omitted). "If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action." Id. at 387.

The Honorable Jed S. Rakoff
August 8, 2008
Page 4



##### ii. The Fraudulent Conveyance Claim is Property of the Bankruptcy Estate

Fraudulent conveyance claims are also undisputedly assets of the bankruptcy estate and cannot be pursed by Taberna. In re Serrato, 214 B.R. 219, 226-27 (Bankr. N.D. Cal. 1997) (trustee has standing to bring fraudulent conveyance action because property belongs to estate); In re AP Industries, Inc., 117 B.R. 789, 801 (Bankr. S.D.N.Y. 1990) (fraudulent conveyance action is property of the estate); Whirlpool Corp. v. CIT Group/Business Credit, Inc., 258 F. Supp. 2d 1140, 1146-47 (D. Hawaii 2003) (fraudulent conveyance not particularized injury, but general, so it is property of the estate).

##### iii. The Tortious Interference Claim is Property of The Bankruptcy Estate

California cases have long held that claims for intentional interference are general claims and constitute property of the estate that can only be pursued by the trustee. CarrAmerica Realty Corp. v. Nvidia Corp., 2006 WL 2868979, *3-*4 (N.D. Cal. 2006) (claim for intentional interference with a contract states a claim of harm to the corporation which affects all creditors and is a general claim); In re Snyder, 61 B.R. 268, 270 (Bankr. S.D. Ohio 1986) (trustee has standing to bring tortious interference action on behalf of estate); see also National American Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439 (4th Cir. 1999), cert. denied 528 U.S. 1156 (2000). It bears repeating that the only alleged act by Dunmore is the sale of Dunmore CA to Dunmore NY. There is no action alleged directly at Taberna, and Taberna's alleged economic damages are no different than any other alleged creditor of Dunmore CA.

##### iv. The Breach of Fiduciary Duty Claim is Property of the Bankruptcy Estate

Putative claims against officers and directors for breach of fiduciary duty, as well as claims against the knowing recipients of the fruits of their disloyalty (*i.e.*, putative unjust enrichment claims), are also property of the estate within the meaning of Section 541 of the Bankruptcy Code. Therefore, these claims can only be pursued by the trustee, not Taberna. Smith v. Arthur Andersen LLP, 421 F.3d 989, 1005-06 (9th Cir. 2005) (because fiduciary duty claims involve injury to the debtor, a bankruptcy trustee has standing to pursue them); Keene Corp., 164 B.R. at 853-54 (fiduciary duty action is property of the estate).

The Honorable Jed S. Rakoff
August 8, 2008
Page 5



        **v.**       **The Unjust Enrichment Claim is Property of the Bankruptcy Estate**

The gravamen of a claim for unjust enrichment is that a third party has become enriched at the expense of Debtor such that it stands to reason that all creditors of the Debtor are equally injured through the putative diminution of collateral. Therefore, only the trustee has standing to assert the claim on behalf of the estate in the first instance. In re Pacific Gas & Elec. Co., 281 B.R. 1, *14-*15 (Bankr. N.D. Cal. 2002) (unjust enrichment claim belongs to the estate and only trustee has standing to assert the claim); In re Park South Securities, LLC, 326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) (trustee has standing to bring unjust enrichment action on behalf of estate under section 544 of the Bankruptcy Code); Eddleman v. Thomas, 2007 WL 3051261, *1-*2 (D. Nev. 2007) (unjust enrichment claim is not personal to creditor and is property of the estate).

**III.**      **ALL ACTIONS IN VIOLATION OF THE AUTOMATIC STAY ARE VOID**

The Trustee's Letter ratifies a legal point mentioned in Dunmore's moving papers. Even if Dunmore does not have standing to raise the automatic stay, the automatic stay has a great impact on this case. The majority rule is that all acts in violation of the automatic stay are void. See Kalb v. Feuerstein, 308 U.S. 433, 438-39, 60 S.Ct. 343 (1940); In re Gruntz, 202 F.3d 1074, 1082 (9th Cir. 2000) ("actions taken in violation of the automatic stay are void"). Therefore, if this action proceeds to judgment in violation of the automatic stay, even if the violation is not asserted by the Trustee, the judgment may still be subject to attack on the basis that a judicial act in violation of the automatic stay is void. In re Gruntz, 202 F.3d 1074, 1082 (9th Cir. 2000) *quoting* Phoenix Bond & Indemnity Co. v. Shamblin (In re Shamblin), 890 F.2d 123, 125 (9th Cir. 1989) ("[j]udicial proceedings in violation of th[e] automatic stay are void.")

