# WolfBlock LLP

250 Park Avenue, New York, NY 10177
Tel: (212) 986-1116 ■ Fax: (212) 986-0604 ■ www.WolfBlock.com

Kenneth G. Roberts
Direct Dial: (212) 883-4914
Direct Fax: (212) 672-1114
E-mail: kroberts@wolfblock.com
Admitted in New York and California

August 8, 2008

**VIA ECF FILING**

Hon. Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007

      Re:    *Taberna Capital Management, LLC*
              *v. Sidney Dunmore and Michael Kane*
              08-cv-1817 (JSR)

Dear Judge Rakoff:

      Pursuant to your Honor's Order dated July 25, 2008, we respectfully submit this letter brief on behalf of plaintiff Taberna Capital Management, LLC ("Taberna") in response to the July 25 letter brief ("Trustee Ltr.") submitted by Thomas Aceituno, Chapter 7 Trustee ("Trustee") for DHI Development, Inc. ("DHI").

      The Trustee's submission contains a sweeping pronouncement that he believes that "any claims relating to the sale of the assets by [DHI] to Dunmore New York ("Dunmore NY") are property of the Chapter 7 Estate." Trustee Ltr. at 2. However, he meticulously avoids addressing Taberna's specific claims in this action. While devoting extensive discussion to general propositions of law and his view of the appropriate course of conduct *if* Taberna's claims are property of DHI's estate, the Trustee does not examine *whether* the particular claims asserted in Taberna's complaint are property of the estate. In this regard, we respectfully refer the Court to our discussion of each of Taberna's specific claims at pp. 7-11 of our Supplemental Brief in Further Opposition to Motion to Dismiss Complaint, dated June 26, 2008 (Docket No. 52), and

NYC:773117.2

Boston, MA ■ Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations - Harrisburg, PA ■ WolfBlock Public Strategies - Boston, MA, New York, NY and Washington, DC
WolfBlock LLP, a Pennsylvania Limited Liability Partnership

Hon. Jed S. Rakoff
August 8, 2008
Page 2

at pp. 4-5 of our Reply Supplemental Brief in Further Opposition to Motion to Dismiss Complaint, dated July 3, 2008 (Docket No. 53).[1]

The Trustee argues that any claims "relating to" DHI's transfer of assets to Dunmore NY are property of DHI's estate—without regard to whether such claims are asserted against third parties (as they are here), or whether DHI could have asserted such claims against Sid Dunmore ("Dunmore") and Michael Kane ("Kane") when DHI filed its bankruptcy petition, which it could not as set forth herein. The Trustee could not have asserted claims against Dunmore and Kane or other third parties because it is contrary to the law controlling the Trustee's power in DHI's bankruptcy. *See Smith v. Arthur Anderson LLP*, 421 F.3d 989, 1002-03 (9th Cir. 2005) ("when a third party has injured not the bankrupt corporation itself but a creditor of that corporation, **the trustee in bankruptcy cannot bring suit against the third party**") (emphasis added); *Butner v. United States*, 440 U.S. 48, 54 (1979) ("[a] cause of action is considered property of the estate if the claim existed at the commencement of the filing **and the debtor could have asserted the claim on his own behalf under state law**") (emphasis added).

First and foremost, Taberna is <u>not</u> seeking to avoid DHI's transfer or to recover from the transferee. From the outset, Taberna has not pursued those claims and concedes that they are property of the estate that only the Trustee may pursue. Yet the other side of the coin is that Section 550 of the Bankruptcy Code limits the Trustee to recovering the value of the transferred assets from <u>only</u> the transferee and the transferee's transferee – neither of which are the subject of Taberna's claims in this action. Specifically, Section 550(a) provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided …, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, **from—**
>
> **(1) the initial transferee** of such transfer or the entity for whose benefit such transfer was made; **or**
>
> **(2) any immediate or mediate transferee** of such initial transferee.

---

[1]   In addition, Taberna respectfully reiterates its prior arguments that (1) its standing as plaintiff in this action is determined as of the time the complaint was filed, (2) Taberna commenced this action prior to DHI's bankruptcy filing, and (3) in the event that the Court determines that any portion of Taberna's claims are property of DHI's estate, such portion should be stayed and not dismissed.

