UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
TABERNA CAPITAL MANAGEMENT, LLC,          :
                                          :
              Plaintiff,                  :        08 Civ. 1817 (JSR)
                                          :
              -v-                         :        MEMORANDUM ORDER
                                          :
SIDNEY B. DUNMORE, MICHAEL A. KANE,       :
and DHI DEVELOPMENT f/k/a DUNMORE         :    USDC SDNY
HOMES, LLC,                               :    DOCUMENT
                                          :    ELECTRONICALLY FILED
              Defendants.                 :    DOC #:
------------------------------------ x         DATE FILED: 8-27-08

JED S. RAKOFF, U.S.D.J.

        Pursuant to the Memorandum Order dated July 14, 2008 and the

Order dated July 25, 2008, the Court has received a response to its

Memorandum Order from Bankruptcy Trustee Thomas A. Aceituno and

comments on the Trustee's response from the parties.  These

submissions raise only two issues that necessitate discussion beyond

that already contained in the Court's July 14, 2008 Memorandum Order.

        First, the Trustee suggests that, to the extent that any of

the claims of plaintiff Taberna Capital Management ("Taberna") are

properly asserted by the Trustee, Taberna does not have standing to

pursue them.  Standing, however, "is measured as of the time the suit

is brought."  Comer v. Cisneros, 37 F.3d 775, 791 (2d Cir. 1994)

(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4

(1992)); see also Hargrave v. Vermont, 340 F.3d 27, 34 n.7 (2d Cir.

2003).  Taberna has standing based on the allegations set forth on

the face of the complaint,[1] and the bankruptcy proceeding at issue

---

[1] Indeed, neither individual defendant has even suggested
otherwise.

here commenced only after Taberna had already filed suit.
Accordingly, Taberna has standing.

The Trustee also takes the position that the automatic stay
applies to those claims asserted by Taberna that are properly
asserted by the Trustee and that any action of this Court that is
taken in violation of the automatic stay may be void.  The Trustee,
however, has not taken any official action to raise the issue of the
automatic stay and has admitted that he is not yet pursuing any of
the claims that Taberna asserts in this Court.  Further, the
individual defendants do not have standing to raise the issue of the
automatic stay.  See Memorandum Order, 7/14/08.  Accordingly, Taberna
can continue to pursue its claims in this Court regardless of the
automatic stay.  Naturally Taberna, in pursuing its claims in this
forum, assumes the risk that any judgment in its favor may be
challenged collaterally, by an appropriate party, as violative of the
automatic stay and therefore void.

Accordingly, for the reasons stated above and in the
Memorandum Order of July 14, 2008, the individual defendants' motions
to dismiss are denied.  The stay of discovery previously granted by
the Court is lifted, and counsel for Taberna and the individual
defendants are directed to jointly prepare and submit to the Court by
no later than September 2, 2008 a new proposed case management plan
in the Court's Form D that will conclude all discovery and post-
discovery motion practice by no later than March 2, 2009, on which
date, at 4 p.m., oral argument on any post-discovery motion, as well

2

as a final pre-trial conference, will be held.  The Clerk of the

Court is directed to close documents number 35 and 37 in the Court's

docket.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        August 26, 2008