Thank you for the opportunity to provide you with our additional input on this matter. Please feel free to contact us with any questions that you may have regarding the foregoing.

                                          Very truly yours,

                                          BETH ANN R. YOUNG
                                          LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

cc: Kenneth G. Roberts
    James L. Simpson
    Steve Wagner
    Krista J. Dunzweiler
    Gregory J. Hughes

LNBR&B

**TABLE OF CONTENTS**

I.  SUMMARY ...................................................................................................................1

II. TABERNA'S CLAIM CAN ONLY BE ASSERTED BY THE TRUSTEE....................2

    A.  The Crux of the Claims in Taberna's Complaint is the Sale of the Assets By Dunmore CA to Dunmore NY ...........................................................2

    B.  All of the Claims Against Dunmore Are Generalized And Can Only Be Asserted By The Trustee ........................................................................3

        i.    The Alter Ego Claim is Property of the Bankruptcy Estate ..........3
        ii.   The Fraudulent Conveyance Claim is Property of the Bankruptcy Estate................................................................................................4
        iii.  The Tortious Interference Claim is Property of the Bankruptcy Estate ................................................................................................4
        iv.   The Breach of Fiduciary Duty Claim is Property of the Bankruptcy Estate................................................................................................4
        v.    The Unjust Enrichment Claim is Property of the Bankruptcy Estate ................................................................................................5

III. ALL ACTIONS IN VIOLATION OF THE AUTOMATIC STAY ARE VOID...............5

LNBR&B

## TABLE OF AUTHORITIES

### CASES

In re AP Industries, Inc.,
  117 B.R. 789, 801 (Bankr. S.D.N.Y. 1990) .................................................................. 4

CarrAmerica Realty Corp. v. Nvidia Corp.,
  2006 WL 2868979, *3-*4 (N.D. Cal. 2006) ................................................................. 4

In re Davey Roofing, Inc.,
  167 B.R. 604, 608 (C.D. Cal. 1994) ............................................................................. 3

Eddleman v. Thomas,
  2007 WL 3051261, *1-*2 (D. Nev. 2007) .................................................................... 5

In re Folks,
  211 B.R. 378, 384-5 (B.A.P. 9th Cir. 1997) ................................................................. 3

In re Gruntz,
  202 F.3d 1074, 1082 (9th Cir. 2000) ............................................................................ 5

Kalb v. Feuerstein,
  308 U.S. 433, 438-39, 60 S.Ct. 343 (1940) .................................................................. 5

In re Keene Corp. v. Coleman,
  164 B.R. 844, 852 (Bankr. S.D.N.Y. 1994) .............................................................. 3, 4

Murray v. Miner,
  876 F. Supp. 512, 516-17 (S.D.N.Y. 1995) .................................................................. 3

National American Ins. Co. v. Ruppert Landscaping Co.,
  187 F.3d 439 (4th Cir. 1999), *cert. denied* 528 U.S. 1156 (2000) .............................. 4

In re Pacific Gas & Elec. Co.,
  281 B.R. 1, *14-*15 (Bankr. N.D. Cal. 2002) .............................................................. 5

In re Park South Securities, LLC,
  326 B.R. 505, 514-15 (Bankr. S.D.N.Y. 2005) ............................................................. 5

Phoenix Bond & Indemnity Co. v. Shamblin (In re Shamblin),
  890 F.2d 123, 125 (9th Cir. 1989) ................................................................................ 5

In re Serrato,
  214 B.R. 219, 226-27 (Bankr. N.D. Cal. 1997) ............................................................ 4

LNBR&B

<u>Smith v. Arthur Andersen LLP</u>,
    421 F.3d 989, 1005-06 (9th Cir. 2005) .................................................................................. 4

<u>In re Snyder</u>,
    61 B.R. 268, 270 (Bankr. S.D. Ohio 1986) ............................................................................ 4

<u>Whirlpool Corp. v. CIT Group/Business Credit, Inc.</u>,
    258 F. Supp. 2d 1140, 1146-47 (D. Hawaii 2003) ................................................................ 4