NYC:773117.2

Hon. Jed S. Rakoff
August 8, 2008
Page 3

11 U.S.C. § 550(a) (emphasis added).

Thus, contrary to the Trustee's argument, he does not have the power to pursue Dunmore and Kane in relation to the asset sale other than as the "immediate or mediate transferee[s]" of Dunmore NY—which he does not allege in his submission, and Taberna does not seek in this action. In this regard, in *In re Hamilton Taft & Co.*, 176 B.R. 895 (Bankr. N.D. Cal. 1995), cited in Taberna's Supplemental Brief at p. 9, the court held that the trustee lacked standing to assert an aiding and abetting fraudulent conveyance claim against a third party. The court explained that, while a creditor (like Taberna) may "recover civil damages from those who conspire to transfer property of a debtor to hinder, delay, or defraud creditors, … [a] debtor's bankruptcy trustee, however, is not authorized to pursue every action that creditors of the debtor might pursue." *Id*. at 902.

Here, the Trustee's argument that only he may pursue Taberna's claims in the case at bar is simply irreconcilable with the court's decision in *Hamilton Taft*. His submission does not even attempt to distinguish it. No cause of action could be more "related to" DHI's transfer to Dunmore NY than Taberna's aiding and abetting claim—and this was precisely the type of claim that the *Hamilton Taft* court held that the creditor, not the trustee, could pursue.

Thus, the touchstone for whether Taberna's claims belong to DHI's estate is not, as the Trustee contends, merely whether they are "claims relating to" DHI's transfer to Dunmore NY. Rather, as explained by the Ninth Circuit, "the focus of the inquiry is on whether the Trustee is seeking to redress **injuries to the debtor itself** caused by the defendants' alleged conduct." *Smith*, 421 F.3d at 1002 (emphasis added). *Smith* is another Ninth Circuit decision that the Trustee does not even mention. Nor does he even attempt to argue that any of Taberna's claims seek to redress injuries to DHI.

Significantly, the injuries Taberna seeks to redress in the case at bar (with the exception of the aiding and abetting fraudulent conveyance claim discussed above) are based on the individual defendants' inducement of DHI's transfer of assets in violation of the Indenture – not in violation of fraudulent conveyance law – that caused injuries particular to Taberna. Paragraph 12 of the Complaint states that "**Section 8.1 of the Indenture** prohibits Dunmore Homes from transferring substantially all its properties and assets except on certain conditions." And Paragraph 13 of the Complaint states that "Dunmore Homes **transferred all its properties and assets in violation of Section 8.1 of the Indenture**." (Emphasis added). Thus, unlike all the plaintiffs in all the cases cited by the Trustee, Taberna does not rest its claims on fraudulent conveyance law or other law assertable by all DHI's creditors but, rather, rests its claims on the individual defendants' specific conduct in relation to DHI's specific breach of its specific contract with Taberna.

The Ninth Circuit cases cited by the Trustee are wholly consistent with Taberna's analysis. *See Spirtos v. One San Bernardino County Superior Court Case*, 443 F.3d 1172 (9th

NYC:773117.2

Hon. Jed S. Rakoff
August 8, 2008
Page 4

Cir. 2006) (creditor had no right to bring RICO action on behalf of the Chapter 7 estate); *CBS Inc. v. Folks*, 211 B.R. 378, 387 (9th Cir. BAP 1997) ("[t]o determine whether the action is personalized to an individual creditor or accrues generally to [the estate], the court must look to the [particulars of the] alter ego claim and the injury for which relief is sought").

In *Spirtos*, the Ninth Circuit did not rule on a claim such as Taberna's personalized claims in the case at bar. Rather, it examined a RICO claim brought by the bankrupt's ex-wife that she asserted expressly on behalf of the estate. *Spirtos* stands for the unremarkable principle that "the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Spirtos*, 443 F.3d at 1176. Taberna's analysis herein is consistent with *Spirtos* because Taberna's complaint does not allege claims on behalf of the estate but, rather, claims on behalf of, and personalized to, Taberna.

In *Folks*, the court examined the specific allegations of the alter ego claim asserted by the creditor and found that the creditor alleged only "a general claim" with no "particularized injury" to the creditor. *Folks*, 211 B.R. at 387. The court distinguished between such generalized allegations and the type of particularized allegations Taberna's complaint asserts in the case at bar, holding that an alter ego claim is property of the estate only "insofar as the claim is a general one, with no particularized injury arising from it, which is **based upon injury to the corporate debtor and all its creditors**, rather than a personal claim belonging to any individual creditor." *Id*. at 387-88 (emphasis added).

Here, unlike the creditor's complaint in *Folks*, Taberna's Fifth Cause of Action asserts an alter ego claim unique and personal to Taberna as follows: "Sidney Dunmore used his domination and control of Dunmore Homes to commit **wrongs in contravention of the Holder's rights under the Indenture**. Among other wrongs, Sidney Dunmore used his control of Dunmore Homes **to cause it to breach the Indenture**…." Complaint ¶ 35 (emphasis added). The *Folks* court specifically noted that the trustee is prohibited from bringing such claims: "[T]rustees are prohibited from asserting personal claims on behalf of creditors where the estate has no interest in the claims." *Folks*, 211 B.R. at 386-87. Thus, applying the analysis of the Ninth Circuit in *Spirtos* and *Folks*, Taberna's personalized alter ego claim is not property of the estate and cannot be asserted by the Trustee.

The Second Circuit decisions cited by the Trustee are also wholly consistent with Taberna's analysis herein. *See Kalb, Voorhis & Co. v. American Financial Corp.*, 8 F.3d 130 (2d Cir. 1993) (creditor could not assert alter ego claim alleging "acts by [the debtor] that were not directed at [the creditor] specifically and that harmed all creditors equally"); *In re Colonial Realty Co.*, 980 F.2d 125, 132 (2d Cir. 1992) (creditor could not assert claim against the debtor's transfer<u>ees</u>, but "trustees are prohibited from asserting personal claims on behalf of creditors where the estate has no interest in the claims"); *St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*, 884 F.2d 688, 704 (2d Cir. 1989) (creditor could not assert alter ego claim when "[i]ts injury is not a particular one that can be directly traced to [the defendant's] conduct").

NYC:773117.2

Hon. Jed S. Rakoff  
August 8, 2008  
Page 5

      In the case at bar, in contrast to the claim in *Kalb*, Taberna's complaint asserts an alter ego claim based on acts by the individual defendants that were directed at Taberna specifically and that did not harm all creditors generally. In contrast to the claim in *Colonial*, Taberna's complaint in the case at bar does not assert claims against DHI's transferee (or the transferee's transferee) but, rather, asserts personal claims on behalf of Taberna particularly.[2] And, unlike the plaintiff's harm in *St. Paul*, Taberna's injuries are particular to Taberna, directly traced from the individual defendants' conduct.

      In short, Taberna's claims arise out of non-debtors' specific conduct in relation to Taberna's specific contract and are not assertable by DHI, its general creditors, or the Trustee. Accordingly, the Court should not stay any of the claims in the case at bar.

                                Respectfully submitted,

                                  Kenneth G. Roberts  
                                  For WolfBlock LLP

KGR:spl

cc:    Gregory J. Hughes, Esq. (via email and overnight mail)  
       Beth Ann R. Young, Esq. (via email and ECF)  
       Stephen Wagner, Esq. (via email and ECF)

---

[2] Similarly, the plaintiffs' claims in *National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439 (4th Cir. 1999), were against a <u>transferee</u> of the debtor, which is a type of claim Taberna has never asserted and concedes is owned by a Chapter 7 estate.

NYC:773117.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x
TABERNA CAPITAL MANAGEMENT, LLC,           :

                Plaintiff,           :           08 Civ. 1817 (JSR)

           - against -           :           **CERTIFICATE OF SERVICE**

SIDNEY B. DUNMORE, MICHAEL A. KANE,       :
and DHI DEVELOPMENT f/k/a DUNMORE
HOMES, LLC,                                                        :           Electronically Filed

            Defendants.           :
-------------------------------------------------------------x

      I, James L. Simpson, certify that on this 8th day of August, 2008, I caused the foregoing Letter Brief to be served electronically through the Court's CM/ECF E-filing system on all known counsel of record, and via email and federal express to the following:

> Gregory J. Hughes
> HUGHES & PRITCHARD LLP
> 3017 Douglass Blvd., Suite 300
> Roseville, CA 95661
> greg@hp-llp.com

Executed on August 8, 2008

                               /s/
                         James L. Simpson

NYC:773316.1